**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
CIVIL MINUTES--GENERAL

**Case No.: SACV 07-1476-CJC(CTx)**          **Date: November 23, 2009**

**Title:**   <u>ABAT, et al. v. JPMORGAN CHASE & CO., et al.</u>
==============================================================
**DOCKET ENTRY:**
==============================================================
**PRESENT:**      Hon. <u>CAROLYN TURCHIN</u>, MAGISTRATE JUDGE

             <u>Deborah Malone</u>            _____
             Deputy Clerk                 Court Reporter

     ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
             None present                          None present

**PROCEEDINGS:**    (ORDER: (1) GRANTING PLAINTIFF'S MOTION TO COMPEL
                   SUPPLEMENTAL WRITTEN RESPONSES FROM DEFENDANT CHASE
                   BANK U.S.A., N.A. ("CHASE"); (2) DENYING REQUEST FOR
                   SANCTIONS WITHOUT PREJUDICE; AND (3) AFFIRMING THAT
                   HEARING SET FOR NOVEMBER 30, 2009, IS TAKEN OFF-
                   CALENDAR)

     The court has received plaintiff Janie J. Abat's third motion
seeking to compel defendant Chase to supplement certain of its
discovery responses, Chase's memorandum in opposition, and Abat's
reply. Notwithstanding the court's prior, clear directives in this
regard, this motion was not submitted in joint stipulation format.
**The parties are advised that any further discovery dispute that does
not comply with the court's orders and the local rules may be
summarily rejected.**

     For the reasons and as set forth below, the court will **GRANT**
Abat's request for supplemental responses and **DENY** the request for
sanctions at this time.

     Abat seeks an order directing Chase to provide supplemental
written responses directed to each contested document request and
interrogatory so it is clear whether or not Chase: (1) has provided
all documents or information responsive to the particular request or
interrogatory or, if not, (2) is asserting a particular objection to
a request or is withholding information based upon a particular
objection.  (<u>See</u> Second Supplemental Declaration of David J. Vendler,
("Vendler Decla."), ¶ 10.)

     In the court's August 27, 2009 order denying Abat's prior motion
to compel, which order is attached as an exhibit, the court suggested
Chase either produce any additional responsive information in its
possession or, if it contended it had already produced all responsive
materials, provide a declaration by a competent witness, signed under
penalty of perjury, attesting to this fact and setting forth what
efforts were made to locate responsive materials.  According to the
submissions before this court, Chase has not provided either
supplemental responses or a declaration, and has indicated its
unwillingness to do either.

The court finds Abat's request, essentially, to be a reasonable one. Accordingly, **within 10 court days of the issuance of this order, Chase shall provide supplemental responses to the contested requests for production and interrogatories.** The supplemental responses shall state, for each request and interrogatory at issue:

(1)   whether Chase is in possession (constructive or actual) of any information responsive to each request or interrogatory that has not already been produced;

(2)   whether Chase is withholding any responsive, or potentially responsive, information based upon a claim of privilege or on some other basis, and the nature of its <u>specific</u> objection or other basis for withholding; and,

(3)   if Chase contends that is not in possession of <u>any</u> responsive documents or information, what efforts were made to locate responsive information.

To the extent Chase asserts a claim of privilege or other protection with respect to production covered by this order, Chase shall also prepare or cause to be prepared and carefully review a privilege log identifying the following **for each document or each portion of a document** for which Chase asserts a claim of privilege or other protection:

a.   the identity and position of its author;
b.   the identity and position of the recipient(s) and any person to whom the protected or privileged information was disclosed;
c.   the date it was prepared or written;
d.   the title and description of the document;
e.   the subject matter addressed described in a manner that, without revealing the information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection;
f.   the purposes for which it was prepared or communicated;
g.   the document's present location;
h.   the specific privilege or other reason it is being withheld; and,
i.   whether the document has been redacted and partial production made. <u>See</u> Fed. R. Civ. Proc. 26(b)(5).

To the extent Chase has located additional responsive documents it intends to produce, it shall do so no later than five days after service of the supplemental responses, unless the parties agree to a different time frame for this production. **To the extent the parties have agreed that a lesser level of supplemental response will resolve the issues in dispute, as it appears from Chase's opposition papers they may have done, (<u>see</u> Supplemental Decla. of Julie S. Stanger, Exs. I, J), the parties may agree <u>in writing</u> to modify the production required by this order in keeping with that prior agreement.**

Although it appears Chase also initially refused to comply with the portion of the court's August 27, 2009 order setting a specific time frame for the parties to discuss electronic discovery, (<u>see</u> exhibit), Abat now represents that Chase complied with its meet and

confer obligations in this regard on November 20, 2009. **The court anticipates that the electronic discovery process will proceed apace and in good faith.**

Chase is advised that all parties are required to follow the Federal Rules, Local Rules, and court orders, and to respond to reasonable discovery requests. **A PARTY FAILING TO DO SO MAY NOT BE HEARD AND MAY ALSO BE SUBJECT TO SANCTIONS.** See Fed. R. Civ. Proc. 37. The court does not believe sanctions are warranted at this time and admonishes the parties that future discovery efforts should be made in good faith. Nonetheless, in the event that any future dispute arises the parties **shall discuss the sanctions request at their good faith meet and confer and, should any dispute remain in the regard, they shall put the dispute in joint stipulation format at the meeting and present it to the court in joint stipulation format.**

Furthermore, in the event the parties are unwilling or unable to resolve ongoing discovery disputes, if any, in a reasonable manner, the court suggests the parties consider retaining a special master for discovery.

Either party may file a motion for reconsideration with the district judge within ten days of the issuance of this order, and if a party does so this order is stayed pending the district judge's ruling. See Local Rule 72-2.

**IT IS SO ORDERED.**

cc:  Judge Carney

Joseph W. Cotchett, Esq.
Niall P. McCarthy, Esq.
Anne Marie Murphy, Esq.
Cotchett, Pitre, and McCarthy
840 Malcolm Road
Burlingame, CA 94010

David J. Vendler, Esq.
Morris Polich & Purdy
1055 W. 7th Street, 24th Floor
Los Angeles, CA 90017

Garrett M. Smith, Esq.
Gary W. Kendall, Esq.
Michie, Hamlett, Lowry, Rasmussen & Tweel
500 Court Square, Suite 300
P.O. Box 298
Charlottesville, VA 22902

Greg Duncan, Esq.
412 East Jefferson St.
Charlottesville, VA 22902

Julie Sorenson Stanger, Esq.
Stephen J. Newman, Esq.
Stroock & Stroock & Lavan LLP
2029 Century Park East, 16th Floor

```
                Los Angeles, CA 90067-3086

                Douglas C Emhoff, Esq.
                Edward Patrick Boyle, Esq.
                Jon-Jamison Hill, Esq.
                Lawrence H. Cooke, II, Esq.
                Venable
                2049 Century Park East, Suite 2100
                Los Angeles, CA 90067
```

**MINUTES FORM 11**                                    **Initials of Deputy Clerk_____**
**CIVIL-GEN**