UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| JANICE J. ABAT ET AL.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHASE BANK USA, N.A., MONEY MANAGEMENT INTERNATIONAL, INC., MONEY MANAGEMENT BY MAIL, INC., and MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,<br><br>    Defendants. | Case No.: SACV 07-01476-CJC(CTx)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO (1) CONDITIONALLY CERTIFY A SETTLEMENT CLASS, (2) PRELIMINARILY APPROVE SETTLEMENT, (3) DIRECT DISTRIBUTION OF CLASS NOTICES, and (4) SET A HEARING FOR FINAL APPROVAL OF CLASS SETTLEMENT** |

**INTRODUCTION**

On December 28, 2007, Plaintiffs Janice J. Abat, Jeanne Rossean, Nancy Wilksen and Erica Hall (collectively "MMI Named Plaintiffs") commenced this action on behalf of themselves and others similarly situated against Defendants Money Management International, Inc., Money Management by Mail, Inc., and Money Management International Financial Education Foundation (collectively "MMI") and Chase Bank

USA, N.A. ("Chase"), alleging violations of the federal Credit Repair Organizations Act ("CROA"), Fair Debt Collection Practices Act ("FDCPA"), as well as state statutory and common law claims. MMI Named Plaintiffs participated in debt management plans ("DMP") administered by MMI, and allege that MMI falsely held itself out as a non-profit organization that would negotiate on behalf of consumers who were behind on their credit card and loan payments to help improve their debt situation and provide debt counseling and other educational services. MMI Named Plaintiffs seek restitution of the fees or voluntary contributions they paid to MMI to cover the cost of setting up their DMPs. MMI Named Plaintiffs now move for conditional class certification for partial settlement of the class claims against MMI, preliminary approval of the partial settlement, approval of class notice, and to set a hearing date for final approval of the partial settlement. MMI joined in the motion. MMI Named Plaintiffs have made a sufficient showing that the requirements of Federal Rule of Civil Procedure 23 are satisfied and the terms of the partial settlement are likely to be fair, adequate and reasonable. MMI Named Plaintiffs' motion is GRANTED.[1]

**BACKGROUND**

MMI Named Plaintiffs are ordinary consumers who enrolled in DMPs to help manage large amounts of credit card and other debt, restore their credit ratings, and lower their interest rates. Ms. Hall enrolled directly in a DMP promoted by MMI after seeing advertisements on television and the internet. (Pls.' Second Am. Compl. ¶ 116.) Ms. Abat, Ms. Rossean, and Ms. Wilksen enrolled in DMPs sponsored by AmeriDebt, (Pls.' Second Am. Compl. ¶¶ 67, 91, 96), which were acquired by MMI in 2004 when AmeriDebt filed for bankruptcy, (Pls.' Second Am. Compl. ¶ 65.) Ms. Abat, Ms.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* FED. R. CIV. P. 78; LOCAL RULE 7-15. Accordingly, the hearing set for November 8, 2010, at 1:30 p.m. is hereby vacated and off calendar.

Rossean and Ms. Wilksen continued to pay MMI for their DMPs. (Pls.' Second Am. Compl. ¶¶ 70, 94, 98.) MMI Named Plaintiffs allege that AmeriDebt and MMI misrepresented to them that they were non-profit tax-exempt organizations and failed to disclose the nature of their relationship with Chase. In addition, MMI Named Plaintiffs allege that AmeriDebt and MMI did not provide the services they promised, did not provide the disclosures required by the CROA, and collected fees in advance in violation of the CROA. (Pls.' Second Am. Compl. ¶¶ 71–90.)

MMI Named Plaintiffs filed this action on December 28, 2007, asserting ten claims against MMI for violations of federal and state law. The proposed partial settlement releases all class members' claims against MMI, but does not release any class members' claims against Chase. The partial settlement also excludes claims by the other named plaintiffs in this suit, Ildiko Nylen, Linda Shakespeare and Shannon Carreiro, and others similarly situated, who did not participate in DMPs administered by MMI.

