DOUGLAS C. EMHOFF (SBN 151049)
demhoff@venable.com
JENNIFER LEVIN (SBN 252420)
jlevin@venable.com
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

LAWRENCE H. COOKE (*Admitted Pro Hac Vice*)
lhcooke@venable.com
EDWARD P. BOYLE (*Admitted Pro Hac Vice*)
epboyle@venable.com
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th floor
New York, New York 10020
Telephone:   (212) 307-5500
Facsimile:   (212) 307-5598

Attorneys for Defendant
Money Management International, Inc.
formerly known as Money Management
By Mail, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARRIERO; NANCY WILKSEN; ERICA HALL; on behalf of themselves and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE BANK USA, N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY MANAGEMENT BY MAIL, INC.; and MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,<br><br>Defendants. | CASE NO.  8:07-cv-1476-CJC (ANx)<br><br>*Assigned to the Hon. Cormac J. Carney*<br><br>**STIPULATION TO CORRECT INACCURACIES IN PARTIAL SETTLEMENT NOTICES** |

1

LA: 290951/53068-254998

WHEREAS, on October 1, 2010, plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, and Shannon Carreiro (collectively, "Plaintiffs") filed a Notice of Motion And Memorandum Of Points And Authorities In Support Of Motion For Preliminary Approval Of Partial Settlement Of Class Claims With The MMI Defendants, Conditional Class Certification For Partial Settlement, And Approval Of Class Notice to obtain Court approval of a settlement with defendant Money Management International, Inc., formerly known as Money Management By Mail, Inc. ("MMI," and together with Plaintiffs, the "Settling Parties") (the "Motion For Preliminary Approval") (Docket No. 275);

WHEREAS, a proposed long form notice and a proposed short form notice were attached to the Motion For Preliminary Approval as Exhibit A (the "Notices") (Docket No. 275-3);

WHEREAS, on November 4, 2010, this Court granted Plaintiffs' Motion For Preliminary Approval (Docket No. 282);

WHEREAS, on December 2, 2010, MMI's counsel notified Plaintiff's counsel of certain issues in the Notices;

WHEREAS, only approximately 2,700 notices, or less than 1% of the Notices had been issued at that point;

WHEREAS, the Settling Parties met and conferred and agreed to modify the following inaccuracies in the Notices;

WHEREAS, the original data provided by MMI estimated that it had in excess of 350,000 customers who had entered into debt management plans after December 28, 2002;

WHEREAS, in paragraph B of the short form notice and in paragraph III.A of the long form notice, it states that there are approximately 315,000 class members;

WHEREAS, in preparing and confirming Class Member Information to be provided to the class administrator, MMI discovered through a review of its data that

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

2

LA: 290951/53068-254998

1  there are approximately 415,000 class members, not 315,000 class members as stated in

2  the Notices;

3      WHEREAS, the Settling Parties agree that the Notices should be modified to

4  reflect that there are approximately 415,000 class members, and over 99% of the

5  notices have not yet been sent;

6      WHEREAS, in paragraph III.C of the long form notice it states that, if all class

7  members were to participate in the settlement, the average recovery for each class

8  member would be approximately $14.90.  This statement is based on a settlement fund

9  of approximately $4,700,000 and total of 315,000 class members, not 415,000 class

10  members;

11      WHEREAS, the Settling Parties agree that, based on the revised number of class

12  members (approximately 415,000), paragraph III.C of the long form notice should state

13  that if all class members were to participate in the settlement, the average recovery for

14  each class member would be approximately $11.31;

15      WHEREAS, the Settling Parties drafted the Notices before the Court scheduled

16  the hearing on final approval of the settlement, paragraph III.C of the long form notice

17  states that payments to participating class members should be distributed to class

18  members by February or March of 2011;

19      WHEREAS, the Court has since scheduled the hearing on final approval of the

20  settlement for February 28, 2011;

21      WHEREAS, because the hearing on final approval of the settlement is scheduled

22  for February 28, 2011, it is not likely that the payments will be distributed to

23  participating class members by February or March of 2011, the Settling Parties agree

24  that paragraph III.C of the long form notice should be revised to state that payments

25  should be distributed to class members within 45 days of the settlement effective date.

26      WHEREAS, paragraph III.D of the long form notice inaccurately states that a

27  preliminary approval hearing was conducted on November 8, 2010, the Settling Parties

28

STIPULATION (8:07-CV-1476-CJC)

LA: 290951/53068-254998

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1  agree that paragraph III.D should be modified to state that the Court considered the

2  SETTLEMENT and entered an Order preliminarily approving the SETTLEMENT on

3  November 4, 2010.  The preliminary approval is not a final determination;

4       WHEREAS, the Settling Parties apprised defendant Chase Bank USA, N.A.

5  ("Chase") of the proposed modifications to the Notices and Chase asserted no

6  objections (the Settling Parties together with Chase, the "Parties");

7       WHEREAS, for the Court's convenience, redlined copies of the short form and

8  long form settlement notices containing the proposed modifications are attached hereto

9  as Exhibit A and Exhibit B, respectively;

10      WHEREAS, for the Court's convenience, clean copies of the short form and long

11  form settlement notices are attached hereto as Exhibit C and Exhibit D, respectively.

12      IT IS HEREBY STIPULATED, by and between the Parties, through their

13  respective counsel of record, that the Notices submitted with the Motion For

14  Preliminary Approval (Docket No. 275-3), are withdrawn and replaced with Exhibits C

15  and D hereto.

16

17  Dated:  December 10, 2010          VENABLE LLP
                                        DOUGLAS C. EMHOFF
18                                      LAWRENCE H. COOKE
                                        EDWARD P. BOYLE
19                                      JENNIFER LEVIN

20
                                        By: /s/ Jennifer Levin
21                                          JENNIFER LEVIN
                                            Counsel for Defendant
22                                          Money Management International, Inc.
                                            formerly known as Money
23                                          Management By Mail, Inc.

