1  DOUGLAS C. EMHOFF (SBN 151049)
   demhoff@venable.com
2  JENNIFER LEVIN (SBN 252420)
   jlevin@venable.com
3  VENABLE LLP
   2049 Century Park East, Suite 2100
4  Los Angeles, California 90067
   Telephone: (310) 229-9900
5  Facsimile: (310) 229-9901

6  LAWRENCE H. COOKE (*Admitted Pro Hac Vice*)
   lhcooke@venable.com
7  EDWARD P. BOYLE (*Admitted Pro Hac Vice*)
   epboyle@venable.com
8  VENABLE LLP
   Rockefeller Center
9  1270 Avenue of the Americas, 25th floor
   New York, New York 10020
10 Telephone: (212) 307-5500
   Facsimile: (212) 307-5598

11

12 Attorneys for Defendant
   Money Management International, Inc.
13 formerly known as Money Management
   By Mail, Inc.

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

14            **UNITED STATES DISTRICT COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16

17 JANICE J. ABAT; ILDIKO NYLEN;        CASE NO. 8:07-cv-1476-CJC (ANx)
   JEANNE ROSSEAN; LINDA
18 SHAKESPEARE; SHANNON                 *Assigned to the Hon. Cormac J. Carney*
   CARRIERO; NANCY WILKSEN;
19 ERICA HALL; on behalf of themselves  **STIPULATED REQUEST TO POST**
   and all other persons similarly situated,  **SPANISH TRANSLATIONS OF**
20                                       **PARTIAL SETTLEMENT NOTICES**
                Plaintiff,               **AND EXCLUSION FORM ON**
21                                       **WEBSITE**
          v.
22
   CHASE BANK USA, N.A.; MONEY
23 MANAGEMENT INTERNATIONAL,
   INC.; MONEY MANAGEMENT BY
24 MAIL, INC.; and MONEY
   MANAGEMENT INTERNATIONAL
25 FINANCIAL EDUCATION
   FOUNDATION,
26
                Defendants.
27

28
                          1

LA: 294759/53068-254998

WHEREAS, on October 1, 2010, plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro and Erica Hall (collectively, "Plaintiffs") filed a Notice of Motion And Memorandum Of Points And Authorities In Support Of Motion For Preliminary Approval Of Partial Settlement Of Class Claims With The MMI Defendants, Conditional Class Certification For Partial Settlement, And Approval Of Class Notice to obtain Court approval of a settlement with defendant Money Management International, Inc., formerly known as Money Management By Mail, Inc. ("MMI," and together with Plaintiffs, the "Settling Parties") (the "Motion For Preliminary Approval") (Docket No. 275);

WHEREAS, on December 15, 2010, the Court granted a stipulation among the parties and approved the corrected proposed long form and short form notices (the "Partial Settlement Notices") (Docket No. 288);

WHEREAS, there have been eighty messages left in Spanish for the Claims Administrator and at least four recipients of the Partial Settlement Notices requested Spanish translations of the Partial Settlement Notices and Exclusion Form;

WHEREAS, attached hereto as Exhibit 1 is the declaration of Jennifer M. Keough, which evidences the requests for Spanish translations;

WHEREAS, Griselda A. Ruiz, an interpreter/translator certified by the State of Washington and the Administrative Offices of the U.S. Courts, translated the Partial Settlement Notices and the Exclusion Form into Spanish;

WHEREAS, attached hereto as Exhibit 2 is the declaration of Griselda A. Ruiz, which attaches the Spanish Translations as Exhibit A;

WHEREAS, the last day to file exclusions from or objections to the settlement is February 17, 2011;

WHEREAS, the Settling Parties met and conferred and agreed to post copies of the Spanish translations attached as Exhibit A to Ms. Ruiz's declaration on the www.abatclass.com website before February 17, 2011;

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

2

LA: 294759/53068-254998

IT IS HEREBY STIPULATED, by and between the Parties, through their respective counsel of record, that the Spanish translations attached as Exhibit A to Ms. Ruiz's declaration shall be posted on the www.abatclass.com website before February 17, 2011.

Dated:  January 26, 2011

VENABLE LLP
DOUGLAS C. EMHOFF
LAWRENCE H. COOKE
EDWARD P. BOYLE
JENNIFER LEVIN


By: /s/ Jennifer Levin
    JENNIFER LEVIN
    Counsel for Defendant
    Money Management International, Inc.
    formerly known as Money
    Management By Mail, Inc.

Dated:  January 26, 2011

GARRETT M. SMITH, PLLC


By: /s/ Garrett Smith
    GARRETT M. SMITH
    (*Admitted Pro Hac Vice*)
    Counsel for Plaintiffs

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

3

LA: 294759/53068-254998

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARREIRO; NANCY WILKSEN; ERICA HALL; on behalf of themselves and all other persons similarly situated, | Case No.  SACV07-1476-CJC (CTx) |
| Plaintiffs, | **DECLARATION OF JENNIFER M. KEOUGH REGARDING TOLL-FREE NUMBER** |
| vs. | |
| CHASE BANK USA, N.A. ; MONEY MANAGEMENT INTERNATIONAL,INC. ; MONEY MANAGEMENT BY MAIL, INC. : and MONEY MANAGEMENT INTENATIONAL FINANCIAL EDUCATION FOUNDATION, | |
| Defendants. | |

JENNIFER M. KEOUGH declares and states as follows:

    1.    I am Executive Vice President, Operations, of The Garden City Group, Inc. ("GCG").  The following statements are based on my personal knowledge and information provided by other GCG employees working under my supervision, and if called on to do so, I could and would testify competently thereto.

    2.    GCG was retained by counsel for the Lead Plaintiff in the above-captioned litigation (the "Litigation") to serve as the Claims Administrator as described in the Joint Stipulation of Partial Class Action Settlement and Release, filed October 1, 2010 (the "Stipulation").  The Stipulation was preliminarily approved by this Court in its Order Granting

DECLARATION OF JENNIFER M. KEOUGH
CASE NO. 07-1476-CJC (CTX)

Exhibit 1
Page 4

1  Plaintiffs' Motion to (1) Conditionally Certify a Settlement Class, (2) Preliminarily Approve

2  Settlement, (3) Direct Distribution of Class Notices, and (4) Set a Hearing for Final Approval;

3  of Class Settlement, filed November 4, 2010 (the "Preliminary Approval Order"). I submit this

4  Declaration in order to provide the Court and the parties to the Litigation with information

5  regarding Spanish language claim inquires, in accordance with the Court's Preliminary

6  Approval Order.

7

8  **TOLL-FREE NUMBER**

9       3.       Beginning on December 3, 2010, GCG set up and continues to maintain an

10  automated toll-free telephone number (1-888-813-7480), where Class Members can obtain

11  information about the Settlement. This toll-free help line is accessible twenty-four (24) hours a

12  day, seven (7) days a week. Claimants who call the toll-free number have the option of leaving

13  a voice message so that a call center representative can return the call, or requesting a Class

14  Notice be mailed to them. As of January 24, 2011, there have been eighty (80) Spanish

15  language messages and four (4) requests for a Spanish language notice. GCG has responded to

16  each of the messages promptly.

17

18

19       I declare under the penalty of perjury pursuant to the laws of the United States that the

20  foregoing is true and correct.

21       Executed on January 25, 2011, at Seattle, Washington.

22

23

24                                        _JENNIFER M. KEOUGH_

25                                        JENNIFER M. KEOUGH

26

27

28

- 2 -                                        DECLARATION OF JENNIFER M. KEOUGH
                                             CASE NO. 07-1476-CJC (CTX)

Exhibit 1
Page 5

**EXHIBIT 2**

1  JOSEPH W. COTCHETT (# 36324)
2  NIALL P. McCARTHY (# 160175)
   ANNE MARIE MURPHY (# 202540)
3  **COTCHETT, PITRE & McCARTHY**
   840 Malcolm Road, Suite 200
4  Burlingame, California 94010
   Telephone:  (650) 697-6000
5  Facsimile:   (650) 692-3606
   Email:        jcotchett@cpmlegal.com
6                   nmccarthy@cpmlegal.com
                    amurphy@cpmlegal.com
7
8  DAVID VENDLER (SBN 146528)
   **MORRIS, POLICH & PURDY, LLP**
9  1055 West Seventh Street, 24th Floor
   Los Angeles, CA 90017
10 Telephone:  (213) 891-9100
   Facsimile:   (213) 488-1178
11 Email:        dvendler@mpplaw.com

12

13 *Attorneys for Plaintiffs*

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16
   JANICE J. ABAT; ILDIKO NYLEN;          Case No. SACV07-1476-CJC (CTx)
17 JEANNE ROSSEAN; LINDA
   SHAKESPEARE; SHANNON
18 CARREIRO; NANCY WILKSEN;               **DECLARATION OF GRISELDA A.**
   ERICA HALL; on behalf of themselves    **RUIZ REGARDING SPANISH**
19 and all other persons similarly situated,  **TRANSLATION OF THE SHORT**
                                          **FORM NOTICE, LONG FORM**
20              Plaintiffs,                **NOTICE, AND EXCLUSION FORM**

21        vs.

22 CHASE BANK USA, N.A.; MONEY
23 MANAGEMENT INTERNATIONAL,
   INC.; MONEY MANAGEMENT BY
24 MAIL, INC.; and MONEY
   MANAGEMENT INTERNATIONAL
25 FINANCIAL EDUCATION
   FOUNDATION,
26
27              Defendants.

28

                  DECLARATION OF GRISELDA A. RUIZ

Exhibit 2
Page 6

GRISELDA A. RUIZ declares and states as follows:

1.      I am an interpreter/translator certified by the State of Washington and the Administrative Offices of the U.S. Courts. In addition, I work for the Federal and State Courts of Washington as well as other law enforcement entities in the state, and in that capacity I have been administered the Permanent Oath for Court Interpreters.