**ANALYSIS**

MMI Named Plaintiffs seek conditional certification for purposes of the partial settlement of a class pursuant to Federal Rule of Civil Procedure 23(b)(3) that includes "all individuals nationwide who have paid initial or monthly fees and/or made contributions to MMI for a DMP during the Class Period." (McCarthy Decl. Ex. A, at 8:14–16, 13:5–14.) The "Class Period" is from December 28, 2002 through the date of this order granting preliminary approval of the partial settlement. (*Id.* at 8:21–22.) The partial settlement will be binding on all class members who do not opt-out of the settlement by filing a "Qualifying Exclusion form" within the time provided in the joint stipulation for partial settlement. (*Id.* at 13: 5–14.) *See* Fed. R. Civ. P. 23(c)(3).

## I. Certification Requirements of Rule 23

When a plaintiff seeks conditional class certification for purposes of settlement, the Court must ensure that the requirements of Rule 23 are met as if the case were going to be fully litigated. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *In re Gen. Motors Corp. Pick-Up Trick Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 797 (3d Cir. 1995), *cert. denied*, 516 U.S. 824 (1995). Rule 23 contains two sets of requirements for certification of a class. First, Rule 23(a) contains four requirements applicable to all proposed classes: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative party are typical of the claims or defenses of the class (typicality); and (4) the representative party will fairly and adequately protect the interests of the absent class members (adequacy). FED. R. CIV. P. 23(a). Second, the party seeking certification must show that the action falls within one of the three "types" of classes described in the subsections of Rule 23(b). In this case, MMI Named Plaintiffs seek certification pursuant to 23(b)(3), which allows certification if "the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The Court concludes that MMI Named Plaintiffs have presented sufficient evidence to show that the proposed class satisfies the requirements of Rule 23(a) and Rule 23(b)(3).

### A. Numerosity

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." In this case, the number of participants in DMPs administered by MMI

nationwide is estimated to be in the hundreds of thousands, so the numerosity requirement is easily satisfied.

### B. Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." The commonality requirement has been construed permissively, and may be satisfied if plaintiffs show that "class members have shared legal issues by divergent facts or that they share a common core of facts but base their claims for relief on different legal theories." *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1177 (9th Cir. 2007) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1988)). The MMI DMP consumers share significant legal and factual issues because their claims are based on MMI's representations about the DMP services through nationwide advertising campaigns, MMI's collection of fees or voluntary contributions from those who participated in the DMPs, and MMI's failure to disclose required information in connection with the sale of credit repair services. (Pls.' Second Am. Compl. ¶¶ 231–69.) The MMI Named Plaintiffs assert that MMI's conduct violated provisions of CROA, FDCPA, California's Consumer Legal Remedies Act and unfair competition laws, and that MMI breached its fiduciary duty to act in good faith for the benefit for consumers. (Pls.' Second Am. Compl. ¶¶ 289–351.) The Court finds that the commonality requirement is satisfied.

### C. Typicality

Rule 23(a)(3) requires that the "claims and defenses of the representative parties are typical of the claims or defense of the class." Representative claims are "typical" if they are "reasonably coextensive with those of the absent class members; they need not be substantially identical." *Dukes*, 509 F.3d at 1184 (citing *Hanlon*, 150 F.3d at 1020.) Named plaintiffs must be members of the class they represent. *Id.* Here, MMI Named

Plaintiffs participated in DMPs administered by MMI and paid fees to MMI during the "Class Period." MMI Named Plaintiffs allege the same misrepresentations and failures to disclose information as other MMI DMP consumers. In addition, there is no evidence that MMI Named Plaintiffs are subject to any defenses that do not apply to other members of the class. (Pls.' Second Am. Compl. ¶¶ 71–90.) The typicality requirement is satisfied.