24  Dated:  December 10, 2010          GARRETT M. SMITH, PLLC

25
                                        By: /s/ Garrett Smith
26                                          GARRETT M. SMITH
                                            (*Admitted Pro Hac Vice*)
27                                          Counsel for Plaintiffs

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

4

LA: 290951/53068-254998

1  Dated:  December 10, 2010          STROOCK & STROOCK & LAVAN LLP
2                                      JULIA B. STRICKLAND
                                       STEPHEN J. NEWMAN
3                                      LUCAS A. MESSENGER

4                                      By: /s/ Stephen Newman
5                                          STEPHEN J. NEWMAN
                                           Counsel for Defendant
6                                          Chase Bank USA, N.A.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

5

STIPULATION (8:07-CV-1476-CJC)

# EXHIBIT A

**IMPORTANT CLASS ACTION SETTLEMENT INFORMATION ENCLOSED**

<u>THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. KEEP IT AND READ IT CAREFULLY.</u>

In September 2010, a settlement was reached to partially end a proposed class action brought by Janice Abat and other consumers against Money Management International, Inc. ("MMI") and others ("*Abat* Case"). The U.S. District Court for the Central District of California has ordered this notice to be sent you because MMI administered a debt management plan ("DMP") for you, and you paid it fees or contributions between December 28, 2002 and November 4, 2010. <u>You are not being sued.</u>

**A.   What Is The Abat Case About?** Plaintiffs allege DMPs included credit repair services covered by the federal Credit Repair Organizations Act ("CROA"); that MMI and other CCAs did not operate like a true not for profit, and that certain activities violated CROA and/or benefited certain financial institutions.  MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization.  MMI further asserts that by its terms the Credit Repair Organizations Act did not apply to MMI.  The *Abat* Case only seeks restitution of your fees and contributions, not your payments to creditors.  Chase Bank U.S.A., N.A., ("Chase") also was sued in the *Abat* Case; certain claims against Chase are released in the partial settlement, but others are not.  Chase denies all the claims asserted against it.

**B.   What Are The Settlement Terms?**  <u>The parties to the settlement agree that these are disputed claims and Defendants deny all wrongdoing.</u>  Due to the uncertainty and risks of litigation, Class Counsel recommend this Settlement.  MMI agreed to settle the claims by paying the estimated ~~315~~415,000 Class Members $6.5 million.  Class Members who do not exclude themselves will automatically receive a pro rata share and will be deemed to have released MMI of all claims, and to have released Chase relating to any payments it received through a DMP while it was administered by MMI.  You will be deemed to have released other financial institutions with respect to payments they received from your MMI DMP if the claim was alleged in *Abat*.  Plaintiffs' claims against Chase based on its dealings with other credit counseling agencies are not released and are not part of the Settlement.

**C.   What If I Want More Information Or Do Not Want to Participate?** If you want more information, visit the www.abatclass.com web site or call (888) 813-7480.  If you don't want to participate, download and mail an Exclusion form, or write to the Claims Administrator stating that you want to exclude yourself.  Your mailing must be postmarked before February 17, 2011, and mailed to Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

**D.   What's My Share, Who Pays Me and When?**  After attorneys' fees, costs and class representative enhancements, the Settlement fund will hold approximately $4.7 million which will be divided pro rata among all Settlement Class Members based on the amount of fees they actually paid or contributed to MMI.  It is not possible to know the amount of anyone's payment at this time.  We expect to issue payments in spring 2011.

**E.   How Do I Object?** You can file an objection setting forth your reasons why the proposed settlements shouldn't be approved.  It must: (a) be signed under penalty of perjury, (b) state your reasons for objecting; (c) name any attorney you expect to represent you; (d) be postmarked before February 17, 2011, (f) be addressed to (i) Clerk, U.S. District Court, Central District of California, with copies to (ii) Abat Class Counsel, Niall McCarthy, Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA  94010, and (iii) Lawrence H. Cooke, Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, 25th Floor, New York, New York 10020.

**F.   When and Where Is There A Hearing?** There will be a fairness and adequacy hearing on February 28, 2011 in Courtroom 9B, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 at 1:30 p.m., before the Hon. Cormac J. Carney, to decide objections, and whether the proposed settlements are fair, reasonable, adequate, and in the best interests of the class, and to approve Plaintiffs' counsel's fees, costs and the class representatives enhancements.  Updates will be available at the www.abatclass.com.

**G.   For More Information.** All public filings in the *Abat* Case are available at your expense at the Court's web site: http://www.cacd.uscourts.gov/ under Case No. SACV07-1476-CJC (ANx). Click on "PACER" and follow the instructions as to how to download pleadings. Do not contact the defendants, the Court, the Clerk or the Judge about this litigation. They are not permitted to answer your questions.

# EXHIBIT B

**THIS NOTICE MAY AFFECT YOUR RIGHTS. READ IT CAREFULLY.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Case No. SACV07-1476-CJC (ANx)**

**NOTICE AND SUMMARY OF PARTIAL CLASS ACTION SETTLEMENT**

**Benefitting Consumers Who Paid Fees Or Contributed to MMI/Money Management International from December 28, 2002 Through November 4, 2010**

## I.  ABOUT THE LAWSUIT

> The Abat plaintiffs alleged against MMI: MMI debt management plans ("DMPs") included improper credit repair services prohibited by the federal Credit Repair Organizations Act; MMI did not operate like a tax-exempt, not-for-profit; MMI statements that it is a not-for-profit were false; and MMI's activities improperly benefited financial institution creditors. MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization.  MMI further asserted that by its terms the Credit Repair Organizations Act did not apply to MMI.  The Abat Case only seeks reimbursement or restitution of your fees and contributions.  It does not affect your payments to creditors.

### A.  Who Filed the Case and Who Is It Against?

On December 28, 2007, the plaintiffs, JANICE ABAT, JEANNE ROSSEAN, NANCY WILKSEN and others started a purported class action lawsuit in the United States District Court for the Central District of California against Defendants Money Management International, Inc. and Money Management By Mail, Inc. (collectively, "MMI") and others.  ABAT, ROSSEAN and WILKSEN were later joined in their claims against MMI by ERICA HALL (who will together be referred to as the INDIVIDUAL PLAINTIFFS or the CLASS REPRESENTATIVES).

### B.  Who Else is Involved?

MMI and certain other entities that are identified in the complaint but not named as defendants (the "DW CCAs") are alleged to have extended private benefit to Chase Bank U.S.A., N.A. (hereafter "CHASE").  CHASE denies these allegations.  The allegations pertaining to the relationships and payments among the DW CCAs and CHASE are not included in the SETTLEMENT.

In September 2010, the INDIVIDUAL PLAINTIFFS and MMI agreed to end the case against MMI, and part of the case against CHASE under a written agreement called a SETTLEMENT.  This partial settlement will resolve all claims against MMI as well as any financial institution (such as CHASE) that received payments via MMI pursuant to a DMP.  You received this notice and are a CLASS MEMBER because records show you paid fees or contributions after December 28, 2002 under a DMP administered by MMI.  You are therefore affected by the SETTLEMENT.