2.      I have translated the Short Form Notice, Long Form Notice, and Exclusion Form to the best of my ability, without additions or deletions to the original text, issued in the English language, and approved by the Court. Further, I confirm that the attached documents are correct and accurate translations of the Court approved English language Short Form Notice, Long Form Notice, and Exclusion Form. Attached as Exhibit A is a true and correct copy of the Spanish translation of the Short Form Notice, Long Form Notice, and Exclusion Form. Attached as Exhibit B is the English language Court approved Short Form Notice, Long Form Notice, and Exclusion Form.

     I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on January 24, 2011.

Griselda Ruiz
Federally and State Certified
Court Interpreter/Translator

DECLARATION OF GRISELDA A. RUIZ

Exhibit 2
Page 7

# EXHIBIT A

Exhibit 2
Page 8

**IMPORTANTE INFORMACIÓN DE TRANSACCIÓN EXTRAJUDICIAL EN UNA ACCIÓN DE CLASE INCLUIDA**

<u>ESTA NOTIFICACIÓN AFECTA SUS DERECHOS LEGALES.  CONSÉRVELA Y LÉALA ATENTAMENTE.</u>

En septiembre del 2010, se llegó a una transacción extrajudicial para dar un fin parcial a una acción de clase propuesta, e iniciada por Janice Abat y otros consumidores en contra de Money Management International, Inc. ("MMI" por sus siglas en inglés) y otros ("Caso"*Abat*").  El Tribunal de Distrito de los Estados Unidos, Distrito Central de California, ha ordenado que se le mande esta notificación debido a que MMI administró un plan de manejo de deuda ("DMP" por sus siglas en inglés) para UD, y UD le pagó aranceles o contribuciones entre el 28 de diciembre del 2002  y el 4 de noviembre del 2010.  <u>UD no está siendo enjuiciado.</u>

A.    **¿De Qué Se Trata El Caso** *Abat*? Los Demandantes alegan que los DMP incluyeron servicios de reparación de crédito cubiertos por la "federal Credit Repair Organizations Act" (Ley Federal de Organizaciones de Reparación de Crédito) ("CROA" por sus siglas en inglés); que  MMI y otras CCAs no operaron como verdaderas organizaciones sin fines de lucro y que ciertas actividades trasgredieron la ley CROA y/o beneficiaron a ciertas instituciones financieras. MMI  negó todas las acusaciones de los demandantes  e  interpuso  defensas  incluyendo   los  resultados  de  una  auditoría exhaustiva de múltiples años, en la cual el Internal Revenue Service (Servicio de Rentas Internas) estableció que MMI ha operado como una organización exenta de impuestos. MMI además afirma que por sus términos la Ley Federal de Organizaciones de Reparación de Crédito (Credit Repair Organizations Act) no se aplica a MMI.  El Caso *Abat* solamente busca restitución de los cargos y contribuciones que UD pagó, no de los pagos que UD hizo a acreedores. El Chase Bank U.S.A., N.A., ("Chase") ha sido también enjuiciado en el Caso *Abat*; ciertas demandas en contra de Chase están exoneradas en la transacción extrajudicial parcial, pero otras no lo están.   Chase niega todas las demandas que se hicieron valer en su contra.

B.    **¿Cuáles Son Los Términos de la Transacción Extrajudicial?** <u>Las partes de la  transacción  extrajudicial  acuerdan  que  éstas  son  demandas  en  disputa  y  los Demandados niegan haber cometido ilícito alguno.</u>  Debido a la incertidumbre y riesgos de un litigio, los Abogados de la Clase recomiendan esta Transacción Extrajudicial.  MMI acordó transar extrajudicialmente las demandas, mediante el pago de 6.5 millones a los Miembros de la Clase calculados en 415. 000.  Los Miembros de la Clase que no se excluyan, automáticamente recibirán una participación prorrateada y se considerará que han exonerado a MMI de todas las demandas, y que han exonerado a Chase de cualquier pago que haya recibido a través de un DMP mientras el mismo era administrado por MMI.   Se considerará que UD ha exonerado a otras instituciones financieras con respecto a pagos que hayan recibido de su DMP de MMI, si la demanda fue alegada en el Caso *Abat*.  Las demandas iniciadas por los  Demandantes en contra de Chase, basadas en sus tratos con otras agencias de consejería crediticia  no se han exonerado y no son parte de la Transacción Extrajudicial.

C.    **¿Qué Hago Si Deseo Obtener Más Información O No Deseo Participar?**  Si desea obtener más información, visite el sitio web: www.abatclass.com o llame al: (888) 813-7480.  Si no desea participar, descargue y envíe un formulario de Exclusión, o escriba al Administrador de Demandas (Claims Administrador) indicando que UD desea excluirse.  Su carta debe llevar matasellos postal fechado antes del 17 de febrero 2011, y debe ser enviada a: Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

Exhibit 2
Page 9

**D.  ¿Cuál Es Mi Participación, Quién Me La Paga y Cuándo?** Después del pago de honorarios de abogados, costos y los pagos especiales a los representantes, el fondo de la Transacción Extrajudicial contará con aproximadamente $4.7 millones los cuales se dividirán en forma prorrateada entre todos los Miembros de la Clase de la Transacción Extrajudicial en base a la cantidad de aranceles que pagaron o que contribuyeron a MMI. No es posible saber la cantidad de pago que le corresponderá a cada persona en este momento. Esperamos iniciar los pagos en la primavera del 2011.

**E.  ¿Cómo Debo Objetar?** UD puede presentar una objeción estableciendo las razones por las que opina que las transacciones extrajudiciales propuestas no deberían ser aprobadas. La misma debe: (a) estar firmada bajo penalidad de perjurio, (b) establecer sus razones para objetar; (c) suministrar el nombre del abogado que UD piensa lo representará; (d) llevar matasellos postal fechado antes del 17 de febrero del 2011, (e) estar dirigida a (i) Clerk, U.S. District Court, Central District of California, con copias a (ii) Abat Class Counsel, Niall McCarthy, Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010, y (iii) Lawrence H. Cooke, Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, 25th Floor, New York, New York 10020.

**F.  ¿Cuándo y Dónde Tendrá Lugar la Audiencia?** Habrá una audiencia para decidir si la transacción extrajudicial es justa y adecuada, el 28 de febrero del 2011 en: la Sala 9B, del Tribunal de Distrito de los Estados Unidos, Distrito Central de California, ubicado en: 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 a la 1:30 de la tarde, frente al Honorable Juez Cormac J. Carney, para fallar sobre las objeciones, y decidir si las transacciones extrajudiciales propuestas son justas, razonables, adecuadas, y lo que más conviene a los intereses de la clase, y para aprobar los honorarios de abogados de los Demandantes, sus costos y los pagos especiales a los representantes de la clase. Las actualizaciones estarán disponibles en: www.abatclass.com.

**G.  Para Más Información.** Todas las presentaciones públicas en el Caso *Abat* están disponibles, a costo suyo, en el sitio web del Tribunal: http://www.cacd.uscourts.gov/ bajo Caso No. SACV07-1476-CJC (ANx). Apriete "PACER" y siga las instrucciones para descargar los alegatos presentados. No se ponga en contacto con los demandados, el Tribunal, el Actuario del Tribunal, ni con el Juez, acerca de este litigio. A ninguno de ellos se les permite contestar preguntas.

Exhibit 2
Page 10

ESTA NOTIFICACIÓN PUEDE AFECTAR SUS DERECHOS. LÉALA ATENTAMENTE.

**TRIBUNAL DE DISTRITO DE LOS ESTADOS UNIDOS
DISTRITO CENTRAL DE CALIFORNIA**

Caso No. SACV07-1476-CJC (ANx)

**NOTIFICACIÓN Y RESUMEN DE UNA TRANSACCIÓN EXTRAJUDICIAL PARCIAL EN UNA
ACCIÓN DE CLASE**

**Que Beneficia a los Consumidores Que Pagaron Aranceles O Contribuyeron A MMI/Money Management
International entre el 28 de Diciembre del 2002 y el 4 de Noviembre del 2010**

## I.   ACERCA DEL LITIGIO

> Los demandantes en el caso Abat hicieron las siguientes acusaciones en contra de MMI: que los
> planes de manejo de deuda de MMI ("DMP's por sus siglas en inglés") incluyeron servicios indebidos de
> reparación de crédito prohibidos por la "Federal Credit Repair Organizations Act" (Ley Federal de
> Organizaciones de Reparación de Crédito); que MMI no operó como una organización exenta de
> impuestos, sin fines de lucro; que las afirmaciones de MMI al declararse una organización sin fines de
> lucro eran falsas; y que las actividades de MMI indebidamente beneficiaron a acreedores de
> instituciones financieras. MMI negó todas las acusaciones de los demandantes e interpuso defensas
> incluyendo los resultados de una exhaustiva auditoría de múltiples años en la cual el "Internal Revenue
> Service" (Servicio de Rentas Internas) determinó que MMI ha operado como una organización exenta
> de impuestos. MMI además afirmó que, conforme a sus términos, la Ley Federal de Organizaciones de
> Reparación de Crédito no se aplicaba a MMI. El Caso Abat solamente busca el reembolso o restitución
> de sus aranceles y contribuciones. No afecta sus pagos a acreedores.