### D. Adequacy

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." This factor requires that (1) the proposed representative plaintiffs do not have conflicts of interest with the proposed class, and (2) the plaintiffs are represented by qualified and competent counsel. *Dukes*, 509 F.3d at 1185. The concern in the context of a class action settlement is to ensure that there is no collusion between the defendant, class counsel and class representatives to pursue their own interests at the expense of the interests of the rest of the members of the class. *Staton v. Boeing Co.*, 327 F.3d 938, 958 & n.12 (9th Cir. 2003).

There is no evidence that MMI Named Plaintiffs have any conflicts of interest with the proposed class. MMI Named Plaintiffs have the same incentive as the absent class members to recover the fees paid to MMI and have actively monitored the progress of the litigation. There are no undisclosed side agreements between MMI and MMNI Named Plaintiffs. (McCarthy Decl. ¶ 16.) MMI Named Plaintiffs have also retained counsel with extensive class action litigation experience, (McCarthy Decl. ¶ 18), that have litigated several other claims under the CROA. (Pls.' Mem. P. & A 11:1–8.) Counsel has engaged in extensive discovery over the last two and a half years, including the exchange of over 125,000 documents and the taking of eleven depositions. (McCarthy Decl. ¶ 5.) Therefore the Court finds that the adequacy requirement is satisfied.

### E. Rule 23(b)(3) Requirements

The "predominance" and "superiority" requirements of Rule 23(b)(3) are designed to ensure that a class action achieves economies of time, effort, and expense without sacrificing procedural fairness or bringing about undesirable results. *Amchem*, 521 U.S. at 615. To ascertain whether the "predominance" and "superiority" requirements of Rule 23(b)(3) are satisfied, courts look to: "(A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in a particular forum; (D) the likely difficulties to be encountered in managing a class action." FED. R. CIV. P. 23(b)(3).

"Predominance" overlaps with Rule 23(a)(3)'s commonality requirement, but it is a more demanding inquiry. *Hanlon*, 150 F.3d at 1019. The "main concern in the predominance inquiry . . . [is] the balance between individual and common issues." *In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009). In this case, the common issues to be resolved significantly outweigh the individual questions. The common issues include MMI's business practices, specifically the representations that MMI made in its advertising and sales of credit repair services, including holding itself out as a non-profit, the collection of fees or voluntary contributions, and the failure to disclose certain information, whether those business practices violated the CROA, the FDCPA and California state law, whether MMI breached a fiduciary duty owed to consumers, whether class members have sustained damages as a result of these practices and the proper measure of those damages. The only individual questions are the amounts of fees that each individual paid to MMI and thus the amount of damages to which each individual is entitled, which does not defeat a class certification. *See Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975).

A class action may be superior "[w]here classwide litigation of common issues will reduce litigation costs and promote greater efficiency." *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1234 (9th Cir. 1996). It is also superior when "no realistic alternative" to a class action "exists." *Id.* at 1234–35. Here, individual class members do not have a strong stake in the litigation because the fees that each person paid to MMI amount to only a few hundred dollars. *See Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights.") It would be grossly inefficient to litigate the thousands of claims individually, especially where the only individual question is the amount of fees each individual paid to MMI. In light of the small amount of each individual's claims, and the fact that many participants in DMPs are likely still struggling to pay off debts and unable to finance their own lawsuits, there is no realistic alternative to a class action. Moreover, because MMI has records from which it can identify current and former MMI consumers as well as the amount of fees paid by each consumer, a class action would not likely to be difficult to manage. The Court finds that the predominance and superiority requirements of Rule 23(b)(3) are also satisfied.

## II. Fairness of Proposed Partial Settlement

MMI Named Plaintiffs seek preliminary approval of the proposed partial settlement with MMI. Rule 23(e) "requires the district court to determine whether a proposed settlement is fundamentally fair, reasonable, and accurate." *Staton*, 327 F.3d at 959 (quoting *Hanlon*, 150 F.3d at 1026). To determine whether this standard is met, a district court must consider a number of factors, including "'the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and

views of counsel; . . . and the reaction of the class members to the proposed settlement." *Id.* (citing *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)). At the preliminary approval stage, a full "fairness hearing" is not required; rather the inquiry is whether the settlement "appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007).