## C.   What's the Case About?

Plaintiffs alleged that MMI operated like a for-profit organization, that it was in the business of credit repair but failed to follow the requirements of the Credit Repair Organizations Act (CROA) and that it was improperly collecting debts due to FINANCIAL INSTITUTIONS.  Plaintiffs further alleged that MMI's close relationship with FINANCIAL INSTITUTIONS caused it to fail to act with complete candor towards consumers, thereby violating fiduciary duties it owed to them.  Plaintiffs further alleged that MMI was a debt collector within the meaning of the Fair Debt Collection Practices Act, and failed to disclose that status to consumers, and otherwise misrepresented itself to them.  Plaintiffs further alleged that the foregoing business practices of MMI violated California's Unfair Competition Law and its Consumers Legal Remedies Act.  This is a summary of the legal claims against MMI in *Abat*, all of which are detailed in the Second Amended Complaint, which you may review at the www.abatclass.com website.

MMI and CHASE denied all of these allegations.  MMI asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization, and MMI asserted that the terms of CROA do not apply to it because it did not provide credit repair and because it was a tax exempt, not for profit organization.  CHASE has asserted, among other defenses, that Plaintiffs' claims are time-barred by applicable statutes of limitations.

## II.  ABOUT THE SETTLEMENT

This Notice and Summary of Class Action Settlement (the "NOTICE") is intended to place you on notice of the SETTLEMENT, to briefly summarize its terms in understandable language, and to advise you of your rights under it.  The SETTLEMENT is detailed in a document called Joint Stipulation of Partial Class Action Settlement and Release.  You may obtain a copy of this document and certain other case-related materials free of charge from the CLAIMS ADMINISTRATOR by calling (888) 813-7480 or on the internet at www.abatclass.com.

### A.   Why Is There A Settlement?

The Court did not conduct a trial and did not determine whether the claims being settled were valid.  Instead, to avoid the risk and expense of a trial, the settling parties have agreed to terms of settlement that CLASS COUNSEL believe are fair, reasonable and adequate to the classes.  Under the terms of the SETTLEMENT, the Plaintiffs will receive a recovery, but it is impossible to know whether the recovery is greater or lesser than what they might have obtained at trial.

### B.   What Should I Do With My Post Card or Email Notice?

> If you received a post card or email notice of this case with a unique Class Member Identification Number, then you are automatically treated as a Class Member.  Keep the Class Member Identification Number for future reference.

All Class Members should be sent a short post card notice or email notice with a unique CLASS MEMBER IDENTIFICATION NUMBER.  If you were incorrectly identified as a CLASS MEMBER because you never paid money to MMI after December 28, 2002, please notify the CLAIMS ADMINISTRATOR, or simply file an EXCLUSION FORM.

### C.   Who Are The Class Members  and Who Gets Paid in the Settlement

> "Class Members" are all individuals nationwide who have paid initial or monthly fees and/or made contributions to MMI for DMP services at any time from December 28, 2002 through November 4, 2010.  Class Members who don't exclude themselves become Settlement Class Members and will participate in the Settlement automatically.

### D.  Who Represents the Class

In addition to Ms. ABAT, Ms. ROSSEAN, Ms. WILKSEN and Ms. HALL, who are acting as representatives of consumers, the following attorneys seek to be designated as "CLASS COUNSEL":

(1) Niall McCarthy, Esq. and Ann Marie Murphy, Esq. of Cotchett Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010. (2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017. (3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017.

(3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(4) Gary W. Kendall, Esq., MichieHamlett, Attorneys at Law, 500 Court Square, Suite 300, P.O. Box 298, Charlottesville, VA 22902-0298.

(5) Garrett M. Smith, Esq., Garrett M. Smith, PLLC, 100 Court Square Annex, Suite A, Charlottesville, VA 22902.

### E.  How Does This Affect Me?

> If we don't hear from you excluding yourself, you will automatically be included in the Settlement, and you will automatically receive your share of the Settlement, if the court approves it (and if the address we have for you is still valid).

If you are a CLASS MEMBER and do not exclude yourself, you will be considered a member of the SETTLEMENT CLASS.  You may show these materials to an attorney if you wish, but you do not need to do that just to get paid.  If your present address is different from the address at which MMI last contacted you, or if it will change in the future, make sure you provide an address for mail forwarding by the CLAIMS ADMINISTRATOR at:  Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

### F.  Where Did You Get Your Information About Me?

As part of the SETTLEMENT, MMI has prepared a list of all persons eligible to be CLASS MEMBERS, and agreed to deliver this notice to you if you are an existing client.  If you are a former DMP client, it provided the information confidentially to the CLAIMS ADMINISTRATOR so that it could contact you.  MMI is also in possession of information relating to the fees and/or contributions you paid to MMI, which will be used to calculate your share of the proceeds.

## III.  SUMMARY OF THE PROPOSED SETTLEMENT

### A.  What Does the Settlement Pay Out, and to Whom?

The SETTLEMENT AGREEMENT provides that MMI will pay the estimated ~~315~~415,000 Class Members $6.5 million to settle and compromise the Class Members' claims for reimbursement or restitution of their fees and/or contributions.  This is referred to as the GROSS SETTLEMENT AMOUNT.

CLASS COUNSEL anticipate requesting reimbursement of $160,000 in costs they have incurred, plus $5,000 for each of the four CLASS REPRESENTATIVES, plus 25% of the GROSS SETTLEMENT AMOUNT as their fee.

It is therefore anticipated that approximately $4,695,000 will be available for payment to the SETTLEMENT CLASS MEMBERS.  This is referred to as the NET SETTLEMENT AMOUNT.  The division of the NET SETTLEMENT AMOUNT pro rata among the SETTLEMENT CLASS MEMBERS will be performed by the CLAIMS ADMINISTRATOR.

Exhibit B
Page 9

> You release (1) all claims against MMI regarding your DMP and the claims in the *Abat* case; and (2) your claims against Chase or any other Financial Institution with respect to payments Chase or the other Financial Institution received under the DMP and through MMI (however, if you had a DMP with one of the DW CCAs, your claims against Chase relating to that CCA are not released), and (3) your claims against other Financial Institutions with respect to payments they received under your DMP administered by MMI if the claim was alleged in *Abat*.

## B.  What Am I Giving Up, and What Am I Getting?

As a member of the SETTLEMENT CLASS, you will be bound by the terms and by any judgment entered as a result of the SETTLEMENT, and will be permanently prevented from making any of the claims released in this matter at any time in the future.  You will be deemed to have released (1) MMI "from all matters, events, causes or things whatsoever arising out of, relating to or in any way connected with (a) a debt management plan with MMI . . .; and (b) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that are or could have been alleged in the litigation against the MMI Defendants"; and (2) CHASE "from any and all claims, actions, and causes of action, known or unknown, arising from payments it received from members of the MMI SETTLEMENT CLASS pursuant to DMPs administered by MMI; however, regarding those SETTLEMENT CLASS MEMBERS who became MMI customers as a result of MMI's acquisition of DMPs from the bankruptcy estate of AmeriDebt, Inc. this release extinguishes only claims against CHASE arising from facts and circumstances that occurred during the time MMI administered those DMPs and specifically excludes those claims that arose before the transfer of the DMPs to MMI", and (3) any other FINANCIAL INSTITUTIONS from any and all "claims, actions, and causes of action arising from payments they received from members of the . . . SETTLEMENT CLASS pursuant to DMPs administered by MMI during the Class period that were specifically alleged by the . . . Plaintiffs in the Second Amended Complaint filed in this action.  This release specifically excludes all claims that arose before the transfer of AmeriDebt's DMPs to MMI."  Certain Plaintiffs also assert claims against CHASE relating to DMPs administered by certain other credit counseling agencies, but these claims are not part of the SETTLEMENT, no class has been certified in regard to these claims, and these claims have been denied by CHASE. These claims will not be released.

In exchange, you will receive your share of the proceeds of the SETTLEMENT FUND for your share of the NET SETTLEMENT AMOUNT.

## C.  Who Will Pay Me, How Much, and When?

> (1) If you are a former client of MMI, then the Claims Administrator will send you your share of the recovery. (2) If you are a current client of MMI, then MMI will send you your share of the recovery in cash or in credits towards your DMP in MMI's discretion, but the amount of your recovery will be determined by the Claims Administrator and will not change.
>
> Only the Claims Administrator can calculate the payments.  This will be done until after January 15, 2011.  Payments should be distributed by the Claims Administrator ~~in February-March 2011~~ within 45 days of the Settlement Effective Date.

It is impossible to determine the value of individual recoveries at this time, since it is unknown how many SETTLEMENT CLASS MEMBERS the parties will be able to locate.  In the unlikely event that all CLASS MEMBERS were to participate, the average recovery would be approximately $~~14.90~~11.31.

The above estimate reflects average payments only.  **Your payment will be calculated based on MMI's data[1] indicating the sum of any initial payment to MMI plus all of your monthly payments of fees and contributions to MMI, divided by the total all such fees and contributions made by all consumers to MMI during the CLASS PERIOD, and adjusted by the number of SETTLEMENT CLASS MEMBERS.**  Your payment will not include or be based upon any portion of your payments to MMI that were paid to your creditors by MMI. If a SETTLEMENT CLASS MEMBER'S initial fee or contribution plus all monthly fees or contributions is greater than those of a second

---

[1] If MMI lacks records of either an initial fee and/or contributions amount or the total monthly fees and/or contributions, then the CLAIMS ADMINISTRATOR will (1) review the SETTLEMENT CLASS MEMBER's contract and the number of months the DMP was active, and if unsuccessful, then will (2) apply the average of existing records for all CLASS MEMBERS for the missing payment/contribution information.

SETTLEMENT CLASS MEMBER, the first will receive somewhat more than the second.   The precise amount of your payment will be calculated by the CLAIMS ADMINISTRATOR, and will not be known until it has all of the necessary information. Distributions will be capped at $500.

### D.   Has The Settlement Been Approved In Any Way?

~~On November 8, 2010, a preliminary approval hearing was conducted at which t~~The Court considered the SETTLEMENT. The Court and entered an Order preliminarily approving the SETTLEMENT on November 4, 2010.  The preliminary approval is not a final determination.

On February 28, 2011, a fairness and adequacy HEARING will be conducted by the Court.   At that hearing, the Court will give final consideration to the SETTLEMENT and to any objections it receives.   After the fairness and adequacy HEARING, the Court will issue an order that will finally approve or disapprove the SETTLEMENT subject to any appeal.

### E.   What If I Was Not Mailed a Post Card or Email Notice?

Anyone who does not receive a postcard or email with a CLASS MEMBER IDENTIFICATION NUMBER but who believes that he or she should be a CLASS MEMBER, must mail evidence and information to the CLAIMS ADMINISTRATOR demonstrating why he or she should be included in the SETTLEMENT.   Such information must be signed "under penalty of perjury" and must include the claimant's name, address, the dates during which the claimant had a DMP with MMI, and the amounts that the individual claims was paid in (1) initial and/or (2) monthly fees and/or contributions.

### F.   What Do Class Counsel Think of the Settlement?

CLASS COUNSEL consider the SETTLEMENT to be in the best interests of consumers like you.   While CLASS COUNSEL believe in the merits of the case, there are substantial risks in every trial, and MMI has substantial defenses that CLASS COUNSEL cannot overlook.   CLASS COUNSEL believe the SETTLEMENT fairly and adequately accounts for the chances of success and the risks of loss in the litigation.

## IV. WHAT HAPPENS NEXT?

### A.   There Will Be A Hearing on the Fairness of the Settlement

The next event in this class action is a fairness and adequacy hearing for the Court's consideration of the SETTLEMENT and CLASS COUNSEL's motion for fees. The Court has ordered that the final fairness and adequacy hearing (the "HEARING") will be held on February 28, 2011 at 1:30 p.m. (or such other time as the Court may, without further notice, direct), in Courtroom 9B, at the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable Cormac Carney. The purpose of the HEARING will be to finally determine whether the proposed SETTLEMENT are: fair, reasonable, adequate, and in the best interests of the CLASS MEMBERS. The Court will also determine at that hearing the fees that reasonably should be awarded from the SETTLEMENT fund to CLASS COUNSEL.

You may check for updates on the timing and the results of the HEARING at www.abatclass.com.

### B.   Do I Need to Come to Court or Hire a Lawyer?

No. You do not need to appear at this hearing unless you want to object to the settlement. If the settlement is finally approved, a judgment will be entered dismissing the claims against all of the Defendants on the merits and with prejudice.  You do not need to hire a lawyer to receive your share of the settlement.

### C.   What If I Disagree With The Settlement?

If you don't want to be in the SETTLEMENT, you may file an EXCLUSION FORM (which is attached), or provide your CLASS MEMBER IDENTIFICATION NUMBER and address in a signed writing mailed to the CLAIMS ADMINISTRATOR requesting exclusion and postmarked on or before February 17, 2010.

If you disagree with the terms of the SETTLEMENT or have some other reason for objecting to it, you may appear at the HEARING to object to the terms of the SETTLEMENT. However, CLASS MEMBERS who wish to object **must file a written objection with the Court concerning Case No. SACV07-1476-CJC (ANx) to Clerk, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, postmarked on or before Febuary 17, 2011, and must serve the objection** on CLASS COUNSEL and on MMI's attorneys in the case.    Late-filed objections will not be considered.    MMI's attorneys are:

| | |
|---|---|
| Douglas C. Emhoff, Esq. | Lawrence H. Cooke, Esq. |
| VENABLE LLP | Edward P. Boyle, Esq. |
| 2049 Century Park East, Suite 2100 | VENABLE LLP |
| Los Angeles, California 90067 | Rockefeller Center |
| | 1270 Avenue of the Americas, 25th Floor |
| | New York, New York 10020 |

Any objections to the SETTLEMENT should begin with the following statement: "I object to the proposed settlement in the MMI Class Action" and must state the factual and legal basis for the objection. All objections must also state the objector's name and address.  If you file a timely written objection and have not previously requested exclusion, you may appear at the HEARING in person or through an attorney at your own expense.  If you hire an attorney, your objection should so state and identify your attorney.

### D.   Class Counsel's Claim for Attorneys fees.

At the fairness and adequacy HEARING, CLASS COUNSEL will move for reimbursement of $160,000 in costs they have incurred, plus $1,625,000 (or 25% of the GROSS SETTLEMENT AMOUNT) as their fee.  MMI has agreed not to oppose this requested fee.  The law requires that in a class action, a claim for an award of attorneys' fees must be made by a motion at a time set by the Court and approved by the Court. The same is true of a claim for costs that will not be borne by the defendant. You are therefore entitled to this notice of the motion. You are also entitled to object to the motion.

### E.   What Happens if the Court Approves the Settlement?

#### 1.  *You will become entitled to your pro rata share of the settlement fund.*

If the Court finally approves the settlement and you have not excluded yourself from the class, then you will be entitled to receive your share of the SETTLEMENT fund without any further action on your part (and if your address is still valid).

#### 2.  *You will be deemed to have released MMI and any and all Financial Institutions for all Claims arising from your MMI DMP.*

You will be deemed to have forever released MMI from all claims relating to its DMP, and to have released CHASE relating to any payments it received through a DMP while it was administered by MMI. You will be deemed to have released other financial institutions with respect to payments they received from your MMI DMP if the claim was alleged in Abat.  If you are from California, you will also be held to have expressly waived the provisions of California Civil Code §1542 which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

6

**F.    How Do I Learn More?**

You may inspect the Second Amended Complaint, and all of the other papers filed in this lawsuit at your cost by electronic means. The Court's web site is at http://www.cacd.uscourts.gov/. Click on PACER and follow the instructions as to how to download pleadings. Certain select pleadings are available without cost at www.abatclass.com for updates and frequently asked questions.

**DO NOT CALL OR PERSONALLY CONTACT THE COURT ABOUT MATTERS SET FORTH IN THIS NOTICE.**

Dated:  November 4, 2010

By:_____

Garrett M. Smith *(Admitted Pro Hac Vice)*
**GARRETT M. SMITH, PLLC**
100 Court Square, Suite A
Charlottesville, VA 22902

Gary W. Kendall *(Admitted Pro Hac Vice)*
**MICHIE HAMLETT ATTORNEYS AT LAW**
500 Court Square, Suite 300
Charlottesville, VA 22902

David J. Vendler, (SBN 146528)
**MORRIS POLICH & PURDY LLP**
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017

Joseph W. Cotchett (SBN 36324)
Niall P. McCarthy (SBN 160175)
Anne Marie Murphy (SBN 202540)
**COTCHETT, PITRE & MCCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010

Gregory Duncan *(Admitted Pro Hac Vice)*
**LAW OFFICES OF GREGORY DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902

***ATTORNEYS FOR PLAINTIFFS***

**EXHIBIT C**

**IMPORTANT CLASS ACTION SETTLEMENT INFORMATION ENCLOSED**

<u>THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. KEEP IT AND READ IT CAREFULLY.</u>

In September 2010, a settlement was reached to partially end a proposed class action brought by Janice Abat and other consumers against Money Management International, Inc. ("MMI") and others ("*Abat* Case"). The U.S. District Court for the Central District of California has ordered this notice to be sent you because MMI administered a debt management plan ("DMP") for you, and you paid it fees or contributions between December 28, 2002 and November 4, 2010. <u>You are not being sued.</u>

**A.   What Is The Abat Case About?** Plaintiffs allege DMPs included credit repair services covered by the federal Credit Repair Organizations Act ("CROA"); that MMI and other CCAs did not operate like a true not for profit, and that certain activities violated CROA and/or benefited certain financial institutions. MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization. MMI further asserts that by its terms the Credit Repair Organizations Act did not apply to MMI. The *Abat* Case only seeks restitution of your fees and contributions, not your payments to creditors. Chase Bank U.S.A., N.A., ("Chase") also was sued in the *Abat* Case; certain claims against Chase are released in the partial settlement, but others are not. Chase denies all the claims asserted against it.

**B.   What Are The Settlement Terms?** <u>The parties to the settlement agree that these are disputed claims and Defendants deny all wrongdoing.</u> Due to the uncertainty and risks of litigation, Class Counsel recommend this Settlement. MMI agreed to settle the claims by paying the estimated 415,000 Class Members $6.5 million. Class Members who do not exclude themselves will automatically receive a pro rata share and will be deemed to have released MMI of all claims, and to have released Chase relating to any payments it received through a DMP while it was administered by MMI. You will be deemed to have released other financial institutions with respect to payments you received from your MMI DMP if the claim was alleged in *Abat*. Plaintiffs' claims against Chase based on its dealings with other credit counseling agencies are not released and are not part of the Settlement.

**C.   What If I Want More Information Or Do Not Want to Participate?** If you want more information, visit the www.abatclass.com web site or call (888) 813-7480. If you don't want to participate, download and mail an Exclusion form, or write to the Claims Administrator stating that you want to exclude yourself. Your mailing must be postmarked before February 17, 2011, and mailed to Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

**D.   What's My Share, Who Pays Me and When?** After attorneys' fees, costs and class representative enhancements, the Settlement fund will hold approximately $4.7 million which will be divided pro rata among all Settlement Class Members based on the amount of fees they actually paid or contributed to MMI. It is not possible to know the amount of anyone's payment at this time. We expect to issue payments in spring 2011.

**E.   How Do I Object?** You can file an objection setting forth your reasons why the proposed settlements shouldn't be approved. It must: (a) be signed under penalty of perjury, (b) state your reasons for objecting; (c) name any attorney you expect to represent you; (d) be postmarked before February 17, 2011, (f) be addressed to (i) Clerk, U.S. District Court, Central District of California, with copies to (ii) Abat Class Counsel, Niall McCarthy, Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, and (iii) Lawrence H. Cooke, Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, 25th Floor, New York, New York 10020.

**F.   When and Where Is There A Hearing?** There will be a fairness and adequacy hearing on February 28, 2011 in Courtroom 9B, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 at 1:30 p.m., before the Hon. Cormac J. Carney, to decide objections, and whether the proposed settlements are fair, reasonable, adequate, and in the best interests of the class, and to approve Plaintiffs' counsel's fees, costs and the class representatives enhancements. Updates will be available at the www.abatclass.com.

**G.   For More Information.** All public filings in the *Abat* Case are available at your expense at the Court's web site: http://www.cacd.uscourts.gov/ under Case No. SACV07-1476-CJC (ANx). Click on "PACER" and follow the instructions as to how to download pleadings. Do not contact the defendants, the Court, the Clerk or the Judge about this litigation. They are not permitted to answer your questions.

Exhibit C
Page 14

# EXHIBIT D

**THIS NOTICE MAY AFFECT YOUR RIGHTS. READ IT CAREFULLY.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Case No. SACV07-1476-CJC (ANx)**

**NOTICE AND SUMMARY OF PARTIAL CLASS ACTION SETTLEMENT**

**Benefitting Consumers Who Paid Fees Or Contributed to MMI/Money Management International from December 28, 2002 Through November 4, 2010**

## I. ABOUT THE LAWSUIT

> The Abat plaintiffs alleged against MMI: MMI debt management plans ("DMPs") included improper credit repair services prohibited by the federal Credit Repair Organizations Act; MMI did not operate like a tax-exempt, not-for-profit; MMI statements that it is a not-for-profit were false; and MMI's activities improperly benefited financial institution creditors. MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization. MMI further asserted that by its terms the Credit Repair Organizations Act did not apply to MMI. The Abat Case only seeks reimbursement or restitution of your fees and contributions. It does not affect your payments to creditors.

### A. Who Filed the Case and Who Is It Against?

On December 28, 2007, the plaintiffs, JANICE ABAT, JEANNE ROSSEAN, NANCY WILKSEN and others started a purported class action lawsuit in the United States District Court for the Central District of California against Defendants Money Management International, Inc. and Money Management By Mail, Inc. (collectively, "MMI") and others. ABAT, ROSSEAN and WILKSEN were later joined in their claims against MMI by ERICA HALL (who will together be referred to as the INDIVIDUAL PLAINTIFFS or the CLASS REPRESENTATIVES).

### B. Who Else is Involved?

MMI and certain other entities that are identified in the complaint but not named as defendants (the "DW CCAs") are alleged to have extended private benefit to Chase Bank U.S.A., N.A. (hereafter "CHASE"). CHASE denies these allegations. The allegations pertaining to the relationships and payments among the DW CCAs and CHASE are not included in the SETTLEMENT.

In September 2010, the INDIVIDUAL PLAINTIFFS and MMI agreed to end the case against MMI, and part of the case against CHASE under a written agreement called a SETTLEMENT. This partial settlement will resolve all claims against MMI as well as any financial institution (such as CHASE) that received payments via MMI pursuant to a DMP. You received this notice and are a CLASS MEMBER because records show you paid fees or contributions after December 28, 2002 under a DMP administered by MMI. You are therefore affected by the SETTLEMENT.

## C.   What's the Case About?

Plaintiffs alleged that MMI operated like a for-profit organization, that it was in the business of credit repair but failed to follow the requirements of the Credit Repair Organizations Act (CROA) and that it was improperly collecting debts due to FINANCIAL INSTITUTIONS. Plaintiffs further alleged that MMI's close relationship with FINANCIAL INSTITUTIONS caused it to fail to act with complete candor towards consumers, thereby violating fiduciary duties it owed to them. Plaintiffs further alleged that MMI was a debt collector within the meaning of the Fair Debt Collection Practices Act, and failed to disclose that status to consumers, and otherwise misrepresented itself to them. Plaintiffs further alleged that the foregoing business practices of MMI violated California's Unfair Competition Law and its Consumers Legal Remedies Act. This is a summary of the legal claims against MMI in *Abat*, all of which are detailed in the Second Amended Complaint, which you may review at the www.abatclass.com website.

MMI and CHASE denied all of these allegations. MMI asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization, and MMI asserted that the terms of CROA do not apply to it because it did not provide credit repair and because it was a tax exempt, not for profit organization. CHASE has asserted, among other defenses, that Plaintiffs' claims are time-barred by applicable statutes of limitations.

## II.  ABOUT THE SETTLEMENT

This Notice and Summary of Class Action Settlement (the "NOTICE") is intended to place you on notice of the SETTLEMENT, to briefly summarize its terms in understandable language, and to advise you of your rights under it. The SETTLEMENT is detailed in a document called Joint Stipulation of Partial Class Action Settlement and Release. You may obtain a copy of this document and certain other case-related materials free of charge from the CLAIMS ADMINISTRATOR by calling (888) 813-7480 or on the internet at www.abatclass.com.

### A.   Why Is There A Settlement?

The Court did not conduct a trial and did not determine whether the claims being settled were valid. Instead, to avoid the risk and expense of a trial, the settling parties have agreed to terms of settlement that CLASS COUNSEL believe are fair, reasonable and adequate to the classes. Under the terms of the SETTLEMENT, the Plaintiffs will receive a recovery, but it is impossible to know whether the recovery is greater or lesser than what they might have obtained at trial.

### B.   What Should I Do With My Post Card or Email Notice?

> If you received a post card or email notice of this case with a unique Class Member Identification Number, then you are automatically treated as a Class Member. Keep the Class Member Identification Number for future reference.

All Class Members should be sent a short post card notice or email notice with a unique CLASS MEMBER IDENTIFICATION NUMBER. If you were incorrectly identified as a CLASS MEMBER because you never paid money to MMI after December 28, 2002, please notify the CLAIMS ADMINISTRATOR, or simply file an EXCLUSION FORM.

### C.   Who Are The Class Members  and Who Gets Paid in the Settlement

> "Class Members" are all individuals nationwide who have paid initial or monthly fees and/or made contributions to MMI for DMP services at any time from December 28, 2002 through November 4, 2010. Class Members who don't exclude themselves become Settlement Class Members and will participate in the Settlement automatically.

### D.  Who Represents the Class

In addition to Ms. ABAT, Ms. ROSSEAN, Ms. WILKSEN and Ms. HALL, who are acting as representatives of consumers, the following attorneys seek to be designated as "CLASS COUNSEL":

(1) Niall McCarthy, Esq. and Ann Marie Murphy, Esq. of Cotchett Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA  94010. (2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017. (3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017.

(3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(4) Gary W. Kendall, Esq., MichieHamlett, Attorneys at Law, 500 Court Square, Suite 300, P.O. Box 298, Charlottesville, VA 22902-0298.

(5) Garrett M. Smith, Esq., Garrett M. Smith, PLLC, 100 Court Square Annex, Suite A, Charlottesville, VA 22902.

### E.  How Does This Affect Me?

> If we don't hear from you excluding yourself, you will automatically be included in the Settlement, and you will automatically receive your share of the Settlement, if the court approves it (and if the address we have for you is still valid).

If you are a CLASS MEMBER and do not exclude yourself, you will be considered a member of the SETTLEMENT CLASS.  You may show these materials to an attorney if you wish, but you do not need to do that just to get paid.  If your present address is different from the address at which MMI last contacted you, or if it will change in the future, make sure you provide an address for mail forwarding by the CLAIMS ADMINISTRATOR at:  Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

### F.  Where Did You Get Your Information About Me?

As part of the SETTLEMENT, MMI has prepared a list of all persons eligible to be CLASS MEMBERS, and agreed to deliver this notice to you if you are an existing client.  If you are a former DMP client, it provided the information confidentially to the CLAIMS ADMINISTRATOR so that it could contact you.  MMI is also in possession of information relating to the fees and/or contributions you paid to MMI, which will be used to calculate your share of the proceeds.

## III.  SUMMARY OF THE PROPOSED SETTLEMENT

### A.  What Does the Settlement Pay Out, and to Whom?

The SETTLEMENT AGREEMENT provides that MMI will pay the estimated 415,000 Class Members $6.5 million to settle and compromise the Class Members' claims for reimbursement or restitution of their fees and/or contributions. This is referred to as the GROSS SETTLEMENT AMOUNT.

CLASS COUNSEL anticipate requesting reimbursement of $160,000 in costs they have incurred, plus $5,000 for each of the four CLASS REPRESENTATIVES, plus 25% of the GROSS SETTLEMENT AMOUNT as their fee.

It is therefore anticipated that approximately $4,695,000 will be available for payment to the SETTLEMENT CLASS MEMBERS.   This is referred to as the NET SETTLEMENT AMOUNT.  The division of the NET SETTLEMENT AMOUNT pro rata among the SETTLEMENT CLASS MEMBERS will be performed by the CLAIMS ADMINISTRATOR.

> You release (1) all claims against MMI regarding your DMP and the claims in the *Abat* case; and (2) your claims against Chase or any other Financial Institution with respect to payments Chase or the other Financial Institution received under the DMP and through MMI (however, if you had a DMP with one of the DW CCAs, your claims against Chase relating to that CCA are not released), and (3) your claims against other Financial Institutions with respect to payments they received under your DMP administered by MMI if the claim was alleged in *Abat*.

## B.  **What Am I Giving Up, and What Am I Getting?**

As a member of the SETTLEMENT CLASS, you will be bound by the terms and by any judgment entered as a result of the SETTLEMENT, and will be permanently prevented from making any of the claims released in this matter at any time in the future.  You will be deemed to have released (1) MMI "from all matters, events, causes or things whatsoever arising out of, relating to or in any way connected with (a) a debt management plan with MMI . . .; and (b) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that are or could have been alleged in the litigation against the MMI Defendants"; and (2) CHASE "from any and all claims, actions, and causes of action, known or unknown, arising from payments it received from members of the MMI SETTLEMENT CLASS pursuant to DMPs administered by MMI; however, regarding those SETTLEMENT CLASS MEMBERS who became MMI customers as a result of MMI's acquisition of DMPs from the bankruptcy estate of AmeriDebt, Inc. this release extinguishes only claims against CHASE arising from facts and circumstances that occurred during the time MMI administered those DMPs and specifically excludes those claims that arose before the transfer of the DMPs to MMI", and (3) any other FINANCIAL INSTITUTIONS from any and all "claims, actions, and causes of action arising from payments they received from members of the . . . SETTLEMENT CLASS pursuant to DMPs administered by MMI during the Class period that were specifically alleged by the . . . Plaintiffs in the Second Amended Complaint filed in this action.  This release specifically excludes all claims that arose before the transfer of AmeriDebt's DMPs to MMI."  Certain Plaintiffs also assert claims against CHASE relating to DMPs administered by certain other credit counseling agencies, but these claims are not part of the SETTLEMENT, no class has been certified in regard to these claims, and these claims have been denied by CHASE.These claims will not be released.

In exchange, you will receive your share of the proceeds of the SETTLEMENT FUND for your share of the NET SETTLEMENT AMOUNT.

## C.  **Who Will Pay Me, How Much, and When?**

> (1) If you are a former client of MMI, then the Claims Administrator will send you your share of the recovery. (2) If you are a current client of MMI, then MMI will send you your share of the recovery in cash or in credits towards your DMP in MMI's discretion, but the amount of your recovery will be determined by the Claims Administrator and will not change.
>
> Only the Claims Administrator can calculate the payments.  This will be done until after January 15, 2011.  Payments should be distributed by the Claims Administrator within 45 days of the Settlement Effective Date.

It is impossible to determine the value of individual recoveries at this time, since it is unknown how many SETTLEMENT CLASS MEMBERS the parties will be able to locate.  In the unlikely event that all CLASS MEMBERS were to participate, the average recovery would be approximately $11.31.

The above estimate reflects average payments only.  **Your payment will be calculated based on MMI's data[1] indicating the sum of any initial payment to MMI plus all of your monthly payments of fees and contributions to MMI, divided by the total all such fees and contributions made by all consumers to MMI during the CLASS PERIOD, and adjusted by the number of SETTLEMENT CLASS MEMBERS.**  Your payment will not include or be based upon any portion of your payments to MMI that were paid to your creditors by MMI. If a SETTLEMENT CLASS MEMBER's initial fee or contribution plus all monthly fees or contributions is greater than those of a second

---

[1] If MMI lacks records of either an initial fee and/or contributions amount or the total monthly fees and/or contributions, then the CLAIMS ADMINISTRATOR will (1) review the SETTLEMENT CLASS MEMBER's contract and the number of months the DMP was active, and if unsuccessful, then will (2) apply the average of existing records for all CLASS MEMBERS for the missing payment/contribution information.

SETTLEMENT CLASS MEMBER, the first will receive somewhat more than the second. The precise amount of your payment will be calculated by the CLAIMS ADMINISTRATOR, and will not be known until it has all of the necessary information. Distributions will be capped at $500.

**D.    Has The Settlement Been Approved In Any Way?**

The Court considered the SETTLEMENT and entered an Order preliminarily approving the SETTLEMENT on November 4, 2010. The preliminary approval is not a final determination.

On February 28, 2011, a fairness and adequacy HEARING will be conducted by the Court. At that hearing, the Court will give final consideration to the SETTLEMENT and to any objections it receives. After the fairness and adequacy HEARING, the Court will issue an order that will finally approve or disapprove the SETTLEMENT subject to any appeal.

**E.    What If I Was Not Mailed a Post Card or Email Notice?**

Anyone who does not receive a postcard or email with a CLASS MEMBER IDENTIFICATION NUMBER but who believes that he or she should be a CLASS MEMBER, must mail evidence and information to the CLAIMS ADMINISTRATOR demonstrating why he or she should be included in the SETTLEMENT. Such information must be signed "under penalty of perjury" and must include the claimant's name, address, the dates during which the claimant had a DMP with MMI, and the amounts that the individual claims was paid in (1) initial and/or (2) monthly fees and/or contributions.

**F.    What Do Class Counsel Think of the Settlement?**

CLASS COUNSEL consider the SETTLEMENT to be in the best interests of consumers like you. While CLASS COUNSEL believe in the merits of the case, there are substantial risks in every trial, and MMI has substantial defenses that CLASS COUNSEL cannot overlook. CLASS COUNSEL believe the SETTLEMENT fairly and adequately accounts for the chances of success and the risks of loss in the litigation.

## IV. WHAT HAPPENS NEXT?

**A.    There Will Be A Hearing on the Fairness of the Settlement**

The next event in this class action is a fairness and adequacy hearing for the Court's consideration of the SETTLEMENT and CLASS COUNSEL's motion for fees. The Court has ordered that the final fairness and adequacy hearing (the "HEARING") will be held on February 28, 2011 at 1:30 p.m. (or such other time as the Court may, without further notice, direct), in Courtroom 9B, at the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable Cormac Carney. The purpose of the HEARING will be to finally determine whether the proposed SETTLEMENT are: fair, reasonable, adequate, and in the best interests of the CLASS MEMBERS. The Court will also determine at that hearing the fees that reasonably should be awarded from the SETTLEMENT fund to CLASS COUNSEL.

You may check for updates on the timing and the results of the HEARING at www.abatclass.com.

**B.    Do I Need to Come to Court or Hire a Lawyer?**

No. You do not need to appear at this hearing unless you want to object to the settlement. If the settlement is finally approved, a judgment will be entered dismissing the claims against all of the Defendants on the merits and with prejudice. You do not need to hire a lawyer to receive your share of the settlement.

**C.    What If I Disagree With The Settlement?**

If you don't want to be in the SETTLEMENT, you may file an EXCLUSION FORM (which is attached), or provide

your CLASS MEMBER IDENTIFICATION NUMBER and address in a signed writing mailed to the CLAIMS ADMINISTRATOR requesting exclusion and postmarked on or before February 17, 2010.

If you disagree with the terms of the SETTLEMENT or have some other reason for objecting to it, you may appear at the HEARING to object to the terms of the SETTLEMENT. However, CLASS MEMBERS who wish to object **must file a written objection with the Court concerning Case No. SACV07-1476-CJC (ANx) to Clerk, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, postmarked on or before Febuary 17, 2011, and must serve the objection** on CLASS COUNSEL and on MMI's attorneys in the case.    Late-filed objections will not be considered.    MMI's attorneys are:

| | |
|---|---|
| Douglas C. Emhoff, Esq. | Lawrence H. Cooke, Esq. |
| VENABLE LLP | Edward P. Boyle, Esq. |
| 2049 Century Park East, Suite 2100 | VENABLE LLP |
| Los Angeles, California 90067 | Rockefeller Center |
| | 1270 Avenue of the Americas, 25th Floor |
| | New York, New York 10020 |

Any objections to the SETTLEMENT should begin with the following statement: "I object to the proposed settlement in the MMI Class Action" and must state the factual and legal basis for the objection. All objections must also state the objector's name and address.  If you file a timely written objection and have not previously requested exclusion, you may appear at the HEARING in person or through an attorney at your own expense.  If you hire an attorney, your objection should so state and identify your attorney.

### D.   Class Counsel's Claim for Attorneys fees.

At the fairness and adequacy HEARING, CLASS COUNSEL will move for reimbursement of $160,000 in costs they have incurred, plus $1,625,000 (or 25% of the GROSS SETTLEMENT AMOUNT) as their fee.  MMI has agreed not to oppose this requested fee.  The law requires that in a class action, a claim for an award of attorneys' fees must be made by a motion at a time set by the Court and approved by the Court. The same is true of a claim for costs that will not be borne by the defendant. You are therefore entitled to this notice of the motion. You are also entitled to object to the motion.

### E.   What Happens if the Court Approves the Settlement?

#### *1. You will become entitled to your pro rata share of the settlement fund.*

If the Court finally approves the settlement and you have not excluded yourself from the class, then you will be entitled to receive your share of the SETTLEMENT fund without any further action on your part (and if your address is still valid).

#### *2. You will be deemed to have released MMI and any and all Financial Institutions for all Claims arising from your MMI DMP.*

You will be deemed to have forever released MMI from all claims relating to its DMP, and to have released CHASE relating to any payments it received through a DMP while it was administered by MMI.  You will be deemed to have released other financial institutions with respect to payments they received from your MMI DMP if the claim was alleged in Abat.  If you are from California, you will also be held to have expressly waived the provisions of California Civil Code §1542 which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

6

### F.    How Do I Learn More?

You may inspect the Second Amended Complaint, and all of the other papers filed in this lawsuit at your cost by electronic means. The Court's web site is at http://www.cacd.uscourts.gov/.  Click on PACER and follow the instructions as to how to download pleadings. Certain select pleadings are available without cost at www.abatclass.com for updates and frequently asked questions.


**DO NOT CALL OR PERSONALLY CONTACT THE COURT ABOUT MATTERS SET FORTH IN THIS NOTICE.**

Dated:  November 4, 2010

By:_____

Garrett M. Smith *(Admitted Pro Hac Vice)*
**GARRETT M. SMITH, PLLC**
100 Court Square, Suite A
Charlottesville, VA 22902

Gary W. Kendall *(Admitted Pro Hac Vice)*
**MICHIE HAMLETT ATTORNEYS AT LAW**
500 Court Square, Suite 300
Charlottesville, VA 22902

David J. Vendler, (SBN 146528)
**MORRIS POLICH & PURDY LLP**
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017

Joseph W. Cotchett (SBN 36324)
Niall P. McCarthy (SBN 160175)
Anne Marie Murphy (SBN 202540)
**COTCHETT, PITRE & McCARTHY**
840 Malcolm Road, Suite 200
Burlingame, California 94010

Gregory Duncan *(Admitted Pro Hac Vice)*
**LAW OFFICES OF GREGORY DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902

*ATTORNEYS FOR PLAINTIFFS*