### A.   ¿Quién Entabló el Caso y en Contra de Quién?

El 28 de Diciembre del 2007, los demandantes, JANICE ABAT, JEANNE ROSSEAN, NANCY WILKSEN, y otros,
iniciaron un presunto litigio de acción de clase en el Tribunal de Distrito de los Estados Unidos, Distrito Central de
California en contra de los Demandados, Money Management International, Inc. y Money Management By Mail,
Inc. (colectivamente, "MMI") y otros. ERICA HALL posteriormente se unió a ABAT, ROSSEAN, y WILKSEN, en sus
demandas en contra de MMI (a quienes conjuntamente se hará referencia como: DEMANDANTES INDIVIDUALES O
REPRESENTES DE LA CLASE).

### B.   ¿Quién Más está Incluido?

Se acusa que MMI y ciertas otras entidades que están identificadas en la demanda pero no nombradas como
demandadas (las "DW CCA's por sus siglas en inglés") han extendido beneficios privados a Chase Bank U.S.A.,
N.A. (en adelante: "CHASE"). CHASE niega estas acusaciones. Las acusaciones concernientes a las relaciones y
pagos entre las DW CCA's y CHASE no están incluidas en la TRANSACCIÓN EXTRAJUDICIAL.

En Septiembre del 2010, los DEMANDANTES INDIVIDUALES, y MMI acordaron poner fin al caso en contra de MMI, y a
una parte del caso en contra de CHASE conforme a un acuerdo escrito llamado TRANSACCIÓN EXTRAJUDICIAL. Esta
transacción extrajudicial parcial resolverá todas las demandas en contra de MMI y en contra de toda institución
financiera (como por ejemplo CHASE) que hayan recibido pagos mediante MMI conforme a un DMP. UD ha
recibido esta notificación y es MIEMBRO DE LA CLASE porque los registros muestran que UD pagó aranceles o
contribuciones después del 28 de Diciembre del 2002 conforme a un DMP administrado por MMI. Por lo tanto, la
TRANSACCIÓN EXTRAJUDICIAL le afecta.

1

Exhibit 2
Page 11

### C.   ¿De Qué se Trata el Caso?

Los Demandantes acusaron a MMI de operar como una organización con fines de lucro, de haber actuado como un negocio de reparación de crédito pero sin cumplir con los requisitos de la Ley de Organizaciones de Reparación de Crédito (CROA por sus siglas en inglés) y de que estaba indebidamente cobrando deudas adeudadas a INSTITUCIONES FINANCIERAS. Los Demandantes además acusaron que la estrecha relación entre MMI y las INSTITUCIONES FINANCIERAS fue la causa por la cual ésta no actuó con completa transparencia hacia los consumidores, transgrediendo por lo tanto los deberes fiduciarios debidos a los mismos. Los Demandantes además acusaron que MMI era un recaudador de deudas conforme al significado de la "Fair Debt Collection Practices Act" (Ley de Prácticas Justas de Recaudación de Deudas), que incumplió su obligación de revelar esa condición a los consumidores, y que se representó falsamente frente a los consumidores. Los Demandantes además acusaron que las prácticas comerciales antedichas de MMI constituyen una trasgresión de la "California's Unfair Competition Law" (Ley de Competencia Desleal de California) y su "Consumers Legal Remedies Act" (Ley de Recursos Legales de los Consumidores). Éste es un resumen de las demandas legales en contra de MMI en el Caso Abat, todas las cuales se encuentran detalladas en la Segunda Demanda Enmendada, que UD puede encontrar visitando el sitio web: www.abatclass.com.

MMI y CHASE negaron todas estas acusaciones. MMI interpuso defensas incluyendo los resultados de una exhaustiva auditoría de múltiples años en la cual el "Internal Revenue Service" (Servicio de Rentas Internas) determinó que MMI ha operado como una organización exenta de impuestos y MMI además afirmó que los términos de CROA no se aplican al mismo debido a que no suministró servicios de reparación de crédito y por que era una organización exenta de impuestos y sin fines de lucro. CHASE ha interpuesto, entre otras, defensas que afirman que las demandas hechas por los Demandantes están excluidas debido a que ha caducado el tiempo permitido por las leyes de prescripción aplicables.

## II.   INFORMACIÓN ACERCA DE LA TRANSACCIÓN EXTRAJUDICIAL

Esta Notificación y Resumen de la Transacción Extrajudicial en una Acción de Clase (la "NOTIFICACIÓN") tiene como fin notificarle de la TRANSACCIÓN EXTRAJUDICIAL, darle un breve resumen de sus términos en un lenguaje entendible, e informarle sobre sus derechos conforme a la misma. Se detalla la TRANSACCIÓN EXTRAJUDICIAL en un documento llamado Estipulación Conjunta de Transacción Extrajudicial Parcial en una Acción de Clase y Descargo. UD puede obtener una copia de este documento así como otros materiales relacionados al caso, libre de cargo, del ADMINISTRADOR DE DEMANDAS, llamando al: (888) 813-7480 o por Internet, visitando: www.abatclass.com.

### A.   ¿Por Qué Hay Una Transacción Extrajudicial?

El Juez no condujo un juicio ni decidió si las demandas transadas extrajudicialmente eran válidas. En su lugar, y para evitar los riesgos y gastos de un juicio, las partes en la transacción extrajudicial han acordado a los términos de la TRANSACCIÓN EXTRAJUDICIAL que los ABOGADOS DE LA CLASE consideran que son justos, razonables y adecuados para las clases. Conforme a los términos de la TRANSACCIÓN EXTRAJUDICIAL, los Demandantes recibirán una recuperación, pero es imposible saber si la recuperación será mayor o menor que lo que pudieron haber obtenido en un juicio.

### B.   ¿Qué Debo Hacer Con Mi Formulario Abreviado de Notificación o con mi Notificación por Correo Electrónico?

> Si UD ha recibido un formulario abreviado de notificación o una notificación por correo electrónico en este caso, con un Número Exclusivo de Identificación Como Miembro de la Clase, UD automáticamente será tratado como Miembro de la Clase. Guarde este Número Exclusivo de Identificación Como Miembro de la Clase para referencia futura.

Todos los Miembros de la Clase deben recibir un formulario abreviado de notificación o una notificación por correo electrónico, con un NÚMERO EXCLUSIVO DE IDENTIFICACIÓN COMO MIEMBRO DE LA CLASE.

2

Exhibit 2
Page 12

Si a UD se le ha identificado incorrectamente como MIEMBRO DE LA CLASE debido a que UD nunca pagó dinero alguno a MMI después del 28 de Diciembre del 2002, por favor notifique al ADMINISTRADOR DE DEMANDAS, o simplemente presente un FORMULARIO DE EXCLUSIÓN.

**C.   ¿Quiénes Son Los Miembros De La Clase y Quién Recibirá un Pago Conforme a la Transacción Extrajudicial?**

> Son "Miembros de la Clase" todos aquellos individuos, en toda la nación, que hayan pagado aranceles iniciales o mensuales y/o hayan hecho contribuciones a MMI por servicios de DMP en cualquier momento entre el 28 de Diciembre del 2002 y el 4 de Noviembre del 2010. Los Miembro de la Clase que no se excluyan pasan a ser Miembro de la Clase de la Transacción Extrajudicial y automáticamente participarán en la Transacción Extrajudicial.

**D.   ¿Quién Representa a la Clase?**

Además de la Sras. ABAT, ROSSEAN, WILKSEN y HALL, quienes están actuando como representantes de los consumidores, los siguientes abogados están peticionando se los designe "ABOGADOS DE LA CLASE":

(1) Niall McCarthy, Esq. y Ann Marie Murphy, Esq. de Cotchett Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA 94010.

(2) David J. Vendler, Esq., de Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017.

(3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(4) Gary W. Kendall, Esq., Michie Hamlett, Abogados, 500 Court Square, Suite 300, P.O. Box 298, Charlottesville, VA 22902-0298.

(5) Garrett M. Smith, Esq., Garrett M. Smith, PLLC, 100 Court Square Annex, Suite A, Charlottesville, VA 22902.

**E.   ¿Cómo Me Afecta Esto a Mí?**

> Si no recibimos de UD un pedido de exclusión, automáticamente se le incluirá en la Transacción Extrajudicial y automáticamente UD recibirá su participación en la Transacción Extrajudicial, si el juez la aprueba (y si la dirección que tenemos para UD es todavía válida).

Si UD es MIEMBRO DE LA CLASE y no se excluye, se le considerará miembro de la CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL. UD puede mostrar estos materiales a un abogado, si así lo desea, pero no necesita hacerlo sólo a los fines de recibir un pago. Si su dirección presente es diferente de la dirección en la cual MMI se puso en contacto con UD la última vez, o si UD prevé que su dirección cambiará en el futuro, asegúrese de suministrar una dirección donde se le pueda reenviar la correspondencia al; ADMINISTRADOR DE DEMANDAS en: Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

**F.   ¿Dónde Obtuvieron La Información Que Tienen Con Respecto a Mí?**

Como parte de la TRANSACCIÓN EXTRAJUDICIAL, MMI ha preparado una lista de todas las personas elegibles para ser MIEMBROS DE LA CLASE, y acordó entregarle esta notificación si UD es un cliente existente. Si UD es un cliente anterior de DMP, éste suministró la información, en forma confidencial al ADMINISTRADOR DE DEMANDAS, para que él pudiera ponerse en contacto con UD. MMI también está en posesión de información relacionada a los aranceles y/o contribuciones que UD pagó a MMI, la cual será usada para calcular su participación en los ingresos.

3

Exhibit 2
Page 13

### III.   RESUMEN DE LA TRANSACCIÓN EXTRAJUDICIAL PROPUESTA

#### A.   ¿Cuánto Paga La Transacción Extrajudicial Y A Quién?

El ACUERDO DE TRANSACCIÓN EXTRAJUDICIAL dispone que MMI pague a los Miembros de la Clase calculados en 415.000, la suma de $6.5 millones para transar extrajudicialmente y conciliar las demandas de los Miembros de la Clase para el reembolso o restitución de sus aranceles y/o contribuciones.  Esto es lo que se denomina MONTO BRUTO DE LA TRANSACCIÓN EXTRAJUDICIAL.

LOS ABOGADOS DE LA CLASE prevén pedir el reembolso de $160.000, en costos que han contraído, más $5.000 para cada uno de los REPRESENTANTES DE LA CLASE, más 25% del MONTO BRUTO DE LA TRANSACCIÓN EXTRAJUDICIAL, como sus honorarios.

Por lo tanto se prevé que aproximadamente $4.695.000 estarán disponibles para pagar a los MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL.  Esto es lo que se denomina MONTO NETO DE TRANSACCIÓN EXTRAJUDICIAL.  El ADMINISTRADOR DE DEMANDAS llevará a cabo la división del MONTO NETO DE TRANSACCIÓN EXTRAJUDICIAL en forma prorrateada entre los MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL.

> UD exonera (1) todas las demandas en contra de MMI relacionadas a su DMP y las demandas en el caso *Abat*; y (2) sus demandas en contra de Chase o de cualquier otra Institución Financiera con respecto a los pagos que Chase o la otra Institución  Financiera recibieron conforme al DMP y a través de MMI (sin embargo, si UD tuvo un DMP con alguna de las DW CCA's, sus demandas en contra de Chase relacionadas a ese CCA no están exoneradas), y (3) sus demandas en contra de otras Instituciones  Financieras con respecto a los pagos que éstas recibieron conforme a su DMP administrado por MMI si la demanda fue alegada en el caso *Abat*.

#### B.   ¿A Qué Estoy Renunciando Y Qué Estoy Recibiendo?

Como miembro de la CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL, los términos y todo fallo dictado como resultado de la TRANSACCIÓN EXTRAJUDICIAL, son vinculantes para UD y le impedirán permanentemente hacer cualquiera de las demandas exoneradas en este asunto en cualquier momento futuro. Se considerará que UD ha exonerado a (1) MMI "de todos los asuntos,  eventos, causas o cosas de cualquier índole que surjan de, estén relacionadas a, o de algún modo conectadas con (a) un plan de manejo de deuda con MMI; y (b) cualquiera de los hechos, circunstancias, transacciones, eventos, incidencias, actos, omisiones o las faltas de actuación que son o se podrían haber alegado en el litigio en contra de los Demandados MMI"; y (2) a CHASE "de todas y cada una de las demandas, acciones y causas de acción, conocidas o desconocidas, que surjan de los pagos que recibió de los miembros de la CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL conforme a los DMP's administrados por MMI; sin embargo, con respecto a esos MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL que se hicieron clientes de MMI como resultado de la adquisición de los DMP's, por parte de MMI,  del caudal hereditario en quiebra de AmeriDebt, Inc., este descargo solamente extingue las demandas en contra de CHASE que surjan de los hechos y circunstancias, que tuvieron lugar durante el tiempo en que MMI administró aquellos DMP's, y específicamente excluye aquellas demandas que surgieron antes de la transferencia de los DMP's a MMI", y (3) toda otra INSTITUCIÓN FINANCIERA de todas y cada una de las "demandas, acciones, y causas de acción que surjan de pagos que hayan recibido de los MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL conforme a los DMP's administrados por MMI durante el período de la Clase que fueron  específicamente alegados por los Demandantes en la Segunda Demanda Enmendada  que se presentó en esta acción. Este descargo específicamente excluye todas las demandas que surgieron antes de la transferencia de los DMP's de AmeriDebt a MMI." Ciertos Demandantes también hicieron valer demandas en contra de CHASE relacionadas a los DMP's administrados por ciertas otras agencias de consejería crediticia, pero esas demandas no son parte de la TRANSACCIÓN EXTRAJUDICIAL, ninguna clase ha sido certificada con respecto a estas demandas, y estas demandas han sido negadas por CHASE. Estas demandas no serán exoneradas.

A cambio, UD recibirá su participación de los ingresos del FONDO DE LA TRANSACCIÓN EXTRAJUDICIAL por su participación del MONTO NETO DE TRANSACCIÓN EXTRAJUDICIAL.

4

Exhibit 2
Page 14

### C.   ¿Quién Me Pagará, Cuánto y Cuándo?

Si UD es un cliente anterior de MMI, el Administrador de Demandas le enviará su participación en la recuperación. (2) Si UD es un cliente actual de MMI, entonces MMI le enviará su participación de la recuperación en efectivo, o en acreditaciones hacia su DMP, a discreción de MMI, pero la cantidad de su recuperación será decidida por el Administrador de Demandas y no estará sujeta a cambios.

Solamente el Administrador de Demandas puede calcular los pagos. Esto se hará hasta después del 15 de enero del 2011. Los pagos deben ser distribuidos por el Administrador de Demandas dentro de 45 días de la Fecha en que la Transacción Extrajudicial entre en vigor.

Es imposible determinar el valor de las recuperaciones individuales en este momento, debido a que se desconoce cuántos MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL podrán localizar las partes. En el improbable caso que todos los MIEMBROS DE LA CLASE participen, la recuperación promedio sería de aproximadamente $11.31.

El cálculo anterior refleja pagos promedio únicamente. **Sus pagos se calcularán en base a los datos[1] de MMI que indiquen la suma de cualquier pago inicial a MMI más todos sus pagos mensuales de aranceles y contribuciones a MMI, divididos por el total de tales aranceles y contribuciones hechas por todos los consumidores a MMI durante el PERÍODO DE LA CLASE**, y ajustado por el número de MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL. Su pago no incluirá ni estará basado en ninguna porción de sus pagos a MMI que fueron pagados a sus acreedores por MMI. Si el arancel inicial o contribución de un MIEMBRO DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL sumado a todos los aranceles mensuales o contribuciones es mayor que aquellos de un segundo MIEMBRO DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL, el primero recibirá algo más que el segundo. La cantidad exacta de su pago será calculada por el ADMINISTRADOR DE DEMANDAS, y no será conocida hasta que éste tenga toda la información necesaria. Las distribuciones estarán limitadas a $500.

### D.   ¿Se Ha Aprobado la Transacción Extrajudicial De Algún Modo?

El Juez consideró la TRANSACCIÓN EXTRAJUDICIAL y dictó una Orden de carácter preliminar aprobando la TRANSACCIÓN EXTRAJUDICIAL, el 4 de Noviembre del 2010. La aprobación preliminar no es una decisión definitiva

El 28 de Febrero del 2011, el Juez conducirá una AUDIENCIA para determinar si la Transacción Extrajudicial es justa y adecuada. En esa audiencia, el Juez dará su consideración definitiva a la TRANSACCIÓN EXTRAJUDICIAL y a cualquier objeción que reciba. Después de la AUDIENCIA para determinar si la TRANSACCIÓN EXTRAJUDICIAL es justa y adecuada, el Juez dictará una orden dando aprobación o desaprobación definitivas a la TRANSACCIÓN EXTRAJUDICIAL sujeta a cualquier apelación.

### E.   ¿Qué Pasa Si No Se Me Ha Enviado Por Correo un Formulario Abreviado de Notificación o un Notificación Por Correo Electrónico?

Toda persona que no reciba un formulario abreviado de notificación o un correo electrónico con el NÚMERO DE IDENTIFICACIÓN COMO MIEMBRO DE LA CLASE, pero crea que él o ella debe ser MIEMBRO DE LA CLASE, debe enviar por correo las pruebas e información al ADMINISTRADOR DE DEMANDAS demostrando por qué él o ella debiera ser incluido en la TRANSACCIÓN EXTRAJUDICIAL. Tal información debe estar firmada "bajo penalidad de perjurio" y debe incluir el nombre y dirección del demandante y las fechas en las cuales el demandante tuvo un DMP con MMI, y las cantidades que el individuo aduce fueron pagadas en carácter de (1) aranceles iniciales y/o (2) aranceles mensuales y/o contribuciones.

---

[1] Si MMI no tiene registros ya sea de la cantidad de un arancel inicial y/o de las contribuciones o el total de los aranceles mensuales y/o contribuciones, el ADMINISTRADOR DE DEMANDAS (1) revisará el contrato de los MIEMBROS DE LA CLASE DE LA TRANSACCIÓN EXTRAJUDICIAL y el número de meses en que el DMP estuvo activo, y si no tiene éxito entonces (2) aplicará el promedio de los registros existentes para todos los MIEMBROS DE LA CLASE para obtener la información del pago /contribución faltante.

5

Exhibit 2
Page 15

### F. ¿Qué Piensan Los Abogados de la Clase de la Transacción Extrajudicial?

Los ABOGADOS DE LA CLASE consideran que la TRANSACCIÓN EXTRAJUDICIAL es lo que más conviene a los intereses de los consumidores como UD. Mientras que los ABOGADOS DE LA CLASE creen en los méritos del caso, hay riesgos considerables en todo juicio, y  MMI tiene sustanciales defensas que los ABOGADOS DE LA CLASE no pueden pasar por alto.  Los ABOGADOS DE LA CLASE creen que la TRANSACCIÓN EXTRAJUDICIAL toma en cuenta, en forma justa y adecuada, las posibilidades de éxito y los riesgos de pérdida en el litigio.

## IV. ¿QUÉ PASA A CONTINUACIÓN?

### A. Tendrá Lugar Una Audiencia para Determinar si la Transacción Extrajudicial es Justa

El próximo evento en esta acción de clase, es una audiencia en la cual el Juez considerará si la TRANSACCIÓN EXTRAJUDICIAL y la petición de pago de honorarios por parte de los ABOGADOS DE LA CLASE son justas y adecuadas. El Juez ha ordenado que la audiencia definitiva para determinar si son justas y adecuadas (la "AUDIENCIA") tendrá lugar el 28 de Febrero del 2011 a la 1:30 de la tarde (o en cualquier otro horario que el Juez ordene, sin aviso adicional), en: Courtroom 9B, del United States District Court for the Central District of California, (Tribunal de Distrito de los Estados Unidos, Distrito Central de California) ubicando en: 411 West Fourth Street, Santa Ana, CA 92701, frente al Honorable Juez Cormac Carney. El fin de la AUDIENCIA será decidir definitivamente si la TRANSACCIÓN EXTRAJUDICIAL  propuesta es: justa, razonable, adecuada, y lo que más conviene a los intereses de los MIEMBROS DE LA CLASE. En esa audiencia, el Juez también decidirá cuáles son los honorarios que razonablemente se deben adjudicar a los ABOGADOS DE LA CLASE  a partir del fondo de la TRANSACCIÓN EXTRAJUDICIAL.

UD puede visitar el sitio: www.abatclass.com para cerciorarse de las actualizaciones de los horarios y de los resultados de la AUDIENCIA.

### B. ¿Necesito Asistir al Tribunal o Contratar un Abogado?

No. UD no necesita comparecer en esta audiencia, a menos que desee objetar a la transacción extrajudicial. Si la transacción extrajudicial recibe aprobación definitiva, se dictará un fallo desestimando las demandas en contra de todos los Demandados, sobre los méritos y sin derecho a entablar un nuevo juicio.  UD no necesita contratar un abogado para poder recibir su participación de la transacción extrajudicial.

### C. ¿Qué Pasa Si Estoy en Desacuerdo Con La Transacción Extrajudicial?

Si no desea ser parte de la TRANSACCIÓN EXTRAJUDICIAL, puede presentar un FORMULARIO DE  EXCLUSIÓN (el cual se adjunta), o suministrar su NÚMERO DE IDENTIFICACIÓN COMO MIEMBRO DE LA CLASE y su dirección por escrito, y enviarlo por correo, con matasellos postal fechado para el 17 de Febrero del 2011, a más tardar, al ADMINISTRADOR DE DEMANDAS pidiendo la exclusión.

Si está en desacuerdo con los términos de la TRANSACCIÓN EXTRAJUDICIAL  o tiene alguna otra razón para objetar a la misma, puede comparecer en la AUDIENCIA para objetar a los términos de la TRANSACCIÓN EXTRAJUDICIAL. Sin embargo, los MIEMBROS DE LA CLASE que deseen objetar, **deben presentar una objeción por escrito al Tribunal, concerniente al Caso No. SACV07-1476-CJC (ANx) y dirigida a: Clerk, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, con matasellos postal fechado para el 17 de febrero del 2011, y debe notificar de la objeción** a los ABOGADOS DE LA CLASE y a los abogados de MMI en el caso.  Las objeciones presentadas pasada la fecha, no serán consideradas. Los abogados de MMI son:

Douglas C. Emhoff, Esq.
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067

Lawrence H. Cooke, Esq.
Edward P. Boyle, Esq.
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020

6

Exhibit 2
Page 16

Todas las objeciones a la TRANSACCIÓN EXTRAJUDICIAL deben empezar con la siguiente declaración: "Yo objeto a la transacción extrajudicial propuesta en la "Acción de Clase de MMI" y deben indicar la base factual y legal para la objeción. Todas las objeciones deben también indicar el nombre y dirección de la persona que está objetando. Si presenta una objeción escrita dentro del plazo permitido, y no ha pedido la exclusión anteriormente, pude comparecer en la AUDIENCIA en persona, o a través de un abogado, a costo propio. Si contrata un abogado, su objeción debe así indicarlo e identificar a su abogado.

### D.   Pedido de Pago de Honorarios de Abogados para los Abogados de la Clase.

En la AUDIENCIA para determinar si la TRANSACCIÓN EXTRAJUDICIAL es justa y adecuada, los ABOGADOS DE LA CLASE harán una petición para que se les reembolse la cantidad $160.000 por costos que han contraído, más $1.625.000 (o el 25% del MONTO BRUTO DE LA TRANSACCIÓN EXTRAJUDICIAL) en carácter de honorarios. MMI ha acordado no oponerse a este pedido de honorarios. La ley dicta que en una acción de clase, un pedido de adjudicación de honorarios de abogados debe ser hecho mediante una petición en el momento establecido por el Juez y aprobado por el Juez. Lo mismo rige para un pedido de reembolso de costos que no serán pagados por el demandado. Por lo tanto, UD tiene derecho a esta notificación de petición. También tiene derecho a objetar a la petición.

### E.   ¿Qué Pasa si el Juez Aprueba la Transacción Extrajudicial?

*1.   UD adquiere el derecho a recibir una participación prorrateada del fondo de la transacción extrajudicial.*

Si el Juez concede aprobación definitiva a la transacción extrajudicial y UD no se ha excluido de la clase, entonces UD tendrá derecho a recibir su participación del fondo de la TRANSACCIÓN EXTRAJUDICIAL sin ninguna otra acción de su parte (y si su dirección es todavía válida).

*2.   Se considerará que UD ha exonerado a MMI y a cada una y todas las Instituciones Financieras de todas las Demandas que surjan de su DMP de MMI.*

Se considerará que UD ha exonerado para siempre a MMI de todas las demandas relacionadas a su DMP, y que ha exonerado a CHASE en relación a todos los pagos que recibió a través de un DMP mientras era administrado por MMI. Se considerará que UD ha exonerado a otras instituciones financieras con respecto a los pagos que recibieron del DMP de MMI si la demanda fue alegada en Abat. Si UD es de California, también se considerará que ha renunciado expresamente a las disposiciones del Código Civil de California §1542 el cual declara lo siguiente:

"Un descargo general no se extiende a las demandas que el acreedor no sabe o sospecha que existen a su favor en el momento de ejecutar el descargo, las cuales de haberle sido conocidas, hubieran afectado considerablemente su transacción extrajudicial con el deudor."

### F.   ¿Cómo Obtengo Más Información?

UD puede revisar le Segunda Demanda Enmendada, y todos los otros documentos presentados en esta litigio, a costo propio, y en forma electrónica. El sitio web del Tribunal se encuentra en: http://www.cacd.uscourts.gov/. Apriete "PACER" y siga las instrucciones en cuanto a cómo descargar las presentaciones escritas. Ciertas presentaciones escritas seleccionadas están disponibles sin costo en: www.abatclass.com para actualizaciones y preguntas frecuentes.

Exhibit 2
Page 17

**NO LLAME NI HAGA CONTACTO PERSONAL CON EL TRIBUNAL ACERCA DE LOS ASUNTOS ESTABLECIDOS EN ESTA NOTIFICACIÓN.**

Fechado: 15 de Diciembre del 2010

Por: <u>Garrett M. Smith</u>

Garrett M. Smith (Admitted Pro Hac Vice)
GARRETT M. SMITH, PLLC
100 Court Square, Suite A
Charlottesville, VA 22902

Gary W. Kendall (Admitted Pro Hac Vice)
MICHIE HAMLETT ATTORNEYS AT LAW
500 Court Square, Suite 300
Charlottesville, VA 22902

David J. Vendler, (SBN 146528)
MORRIS POLICH & PURDY LLP
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017

Joseph W. Cotchett (SBN 36324)
Niall P. McCarthy (SBN 160175)
Anne Marie Murphy (SBN 202540)
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, California 94010

Gregory Duncan (Admitted Pro Hac Vice)
LAW OFFICES OF GREGORY DUNCAN
412 East Jefferson Street
Charlottesville, VA 22902

ABOGADOS DE LOS DEMANDANTES

8

Exhibit 2
Page 18



| DEBE LLEVAR MATASELLOS POSTAL FECHADO EL 17 DE FEBRERO DEL 2011 A MÁS TARDAR |
|---|

**Abat Class Claims Administrator**
c/o The Garden City Group, Inc.
P.O. Box 9700
Dublin, OH 43017-5600
Línea Gratis: 1 (888) 813-7480

MMI

Claim No:                    Control No:

| CORRECCIONES DE INFORMACIÓN DE DIRECCIÓN REQUERIDAS |
|---|
| Si la dirección pre-impresa a la izquierda es incorrecta o necesita actualizarla, O si no hay datos pre-impresos a la izquierda, **UD DEBE** suministrar su nombre y dirección actuales aquí: |
| Nombre: |
| Dirección: |
| Ciudad/Estado/ Código postal: |

## FORMULARIO DE EXCLUSIÓN

Abat et al. v. Chase Bank USA, N.A., et al., Caso No. SACV07-1476-CJC
(CTx) (C.D. Cal.).

### NO COMPLETE ESTE FORMULARIO
### SI DESEA RECIBIR UN PAGO DE LA TRANSACCIÓN EXTRAJUDICIAL
### Y DESEA PARTICIPAR EN LA TRANSACCIÓN EXTRAJUDICIAL

LA FECHA LÍMITE DE MATASELLOS POSTAL PARA ESTE FORMULARIO ES EL 17 DE
FEBRERO DEL 2011.

RE ENVIE ESTE FORMULARIO POR CORREO A:
Abat Class Claims Administrator
c/o The Garden City Group, Inc.
P.O. Box 9700
Dublin, OH 43017-5600
Línea Gratis: 1 (888) 813-7480

**PEDIDO DE EXCLUSIÓN:**

Al firmar y re enviar por correo este Formulario de Exclusión, UD certifica que desea ser excluido de la Transacción Extrajudicial que se describe en la "Notificación de Transacción Extrajudicial en una Acción de Clase." Si UD se excluye de esta Transacción Extrajudicial: (1) perderá todo derecho a recibir dinero alguno conforme a los términos de la Transacción Extrajudicial; (2) los términos de la Transacción Extrajudicial no serán vinculantes para UD; (3) no tendrá derecho a objetar a la Transacción Extrajudicial ni de expresar sus objeciones en la Audiencia de Aprobación Definitiva; (4) si así lo desea, puede entablar su propio juicio con respecto a este asunto hasta los límites permitidos por ley sin que la Transacción Extrajudicial le impida hacer valer ninguna de sus demandas.

Si no desea participar en la Transacción Extrajudicial, pero no presenta un Formulario de Exclusión dentro de las fechas límites, la Transacción Extrajudicial puede impedirle hacer valer una acción que pueda interponer en contra de Money Management International Inc., Money Management By Mail, Inc. y Chase Bank N.A. por demandas exoneradas mediante la Transacción Extrajudicial.

1

Exhibit 2
Page 19



Si tiene alguna pregunta acerca de este Formulario de Exclusión o de sus derechos conforme a la  Transacción Extrajudicial, puede consultar la notificación a la clase o ponerse en contacto con los Abogados de la Clase, en las direcciones y números de teléfonos que figuran abajo:

NIALL P. McCARTHY
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 697-0577

DAVID VENDLER
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Garrett Smith
**MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL PLLC**
500 Court Square, Suite 300
Charlottesville, VA 22902
Telephone: (434) 951-7200
Facsimile: (434) 951-7242

Gregory Duncan
**LAW OFFICES OF GREGORY DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902
Telephone: (434) 979-8556
Facsimile: (434) 979-9766

Al firmar este Formulario de Exclusión, por la presente opto excluirme de la Transacción Extrajudicial.  Además, al firmar este Formulario de Exclusión, entiendo que renuncio a mi derecho a recibir beneficio alguno de la Transacción Extrajudicial, y que los términos de la Transacción Extrajudicial no serán vinculantes para mí y que no tendré derecho a objetar a la Transacción Extrajudicial en la Audiencia de Aprobación Definitiva.

Fechado: _____

_____
**Firma**

_____
**Nombre en Letras de Molde**

No. de teléfono  (para que el Administrador de Demandas pueda ponerse en contacto con UD de ser  necesario):
(_____) _____

2

Exhibit 2
Page 20

# EXHIBIT B

Exhibit 2
Page 21

## IMPORTANT CLASS ACTION SETTLEMENT INFORMATION ENCLOSED

<u>THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. KEEP IT AND READ IT CAREFULLY.</u>

In September 2010, a settlement was reached to partially end a proposed class action brought by Janice Abat and other consumers against Money Management International, Inc. ("MMI") and others ("Abat Case"). The U.S. District Court for the Central District of California has ordered this notice to be sent you because MMI administered a debt management plan ("DMP") for you, and you paid it fees or contributions between December 28, 2002 and November 4, 2010. <u>You are not being sued.</u>

**A.   What Is The Abat Case About?** Plaintiffs allege DMPs included credit repair services covered by the federal Credit Repair Organizations Act ("CROA"); that MMI and other CCAs did not operate like a true not for profit, and that certain activities violated CROA and/or benefited certain financial institutions. MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization. MMI further asserts that by its terms the Credit Repair Organizations Act did not apply to MMI. The Abat Case only seeks restitution of your fees and contributions, not your payments to creditors. Chase Bank U.S.A., N.A., ("Chase") also was sued in the Abat Case; certain claims against Chase are released in the partial settlement, but others are not. Chase denies all the claims asserted against it.

**B.   What Are The Settlement Terms?** <u>The parties to the settlement agree that these are disputed claims and Defendants deny all wrongdoing.</u> Due to the uncertainty and risks of litigation, Class Counsel recommend this Settlement. MMI agreed to settle the claims by paying the estimated 415,000 Class Members $6.5 million. Class Members who do not exclude themselves will automatically receive a pro rata share and will be deemed to have released MMI of all claims, and to have released Chase relating to any payments it received through a DMP while it was administered by MMI. You will be deemed to have released other financial institutions with respect to payments they received from your MMI DMP if the claim was alleged in Abat. Plaintiffs' claims against Chase based on its dealings with other credit counseling agencies are not released and are not part of the Settlement.

**C.   What If I Want More Information Or Do Not Want to Participate?** If you want more information, visit the www.abatclass.com web site or call (888) 813-7480. If you don't want to participate, download and mail an Exclusion form, or write to the Claims Administrator stating that you want to exclude yourself. Your mailing must be postmarked before February 17, 2011, and mailed to Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

**D.   What's My Share, Who Pays Me and When?** After attorneys' fees, costs and class representative enhancements, the Settlement fund will hold approximately $4.7 million which will be divided pro rata among all Settlement Class Members based on the amount of fees they actually paid or contributed to MMI. It is not possible to know the amount of anyone's payment at this time. We expect to issue payments in spring 2011.

**E.   How Do I Object?** You can file an objection setting forth your reasons why the proposed settlements shouldn't be approved. It must: (a) be signed under penalty of perjury, (b) state your reasons for objecting; (c) name any attorney you expect to represent you; (d) be postmarked before February 17, 2011, (f) be addressed to (i) Clerk, U.S. District Court, Central District of California, with copies to (ii) Abat Class Counsel, Niall McCarthy, Cotchett, Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA  94010, and (iii) Lawrence H. Cooke, Venable LLP, Rockefeller Center, 1270 Avenue of the Americas, 25th Floor, New York, New York 10020.

**F.   When and Where Is There A Hearing?** There will be a fairness and adequacy hearing on February 28, 2011 in Courtroom 9B, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 at 1:30 p.m., before the Hon. Cormac J. Carney, to decide objections, and whether the proposed settlements are fair, reasonable, adequate, and in the best interests of the class, and to approve Plaintiffs' counsel's fees, costs and the class representatives enhancements. Updates will be available at the www.abatclass.com.

**G.   For More Information.** All public filings in the Abat Case are available at your expense at the Court's web site: http://www.cacd.uscourts.gov/ under Case No. SACV07-1476-CJC (ANx). Click on "PACER" and follow the instructions as to how to download pleadings. Do not contact the defendants, the Court, the Clerk or the Judge about this litigation. They are not permitted to answer your questions.

Exhibit C
Page 14

Exhibit 2
Page  22

**THIS NOTICE MAY AFFECT YOUR RIGHTS. READ IT CAREFULLY.**

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Case No. SACV07-1476-CJC (ANx)**

**NOTICE AND SUMMARY OF PARTIAL CLASS ACTION SETTLEMENT**

**Benefitting Consumers Who Paid Fees Or Contributed to MMI/Money Management International from December 28, 2002 Through November 4, 2010**

## I. ABOUT THE LAWSUIT

> The Abat plaintiffs alleged against MMI: MMI debt management plans ("DMPs") included improper credit repair services prohibited by the federal Credit Repair Organizations Act; MMI did not operate like a tax-exempt, not-for-profit; MMI statements that it is a not-for-profit were false; and MMI's activities improperly benefited financial institution creditors. MMI denied all of plaintiffs' allegations and asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization. MMI further asserted that by its terms the Credit Repair Organizations Act did not apply to MMI. The Abat Case only seeks reimbursement or restitution of your fees and contributions. It does not affect your payments to creditors.

### A. Who Filed the Case and Who Is It Against?

On December 28, 2007, the plaintiffs, JANICE ABAT, JEANNE ROSSRAN, NANCY WILKSEN and others started a purported class action lawsuit in the United States District Court for the Central District of California against Defendants Money Management International, Inc. and Money Management By Mail, Inc. (collectively, "MMI") and others. ABAT, ROSSEAN and WILKSEN were later joined in their claims against MMI by ERICA HALL (who will together be referred to as the INDIVIDUAL PLAINTIFFS or the CLASS REPRESENTATIVES).

### B. Who Else is Involved?

MMI and certain other entities that are identified in the complaint but not named as defendants (the "DW CCAs") are alleged to have extended private benefit to Chase Bank U.S.A., N.A. (hereafter "CHASE"). CHASE denies these allegations. The allegations pertaining to the relationships and payments among the DW CCAs and CHASE are not included in the SETTLEMENT.

In September 2010, the INDIVIDUAL PLAINTIFFS and MMI agreed to end the case against MMI, and part of the case against CHASE under a written agreement called a SETTLEMENT. This partial settlement will resolve all claims against MMI as well as any financial institution (such as CHASE) that received payments via MMI pursuant to a DMP. You received this notice and are a CLASS MEMBER because records show you paid fees or contributions after December 28, 2002 under a DMP administered by MMI. You are therefore affected by the SETTLEMENT.

Exhibit 2
Page 23

**C.   What's the Case About?**

Plaintiffs alleged that MMI operated like a for-profit organization, that it was in the business of credit repair but failed to follow the requirements of the Credit Repair Organizations Act (CROA) and that it was improperly collecting debts due to FINANCIAL INSTITUTIONS.   Plaintiffs further alleged that MMI's close relationship with FINANCIAL INSTITUTIONS caused it to fail to act with complete candor towards consumers, thereby violating fiduciary duties it owed to them.  Plaintiffs further alleged that MMI was a debt collector within the meaning of the Fair Debt Collection Practices Act, and failed to disclose that status to consumers, and otherwise misrepresented itself to them.  Plaintiffs further alleged that the foregoing business practices of MMI violated California's Unfair Competition Law and its Consumers Legal Remedies Act.  This is a summary of the legal claims against MMI in *Abat*, all of which are detailed in the Second Amended Complaint, which you may review at the www.abatclass.com website.

MMI and CHASE denied all of these allegations.  MMI asserted defenses including the results of a comprehensive, multi-year audit where the Internal Revenue Service determined MMI has operated as a tax exempt organization, and MMI asserted that the terms of CROA do not apply to it because it did not provide credit repair and because it was a tax exempt, not for profit organization.  CHASE has asserted, among other defenses, that Plaintiffs' claims are time-barred by applicable statutes of limitations.

**II.   ABOUT THE SETTLEMENT**

This Notice and Summary of Class Action Settlement (the "NOTICE") is intended to place you on notice of the SETTLEMENT, to briefly summarize its terms in understandable language, and to advise you of your rights under it.  The SETTLEMENT is detailed in a document called Joint Stipulation of Partial Class Action Settlement and Release.  You may obtain a copy of this document and certain other case-related materials free of charge from the CLAIMS ADMINISTRATOR by calling (888) 813-7480 or on the internet at www.abatclass.com.

**A.   Why Is There A Settlement?**

The Court did not conduct a trial and did not determine whether the claims being settled were valid.  Instead, to avoid the risk and expense of a trial, the settling parties have agreed to terms of settlement that CLASS COUNSEL believe are fair, reasonable and adequate to the classes.  Under the terms of the SETTLEMENT, the Plaintiffs will receive a recovery, but it is impossible to know whether the recovery is greater or lesser than what they might have obtained at trial.

**B.   What Should I Do With My Post Card or Email Notice?**

> If you received a post card or email notice of this case with a unique Class Member Identification Number, then you are automatically treated as a Class Member.  Keep the Class Member Identification Number for future reference.

All Class Members should be sent a short post card notice or email notice with a unique CLASS MEMBER IDENTIFICATION NUMBER.  If you were incorrectly identified as a CLASS MEMBER because you never paid money to MMI after December 28, 2002, please notify the CLAIMS ADMINISTRATOR, or simply file an EXCLUSION FORM.

**C.   Who Are The Class Members  and Who Gets Paid in the Settlement**

> "Class Members" are all individuals nationwide who have paid initial or monthly fees and/or made contributions to MMI for DMP services at any time from December 28, 2002 through November 4, 2010.  Class Members who don't exclude themselves become Settlement Class Members and will participate in the Settlement automatically.

Exhibit 2
Page 24

### D.  Who Represents the Class

In addition to MS. ABAT, MS. ROSSEAN, Ms. WILKSEN and MS. HALL, who are acting as representatives of consumers, the following attorneys seek to be designated as "CLASS COUNSEL":

(1) Niall McCarthy, Esq. and Ann Marie Murphy, Esq. of Cotchett Pitre & McCarthy, 840 Malcolm Road, Suite 200, Burlingame, CA  94010. (2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017. (3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(2) David J. Vendler, Esq., of Morris, Polich & Purdy LLP, 1055 West Seventh Street, 24th Floor, Los Angeles, CA 90017.

(3) Gregory S. Duncan, Esq., 412 East Jefferson Street, Charlottesville, VA 22902.

(4) Gary W. Kendall, Esq., MichieHamlett, Attorneys at Law, 500 Court Square, Suite 300, P.O. Box 298, Charlottesville, VA 22902-0298.

(5) Garrett M. Smith, Esq., Garrett M. Smith, PLLC, 100 Court Square Annex, Suite A, Charlottesville, VA 22902.

### E.  How Does This Affect Me?

> If we don't hear from you excluding yourself, you will automatically be included in the Settlement, and you will automatically receive your share of the Settlement, if the court approves it (and if the address we have for you is still valid).

If you are a CLASS MEMBER and do not exclude yourself, you will be considered a member of the SETTLEMENT CLASS. You may show these materials to an attorney if you wish, but you do not need to do that just to get paid.  If your present address is different from the address at which MMI last contacted you, or if it will change in the future, make sure you provide an address for mail forwarding by the CLAIMS ADMINISTRATOR at:  Abat Class Claims Administrator, c/o The Garden City Group, Inc., P.O. Box 9700, Dublin, OH 43017-5600.

### F.  Where Did You Get Your Information About Me?

As part of the SETTLEMENT, MMI has prepared a list of all persons eligible to be CLASS MEMBERS, and agreed to deliver this notice to you if you are an existing client.  If you are a former DMP client, it provided the information confidentially to the CLAIMS ADMINISTRATOR so that it could contact you.  MMI is also in possession of information relating to the fees and/or contributions you paid to MMI, which will be used to calculate your share of the proceeds.

### III.  SUMMARY OF THE PROPOSED SETTLEMENT

### A.  What Does the Settlement Pay Out, and to Whom?

The SETTLEMENT AGREEMENT provides that MMI will pay the estimated 415,000 Class Members $6.5 million to settle and compromise the Class Members' claims for reimbursement or restitution of their fees and/or contributions. This is referred to as the GROSS SETTLEMENT AMOUNT.

CLASS COUNSEL anticipate requesting reimbursement of $160,000 in costs they have incurred, plus $5,000 for each of the four CLASS REPRESENTATIVES, plus 25% of the GROSS SETTLEMENT AMOUNT as their fee.

It is therefore anticipated that approximately $4,695,000 will be available for payment to the SETTLEMENT CLASS MEMBERS.  This is referred to as the NET SETTLEMENT AMOUNT.  The division of the NET SETTLEMENT AMOUNT pro rata among the SETTLEMENT CLASS MEMBERS will be performed by the CLAIMS ADMINISTRATOR.

Exhibit 2
Page 25

> You release (1) all claims against MMI regarding your DMP and the claims in the *Abat* case; and (2) your claims against Chase or any other Financial Institution with respect to payments Chase or the other Financial Institution received under the DMP and through MMI (however, if you had a DMP with one of the DW CCAs, your claims against Chase relating to that CCA are not released), and (3) your claims against other Financial Institutions with respect to payments they received under your DMP administered by MMI if the claim was alleged in *Abat*.

## B.   What Am I Giving Up, and What Am I Getting?

As a member of the SETTLEMENT CLASS, you will be bound by the terms and by any judgment entered as a result of the SETTLEMENT, and will be permanently prevented from making any of the claims released in this matter at any time in the future. You will be deemed to have released (1) MMI "from all matters, events, causes or things whatsoever arising out of, relating to or in any way connected with (a) a debt management plan with MMI . . .; and (b) any of the facts, circumstances, transactions, events, occurrences, acts, omissions or failures to act that are or could have been alleged in the litigation against the MMI Defendants"; and (2) CHASE "from any and all claims, actions, and causes of action, known or unknown, arising from payments it received from members of the MMI SETTLEMENT CLASS pursuant to DMPs administered by MMI; however, regarding those SETTLEMENT CLASS MEMBERS who became MMI customers as a result of MMI's acquisition of DMPs from the bankruptcy estate of AmeriDebt, Inc. this release extinguishes only claims against CHASE arising from facts and circumstances that occurred during the time MMI administered those DMPs and specifically excludes those claims that arose before the transfer of the DMPs to MMI", and (3) any other FINANCIAL INSTITUTIONS from any and all "claims, actions, and causes of action arising from payments they received from members of the . . . SETTLEMENT CLASS pursuant to DMPs administered by MMI during the Class period that were specifically alleged by the . . . Plaintiffs in the Second Amended Complaint filed in this action. This release specifically excludes all claims that arose before the transfer of AmeriDebt's DMPs to MMI." Certain Plaintiffs also assert claims against CHASE relating to DMPs administered by certain other credit counseling agencies, but these claims are not part of the SETTLEMENT, no class has been certified in regard to these claims, and these claims have been denied by CHASE. These claims will not be released.

In exchange, you will receive your share of the proceeds of the SETTLEMENT FUND for your share of the NET SETTLEMENT AMOUNT.

## C.   Who Will Pay Me, How Much, and When?

> (1) If you are a <u>former</u> client of MMI, then the Claims Administrator will send you your share of the recovery. (2) If you are a <u>current</u> client of MMI, then MMI will send you your share of the recovery in cash or in credits towards your DMP in MMI's discretion, but the amount of your recovery will be determined by the Claims Administrator and will not change.
>
> Only the Claims Administrator can calculate the payments. This will be done until after January 15, 2011. Payments should be distributed by the Claims Administrator within 45 days of the Settlement Effective Date.

It is impossible to determine the value of individual recoveries at this time, since it is unknown how many SETTLEMENT CLASS MEMBERS the parties will be able to locate. In the unlikely event that all CLASS MEMBERS were to participate, the average recovery would be approximately $11.31.

The above estimate reflects average payments only. **Your payment will be calculated based on MMI's data**[1] **indicating the sum of any initial payment to MMI plus all of your monthly payments of fees and contributions to MMI, divided by the total all such fees and contributions made by all consumers to MMI during the CLASS PERIOD, and adjusted by the number of SETTLEMENT CLASS MEMBERS.** Your payment will not include or be based upon any portion of your payments to MMI that were paid to your creditors by MMI. If a SETTLEMENT CLASS MEMBER'S initial fee or contribution plus all monthly fees or contributions is greater than those of a second

---

[1] If MMI lacks records of either an initial fee and/or contributions amount or the total monthly fees and/or contributions, then the CLAIMS ADMINISTRATOR will (1) review the SETTLEMENT CLASS MEMBER'S contract and the number of months the DMP was active, and if unsuccessful, then will (2) apply the average of existing records for all CLASS MEMBERS for the missing payment/contribution information.

Exhibit 2
Page 26

SETTLEMENT CLASS MEMBER, the first will receive somewhat more than the second.   The precise amount of your payment will be calculated by the CLAIMS ADMINISTRATOR, and will not be known until it has all of the necessary information. Distributions will be capped at $500.

**D.   Has The Settlement Been Approved In Any Way?**

The Court considered the SETTLEMENT and entered an Order preliminarily approving the SETTLEMENT on November 4, 2010. The preliminary approval is not a final determination.

On February 28, 2011, a fairness and adequacy HEARING will be conducted by the Court. At that hearing, the Court will give final consideration to the SETTLEMENT and to any objections it receives. After the fairness and adequacy HEARING, the Court will issue an order that will finally approve or disapprove the SETTLEMENT subject to any appeal.

**E.   What If I Was Not Mailed a Post Card or Email Notice?**

Anyone who does not receive a postcard or email with a CLASS MEMBER IDENTIFICATION NUMBER but who believes that he or she should be a CLASS MEMBER, must mail evidence and information to the CLAIMS ADMINISTRATOR demonstrating why he or she should be included in the SETTLEMENT. Such information must be signed "under penalty of perjury" and must include the claimant's name, address, the dates during which the claimant had a DMP with MMI, and the amounts that the individual claims was paid in (1) initial and/or (2) monthly fees and/or contributions.

**F.   What Do Class Counsel Think of the Settlement?**

CLASS COUNSEL consider the SETTLEMENT to be in the best interests of consumers like you.  While CLASS COUNSEL believe in the merits of the case, there are substantial risks in every trial, and MMI has substantial defenses that CLASS COUNSEL cannot overlook. CLASS COUNSEL believe the SETTLEMENT fairly and adequately accounts for the chances of success and the risks of loss in the litigation.

**IV. WHAT HAPPENS NEXT?**

**A.   There Will Be A Hearing on the Fairness of the Settlement**

The next event in this class action is a fairness and adequacy hearing for the Court's consideration of the SETTLEMENT and CLASS COUNSEL's motion for fees. The Court has ordered that the final fairness and adequacy hearing (the "HEARING") will be held on February 28, 2011 at 1:30 p.m. (or such other time as the Court may, without further notice, direct), in Courtroom 9B, at the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable Cormac Carney. The purpose of the HEARING will be to finally determine whether the proposed SETTLEMENT are: fair, reasonable, adequate, and in the best interests of the CLASS MEMBERS. The Court will also determine at that hearing the fees that reasonably should be awarded from the SETTLEMENT fund to CLASS COUNSEL.

You may check for updates on the timing and the results of the HEARING at www.abatclass.com.

**B.   Do I Need to Come to Court or Hire a Lawyer?**

No. You do not need to appear at this hearing unless you want to object to the settlement. If the settlement is finally approved, a judgment will be entered dismissing the claims against all of the Defendants on the merits and with prejudice.  You do not need to hire a lawyer to receive your share of the settlement.

**C.   What If I Disagree With The Settlement?**

If you don't want to be in the SETTLEMENT, you may file an EXCLUSION FORM (which is attached), or provide

5

Exhibit 2
Page 27

your CLASS MEMBER IDENTIFICATION NUMBER and address in a signed writing mailed to the CLAIMS ADMINISTRATOR requesting exclusion and postmarked on or before February 17, 2010.

If you disagree with the terms of the SETTLEMENT or have some other reason for objecting to it, you may appear at the HEARING to object to the terms of the SETTLEMENT. However, CLASS MEMBERS who wish to object **must file a written objection with the Court concerning Case No. SACV07-1476-CJC (ANx) to Clerk, U.S. District Court for the Central District of California, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516, postmarked on or before Febuary 17, 2011, and must serve the objection on CLASS COUNSEL and on MMI's attorneys in the case. Late-filed objections will not be considered.** MMI's attorneys are:

Douglas C. Emhoff, Esq.
VENABLE LLP
2049 Century Park East, Suite 2100
Los Angeles, California 90067

Lawrence H. Cooke, Esq.
Edward P. Boyle, Esq.
VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020

Any objections to the SETTLEMENT should begin with the following statement: "I object to the proposed settlement in the MMI Class Action" and must state the factual and legal basis for the objection. All objections must also state the objector's name and address. If you file a timely written objection and have not previously requested exclusion, you may appear at the HEARING in person or through an attorney at your own expense. If you hire an attorney, your objection should so state and identify your attorney.

**D.   Class Counsel's Claim for Attorneys fees.**

At the fairness and adequacy HEARING, CLASS COUNSEL will move for reimbursement of $160,000 in costs they have incurred, plus $1,625,000 (or 25% of the GROSS SETTLEMENT AMOUNT) as their fee. MMI has agreed not to oppose this requested fee. The law requires that in a class action, a claim for an award of attorneys' fees must be made by a motion at a time set by the Court and approved by the Court. The same is true of a claim for costs that will not be borne by the defendant. You are therefore entitled to this notice of the motion. You are also entitled to object to the motion.

**E.   What Happens if the Court Approves the Settlement?**

*1. You will become entitled to your pro rata share of the settlement fund.*

If the Court finally approves the settlement and you have not excluded yourself from the class, then you will be entitled to receive your share of the SETTLEMENT fund without any further action on your part (and if your address is still valid).

*2. You will be deemed to have released MMI and any and all Financial Institutions for all Claims arising from your MMI DMP.*

You will be deemed to have forever released MMI from all claims relating to its DMP, and to have released CHASE relating to any payments it received through a DMP while it was administered by MMI. You will be deemed to have released other financial institutions with respect to payments they received from your MMI DMP if the claim was alleged in Abat. If you are from California, you will also be held to have expressly waived the provisions of California Civil Code §1542 which reads as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Exhibit 2
Page 28

**F.   How Do I Learn More?**

You may inspect the Second Amended Complaint, and all of the other papers filed in this lawsuit at your cost by electronic means. The Court's web site is at http://www.cacd.uscourts.gov/.   Click on PACER and follow the instructions as to how to download pleadings. Certain select pleadings are available without cost at www.abatclass.com for updates and frequently asked questions.

**DO NOT CALL OR PERSONALLY CONTACT THE COURT ABOUT MATTERS SET FORTH IN THIS NOTICE.**

Dated: November 4, 2010

By:_____

Garrett M. Smith *(Admitted Pro Hac Vice)*
GARRETT M. SMITH, PLLC
100 Court Square, Suite A
Charlottesville, VA 22902

Gary W. Kendall *(Admitted Pro Hac Vice)*
MICHIE HAMLETT ATTORNEYS AT LAW
500 Court Square, Suite 300
Charlottesville, VA 22902

David J. Vendler, (SBN 146528)
MORRIS POLICH & PURDY LLP
1055 W. Seventh Street, 24th Floor
Los Angeles, CA 90017

Joseph W. Cotchett (SBN 36324)
Niall P. McCarthy (SBN 160175)
Anne Marie Murphy (SBN 202540)
COTCHETT, PITRE & MCCARTHY
840 Malcolm Road, Suite 200
Burlingame, California 94010

Gregory Duncan *(Admitted Pro Hac Vice)*
LAW OFFICES OF GREGORY DUNCAN
412 East Jefferson Street
Charlottesville, VA 22902

*ATTORNEYS FOR PLAINTIFFS*

7

Exhibit D
Page 21

Exhibit 2
Page 29

# EXCLUSION FORM

Abat et al. v. Chase Bank USA, N.A., et al., Case No. SACV07-1476-CJC (CTx) (C.D. Cal.).

### DO NOT COMPLETE THIS FORM
### IF YOU WISH TO RECEIVE A SETTLEMENT PAYMENT
### AND WISH TO PARTICIPATE IN THE SETTLEMENT

THE POSTMARK DEADLINE FOR THIS FORM IS _____, 2010.

RETURN THIS FORM BY MAIL TO:
Abat Class Claims Administrator
Garden City Group, Dublin, OH 43017-5600
Toll Free: (888) 813-7480

**A postage pre-paid envelope has been included for your use in returning this form.**

[Claim Number]                          Name/Address Changes, if any:
[Name]                                  _____
[Address]                               _____
[City, State, Zip]                      _____

**REQUEST FOR EXCLUSION:**

By signing and returning this Exclusion Form, you certify that you wish to be excluded from the Settlement described in the accompanying "Notice of Class Action Settlement." If you exclude yourself from this Settlement, (1) you will have no right to receive any money under the terms of the Settlement; (2) you will not be bound by the terms of the Settlement; (3) you will have no right to object to the Settlement and be heard at the Final Approval Hearing; (4) if you so choose, you may file your own lawsuit on this subject to the extent permitted by law without the Settlement barring any of your claims.

If you do not want to participate in the Settlement, but you do not file an Exclusion Form by the above deadline, the Settlement may bar any action you bring against Money Management International Inc., Money Management By Mail, Inc. and Chase Bank N.A. for claims released through the Settlement.

If you have any questions about this Exclusion Form or your rights under the Settlement, you may consult the class notice or contact any member of Class Counsel at the address and telephone number listed below:

Exhibit 2
Page 30

NIALL P. McCARTHY
**COTCHETT, PITRE & McCARTHY**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

DAVID VENDLER
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178

Garrett Smith
**MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL PLLC**
500 Court Square, Suite 300
Charlottesville, VA 22902
Telephone: (434) 951-7200
Facsimile: (434) 951-7242

Gregory Duncan
**LAW OFFICES OF GREGORY
DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902
Telephone: (434) 979-8556
Facsimile: (434) 979-9766

By signing this Exclusion Form, I hereby opt out of the Settlement. Furthermore, by signing this Exclusion Form, I understand that I will forego my right to receive any settlement benefits under the Settlement, I will not be bound by the terms of the Settlement, and I will have no right to object to the Settlement and be heard at the Final Approval Hearing.

Dated: _____                _____
                                           **Signature**

                                           _____
                                           **Print Name**

Telephone # (so the Claims Administrator can contact you if necessary): (____) _____

Exhibit 2
Page 31