Having reviewed the negotiation process and the substantive terms of the proposed partial settlement, the Court finds no obvious deficiencies or grounds to doubt the fairness of the settlement. MMI Named Plaintiffs and MMI have engaged in extensive discovery to exchange information about the strengths and weaknesses of each other's case. (McCarthy Decl. ¶ 5.) The parties began settlement negotiations in February 2008, which culminated in two formal mediation sessions overseen by Hon. Edward A. Infante (Ret.) on May 6 and June 10, 2010. (McCarthy Decl. ¶ ¶ 6–7.) Given the large number of class members and allegations of ten different claims, the fact that the litigation has already lasted nearly three years, and the risk that plaintiffs might not recover anything from MMI after protracted litigation, settlement offers substantial benefits to both sides.

The substantive terms of the partial settlement agreement also suggest that the settlement is reasonable on its face. In exchange for class members' release of all claims against MMI, the settlement provides for a gross settlement amount of $6.5 million, to be distributed among members of the class pro rata according to the amount of fees each member paid to MMI. (McCarthy Decl. Ex. A, at 14, 16.) Class members whose fee payments cannot be ascertained from MMI's records will receive an amount based on the average of existing records for all class members and the number of months the member's DMP was active. (McCarthy Decl. Ex. A, at 16.) No member of the MMI consumer class shall be entitled to receive more than $500, except for the MMI Named

Plaintiffs. (McCarthy Decl. Ex. A, at 17.). Each of the MMI Named Plaintiffs will receive enhancement payments of $5000, subject to court approval. (McCarthy Decl. Ex. A, at 14.) The settlement agreement also provides for attorneys' fees of up to 25 percent of the gross settlement amount, or a total of $1,625,000, subject to court approval. The Ninth Circuit has recognized that under the common fund doctrine, where attorneys' fees are paid from a common fund awarded to the entire class, twenty-five percent is a reasonable percentage of recovery to be dedicated to attorneys' fees. *See Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 273 (9th Cir. 1989). Given the size of the fee award, counsel should submit substantial evidence to justify the requested award of attorneys' fees.

At this stage, the Court concludes that the proposed partial settlement is sufficiently fair and adequate on its face to warrant distribution of notice to the class members. The Court's final judgment on the fairness and adequacy of the settlement amount will be reserved until the fairness hearing after class members have had an opportunity to object.

**III. Notice of Proposed Partial Settlement**

MMI Named Plaintiffs also seek approval of their proposed form and manner of notice of the settlement to absent class members. Rule 23(c)(2)(B) provides that the court must direct to class members the "best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Under the terms of the settlement, MMI will bear the costs of providing notice to absent class members. (McCarthy Decl. Ex. A, at 20.) Notice will be mailed and emailed to the last known addresses of all former MMI customers whose names, addresses and email addresses are reasonably available and will be inserted in regular monthly billing statements and emailed to existing MMI customers. In addition, and

MMI's option, the information will be made available through visits to the consumer's online account information. (McCarthy Decl. Ex. A, at 21–24.)

The notice must "clearly and concisely state, in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues or defenses; (iv) that the class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." FED. R. CIV. P. 23(c)(2)(B).   The amended proposed notice forms and request for exclusion forms satisfy these requirements.  (Stipulation Am. Class Notice Forms Ex. A, B, C, Nov. 3, 2010.)  The Court directs that notice be distributed to the class members according the terms and timeline provided in the settlement agreement.

**CONCLUSION**

For the foregoing reasons, the Court conditionally certifies an opt-out class of all consumers who participated in DMPs administered by MMI between December 28, 2002 and November 4, 2010. The Court also preliminarily approves the proposed partial settlement agreement submitted by the parties, subject to any objections that may be made by class members and a final approval by the Court after a fairness hearing. The Court directs MMI to send out the proposed notices of settlement, together with the exclusion forms, to all class members no later than 60 days after the date of this order. The Court will hold a hearing on final approval of the settlement on Monday, February 28, 2011, at 1:30 p.m.

DATED: November 4, 2010

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE