1  JOSEPH W. COTCHETT (SBN 36324)
   jcotchett@cpmlegal.com
2  NIALL P. McCARTHY (SBN 160175)
   nmccarthy@cpmlegal.com
3  ANNE MARIE MURPHY (SBN 202540)
   amurphy@cpmlegal.com
4  **COTCHETT, PITRE & McCARTHY, LLP**
   840 Malcolm Road, Suite 200
5  Burlingame, California 94010
   Telephone:   (650) 697-6000
6  Facsimile:   (650) 692-3606

7  DAVID VENDLER (SBN 146528)
   dvender@mpplaw.com
8  **MORRIS, POLICH & PURDY, LLP**
   1055 West Seventh Street, 24th Floor
9  Los Angeles, California 90017
   Telephone:   (213) 891-9100
10 Facsimile:   (213) 488-1178

11 [Additional Plaintiffs' Counsel on Signature Page]

12 *Attorneys for Plaintiffs*

13            **UNITED STATES DISTRICT COURT**

14            **CENTRAL DISTRICT OF CALIFORNIA**

15

| | |
|---|---|
| 16 **JANICE J. ABAT; ILDIKO NYLEN;** | Case No. SACV 07-1476 CJC (ANx) |
| 17 **JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON** | |
| 18 **CARRIERO; NANCY WILKSEN;** on behalf of themselves and all other | **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR** |
| 19 persons similarly situated, | **FINAL APPROVAL OF PARTIAL SETTLEMENT OF** |
| 20 Plaintiffs, | **CLASS CLAIMS WITH THE MMI DEFENDANTS;** |
| 21 vs. | **MEMORANDUM OF POINTS AND AUTHORITIES** |
| 22 **JPMORGAN CHASE & CO.; CHASE MANHATTAN BANK USA,** | |
| 23 **N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY** | Date:      February 28, 2011 |
| 24 **MANAGEMENT BY MAIL, INC.;** and **MONEY MANAGEMENT** | Time:      1:30 p.m. Crt. Rm:   9-B |
| 25 **INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,** | Judge:     Hon. Cormac J. Carney |
| 26 Defendants. | |

27

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)

# TABLE OF CONTENTS

**NOTICE OF MOTION AND MOTION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

**MEMORANDUM OF POINTS AND AUTHORITIES**. . . . . . . . . . . . . . . . . . . 1

**I.    INTRODUCTION AND SUMMARY**. . . . . . . . . . . . . . . . . . . . . . . . 1

**II.   PROCEDURAL HISTORY**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    Plaintiffs' Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Parties' Exchange of Information. . . . . . . . . . . . . . . . . . . . . . 3

    C.    Third-Party Discovery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.    Procedural Milestones. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    E.    Mediation and Negotiations. . . . . . . . . . . . . . . . . . . . . . . . . 4

**III.  KEY SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    The Settlement Fund. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.    Notice to Class. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.    Claims Administration. . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**IV.   LEGAL STANDARD**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    A.    Settlements That Are Fair, Adequate, and Reasonable Warrant Approval by the Court. . . . . . . . . . . . . . . . . . . . . 13

    B.    The Law Favors Prompt Resolution of Class Action Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**V.    ANALYSIS: THE SETTLEMENT SATISFIES THE STANDARDS FOR JUDICIAL APPROVAL**. . . . . . . . . . . . . . . . 15

    A.    The Settlement Resulted from Arm's Length Negotiations and the Experience and Views of Counsel Favor Settlement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    B.    The Strength of the Plaintiffs' Cases Is Well-Supported. . . . . 17

    C.    Settlement is Appropriate in Light of the Risks Involved and the Results Achieved. . . . . . . . . . . . . . . . . . . . . . . . . 18

    D.    Maintaining Class Certification. . . . . . . . . . . . . . . . . . . . . 18

        1.    Common Questions of Law and Fact Predominate. . . . 19

        2.    Class Treatment is Superior. . . . . . . . . . . . . . . . . . . . 21

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                                 i

E.   Amount of Settlement and Benefits to the Class. . . . . . . . . . 22

F.   The Extent of Discovery Completed and the Well Developed Record Favor Final Approval of the Settlement. . 23

G.   The Experience and Views of Counsel Favor Final Approval. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

H.   The Absence of Significant Opposition to the Settlement Supports Final Approval of the Settlement. . . . . . . . . . . . . . 25

**VIII. CONCLUSION**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    ii

1

## TABLE OF AUTHORITIES

2

## CASES

3   *7-Eleven Owners for Fair Franchising v. Southland Corp.*
     85 Cal. App. 4th 1135 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
4
   *Alberto v. GMRI, Inc.*
5     252 F.R.D. 652 (E.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

6   *Amchem Prods., Inc. v. Windsor*
     521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3)) . . . . . . . . . . . . 19, 21, 22
7
   *Behrens v. Wometco Enterprises, Inc.*
8     118 F.R.D. 534 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990) . . . . . 14

9   *Bell Atlantic Corp. v. Bolger*
     2 F.3d 1304 (3d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25
10
   *Blackie v. Barrack*
11     524 F.2d 891 (9th Cir. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

12  *Boyd v. Bechtel Corp.*
     485 F. Supp. 610 (N.D. Cal. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
13
   *Class Plaintiffs v. Seattle*
14     955 F.2d 1268 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 15

15  *D'Amato v. Deutsche Bank*
     236 F.3d 78 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
16
   *Diaz v. Trust Territory of Pac. Islands*
17     876 F.2d 1401 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

18  *Dunk v. Ford Motor Co.*
     48 Cal. App. 4th 1794 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
19
   *Ellis v. Naval Air Rework Facility*
20     87 F.R.D. 15 (N.D. Cal. 1980), aff'd, 661 F.2d 939 (9th Cir. 1981) . . . . . . 15

21  *Fischer v. Kletz*
     41 F.R.D. 377 (9th Cir. 1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
22
   *Franklin v. Kaypro Corp.*
23     884 F.2d 1222 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

24  *Gunnells v. Healthplan Services*
     348 F.3d 417 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
25
   *Hanlon v. Chrysler Corp.*
26     150 F.3d 1011 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13-15

27  *Harris v. Palm Springs Alpine Estates, Inc.*
     329 F.2d 909 (9th Cir. 1964) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

28

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                    iii

*In re Aremis Soft Corp. Sec. Litig.*
  210 F.R.D. 109 (D.N.J. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Cendant Corp. Litig.*
  264 F.3d 201 (3rd Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*
  MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, at *8
  (C.D. Cal. June 10, 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*In re Louisiana-Pacific Corp. Inner-Seal OSB Trade Practices Litig.*
  No. 95-3178-VRW, Order Granting Class Certification
  (N.D. Cal. Oct. 22, 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*In re Mego Fin. Corp. Sec. Litig.*
  213 F.3d 454 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*In re Motorsports Merchandise Antitrust Litig.*
  112 F. Supp. 2d 1329 (N.D. Ga. 2000) . . . . . . . . . . . . . . . . . . . . 18, 23, 25

*In re Omnivision Techs., Inc.*
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re United Energy Corp. Solar Power Modules Tax Shelter Investors*
  *Securities Litigation*
  122 F.R.D. 251 (C.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*In re Wash. Pub. Power Supply Sys. Secs. Litig.*
  720 F. Supp. 1379 (D. Ariz. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kirkorian v. Borelli*
  695 F. Supp. 446 (N.D. Cal. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Kristianson v. John Mullins & Sons, Inc.*
  59 F.R.D. 99 (E.D.N.Y. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Local Joint Executive Board of Culinary/Bartender Trust Fund*
  *v. Las Vegas Sands, Inc.*
  244 F.3d 1152 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Mace v. Van Ru Credit Corp.*
  109 F.3d 338 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Marshall v. Holiday Magic, Inc.*
  550 F.2d 1173 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Misra v. Decision One Mortgage Company and HSBC Finance Company*
  2009 U.S. Dist. LEXIS 119468 at *8-9 (C.D. Cal. April 13, 2009) . . . . . . . 23

*Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*
  221 F.R.D. 523 (C.D. Cal. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 12, 17, 19

*Officers for Justice v. Civil Service Comm'n*
  688 F.2d 615 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983) . . . . 13-15

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                              iv

*Polacsek v. Debticated Consumer Counseling*
    413 F. Supp 2d 539 (D. Md. 2005)............................. 17, 25

*Polar Int'l Brokerage Corp. v. Reese*
    187 F.R.D. 110 (S.D.N.Y. 1999). ................................ 23

*Republic Nat'l Life Ins. Co. v. Beasley*
    73 F.R.D. 658 (S.D.N.Y. 1977). ................................ 13

*S.C. Nat'l Bank v. Stone*
    139 F.R.D. 335 (D.S.C. 1991). ................................ 22

*Wang v. Chinese Daily News*
    231 F.R.D. 602 (C.D. Cal. 2005). ............................... 20

*Wellman v. Dickinson*
    497 F. Supp. 824 (S.D.N.Y. 1980) .............................. 14

*Zimmerman v. Cambridge Credit Counseling Corp.*
    409 F.3d 473 (1st Cir. 2005)................................. 17, 24

*Zimmerman v. Cambridge Credit Counseling Corp.*
    409 F.3d 473 (1st Cir. 2005), remanded to 529 F. Supp, 2d 254
    (D. Mass. 2008)............................................. 17


**RULES**

Fed. Rules Civ. Proc. 23(a) . ................................... 12

Fed. Rules Civ. Proc. 23(b)(3). ............................... 12, 19

Fed. Rules Civ. Proc. 23(e) . ............................... 13, 19-21


**OTHER AUTHORITIES**

Fed. Judicial Ctr., Manual for Complex Litigation
    § 21.633 (4th Ed. 2004). ................................... 12

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)          v

# NOTICE OF MOTION AND MOTION

## TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on February 28, 2011 at 1:30 pm or as soon thereafter as the matter may be heard before Honorable Cormac J. Carney in Courtroom 9B of the United States District Court, Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiffs Janice J. Abat, Jeanne Rossean, Nancy Wilksen and Erica Hall (collectively, the "MMI Named Plaintiffs" or "MMI Class Representatives"), individually and as class representatives, will and hereby do move the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order granting final approval of the Joint Stipulation of Partial Class Action Settlement and Release.

This motion is made on the grounds that: (1) all requirements for certification of a class action solely for settlement purposes are met; (2) the partial settlement is in the best interest of Class Members; (3) the Class Notice fairly apprised Class Members of the terms of the Settlement; (4) the MMI Class Representatives' attorneys are experienced in complex litigation and have zealously and adequately represented the interests of Class Members and (5) the time table for mailing the Class Notice, lodging objections to the terms of the settlement and the plan of allocation, and filing exclusion forms were appropriate and have been fully executed.

This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the Declaration of Niall P. McCarthy, the Declaration of Kandee Jahns, the Declaration of Jennifer Keough, the complete files and records in this

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                          vi

action, and any oral argument allowed by the Court.  A proposed form of Order and Judgment is submitted herewith.

Dated: February 23, 2011          Respectfully submitted,

By:      */s/ Niall P. McCarthy*

NIALL P. MCCARTHY
ANNE MARIE MURPHY
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 692-3606

DAVID J. VENDLER, ESQ.
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

GREGORY S. DUNCAN, ESQ.
**LAW OFFICES OF GREGORY S. DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902
Telephone:  (434) 979-8556
Facsimile:   (434) 979-9766
*(Admitted Pro Hac Vice)*

GARRETT M. SMITH
**GARRETT M. SMITH, PLLC**
100 Court Square, Suite A
Charlottesville, VA 22902
Telephone: (434) 293-4444
Facsimile: (434) 293-7914
*(Admitted Pro Hac Vice)*

GARY W. KENDALL, ESQ.
**MICHIE HAMLETT LOWRY RASMUSSEN & TWEEL PLLC**
500 Court Square, Suite 300
Charlottesville, VA 22902
Telephone:  (434) 951-7200
Facsimile:   (434) 951-7218
*(Admitted Pro Hac Vice)*

*Attorneys for Plaintiffs*

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                        vii

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION AND SUMMARY

The MMI Named Plaintiffs in this consumer class action seek final approval of a $6,500,000 class action settlement (the "Settlement"), which partially settles the class action by settling the claims against the MMI Defendants.[1]

On November 4, 2010, this Court granted preliminary approval of the Settlement, and set a final approval and attorneys' fee hearing for February 28, 2011, at 1:30 p.m. [Docket No. 282].  The Court conditionally certified, under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for settlement purposes only: a class (the "Settlement Class") of all individuals nationwide who have paid initial or monthly fees to MMI for a Debt Management Plan ("DMP") at any time from December 28, 2002, through November 4, 2010.  The Court also approved Class Notice.  The Joint Stipulation of Partial Class Action Settlement and Release was filed on October 1, 2010 as Exhibit 2 to the Motion for Preliminary Approval of Partial Settlement. [Docket No. 275].

The settlement is designed to benefit a class comprised of consumers who made payments to the MMI Defendants for credit counseling services, including specifically Debt Management Plans ("DMPs").  The agreement is the product of lengthy negotiations over the course of nearly two and a half years, including two formal mediation sessions before experienced mediator the Honorable Edward A. Infante (Ret.) of JAMS, substantial information exchange, and close analysis of the strengths and weaknesses of the opposing side's arguments as well as the financial ability of the MMI Defendants to satisfy a large judgment.

/ / /

---

[1]   Plaintiffs previously filed an Application for Attorneys' Fees, Expenses and Class Representative Enhancements. [Docket No. 293].

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                     1

## II.  PROCEDURAL HISTORY

### A.  Plaintiffs' Complaint

This class action was brought by the MMI Named Plaintiffs[2], debt management plan consumers who paid money in fees or "voluntary contributions" to the MMI Defendants, on behalf of themselves and others similarly situated.  On December 28, 2007, MMI Named Plaintiffs filed a complaint, individually and on behalf of the purported class, against JP Morgan Chase & Company and Chase Manhattan Bank U.S.A. (collectively "Chase Defendants") and Money Management International, Inc., Money Management by Mail and Money Management International Educational Foundation (collectively "MMI Defendants") in the United States District Court, Central District of California as Civil Action No. 8:07 cv 1476 CJC (CTx).  The Named Plaintiffs filed a First Amended Complaint on June 18, 2008, and a Second Amended Complaint on August 21, 2009.  The operative complaint in this action (as to MMI) is the Second Amended Complaint ("Complaint")[3].  Plaintiffs allege that the MMI Defendants charged them fees in violation of several provisions of the Credit Repair Organizations Act ("CROA") (15 U.S.C. § 1679, et. seq.) and that they made fraudulent representations in connection with the sale of their services, including false representations that they were non-profits and that they would "negotiate" with creditors for the consumers' benefit.  Plaintiffs also allege violations of the Fair Debt Collection Practices Act ("FDCPA") and various state laws, as well as common law breach of fiduciary duty.

Based on these allegations, the Second Amended Complaint states a total of ten causes of actions against the MMI Defendants for their conduct in marketing,

---

[2]     Plaintiffs Janice J. Abat, Jeanne Rossean, Nancy Wilksen, and Erica Hall.

[3]     A Third Amended Complaint was filed on January 27, 2011 [Docket No. 296], after Preliminary Approval of Partial Settlement with the MMI Defendants had already been granted under the Second Amended Complaint.

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                              2

administering and/or providing DMPs to Class Members (the "MMI Litigation"). The MMI Defendants deny all of Plaintiffs' claims as to liability, damages, penalties, interest, fees, restitution and all other forms of relief as well as the class allegations asserted in the MMI Litigation.

## B.   Parties' Exchange of Information

This action has been vigorously litigated for more than three years, and has been subject to motions to dismiss, motions to transfer venue, motions for protective orders and to extensive discovery in the form of interrogatories, document production, depositions, and related motions to compel.  Document discovery from the Chase Defendants, the MMI Defendants and third party files has collectively included over 185,000 pages of material.  Twelve depositions have been taken in this matter, including the depositions of all seven Class Representatives and high level employees of both MMI and Chase, including the deposition of MMI's President and CEO. *See* McCarthy Dec. ¶ 4.

In addition to depositions, Plaintiffs have engaged in extensive written discovery which has entailed both propounding and responding to written requests.  A summary of written discovery conducted by the parties was included in the Motion for Preliminary Approval. [Docket No. 275.]

## C.   Third-Party Discovery

In addition to party discovery, both Plaintiffs and Defendants served extensive document subpoenas and records requests, including Freedom of Information Act ("FOIA") requests on third parties.  Among other items, Plaintiffs sought and obtained government records regarding complaints against Defendants as well as records maintained by the Better Business Bureau ("BBB") regarding the business practices of MMI.  Defendants sought and obtained records of various companies in the credit counseling industry as well as the records of former MMI employees.   In many cases the third-party discovery was contentious and resulted in negotiations between counsel to reach agreement on the scope of

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    3

the productions.  *See* McCarthy Dec. ¶ 7.  Plaintiffs also investigated MMI's

business practices by interviewing consumers and former employees.  *See*

McCarthy Dec. ¶ 8.

### D.   Procedural Milestones

Class Counsel fought four separate Motions to Dismiss, as well as a Motion

to Transfer within the first year of litigation.  On March 14, 2008, MMI and Chase

filed Motions to Dismiss, which were granted on specificity grounds on May 29,

2008 with leave to amend.  [Docket Nos. 20, 24, and 69].  MMI also filed a

Motion to Transfer the case to the District of Maryland on March 14, 2008, to

which four of the Class Representatives filed Declarations in opposition [Docket

Nos. 50, 51, 52 and 53].  The Motion to Transfer was denied on May 29, 2008.

[Docket Nos. 21].  A second round of Motions to Dismiss were filed by the

Defendants on July 18, 2008.  [Docket Nos. 74 and 75].  The Motions were denied

by the Court's Order dated September 11, 2008. [Docket Nos. 91].

On March 5, 2010, Chase filed a Motion for Partial Summary Judgment as

to Counts X and XI of the Second Amended Complaint. [Docket No. 183].  Three

of the Class Representatives filed Declarations in opposition to the Motion.

[Docket Nos. 221, 222, 223].  Ultimately the Court granted the Motion, which

concerned California state-law claims.  [Docket No. 268].

The parties engaged in extensive motion practice related to discovery,

which is described in detail in the Motion for Preliminary Approval. [Docket No.

275].

### E.   Mediation and Negotiations

In February 2008, the parties first discussed settlement, and over the

subsequent three years, the Settling Parties have engaged in extensive

settlement-oriented information sharing and communications.  The Settling Parties

participated in two formal mediation sessions before the Honorable Edward A.

Infante (Ret.) of JAMS.  The first mediation session was held on May 6, 2010 and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                           4

the second mediation session was held on June 10, 2010, both in San Francisco. At all times, the settlement negotiations have been adversarial, non-collusive, and at arm's length. The mediations and extended negotiations produced a settlement in principle that formed the basis for the Joint Stipulation of Partial Settlement. *See* McCarthy Dec. ¶¶ 9 and 10.

## III.   KEY SETTLEMENT TERMS AND PROVISIONS FOR CLASS NOTICE

The details of the settlement are contained in the Joint Stipulation of Partial Class Action Settlement and Release, which was filed on October 1, 2010 as Exhibit 2 to the Motion for Preliminary Approval of Partial Settlement. [Docket No. 275]. On November 4, 2010, this Court granted preliminary approval of the Settlement, and set a final approval and attorneys' fee hearing for February 28, 2011, at 1:30 p.m. [Docket No. 282]. The following summarizes the Settlement Agreement and its key terms.

### A.   The Settlement Fund

The MMI Defendants will pay $6.5 million in full settlement of the claims alleged against them. The MMI Defendants are to pay this amount in two equal installments - the first payment, in the amount of $3,250,000 was received on December 3, 2010, with the remainder due within 15 days of the Final Approval of the Agreement.

Once the MMI Defendants have made both payments into the Settlement Escrow Account, the Settlement Administrator will disburse the Settlement Escrow Fund to former MMI customers who are Participating Claimants under the terms of the Agreement. Interest is currently accruing in the Settlement Escrow Account for the benefit of the members of the Settlement Class. In addition to the $6,500,000, the costs of class notice and administration are being paid solely by the MMI Defendants in accordance with the Agreement. The $6.5 million Gross Settlement Amount will be used to pay the following:  attorneys' fees, litigation

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS
Case No. SACV 07-1476 CJC (ANx)                                                    5

costs, and enhancement payments to the MMI Class Representatives of $5,000 each (for a total of $20,000).

The "Net Settlement Amount" will consist of the $6.5 million Gross Settlement Amount, plus post-Judgment interest minus the sum of the amounts attributable to attorneys' fees to Class Counsel, costs of Class Counsel, and MMI Class Representative enhancement payments.  The Net Settlement Amount will be paid by MMI to each MMI Class Representative and all Class Members who do not submit Qualifying Exclusion Forms (the "Settlement Class").  Any individual who does not receive a Class Notice or does not timely receive a Class Notice but who claims that he or she should be a Class Member, must present evidence and information demonstrating that he or she should be included in the settlement.

As reflected in the Agreement, Plaintiffs' Counsel had agreed to limit their attorney fee request to an amount not greater than 25% of the Gross Settlement Amount (equal to $1,625,000), and the MMI Defendants have confirmed that they will not oppose this request for fees, which was filed by Plaintiffs' Counsel on January 13, 2011 [Docket No. 293].  The attorneys' fees, litigation costs, and enhancement payments are all, as in all class actions, subject to Court approval. The settlement is not contingent upon the Court awarding specific amounts for these items.

The class period for the settlement extended from December 28, 2002, through November 4, 2010, the date on which preliminary approval was given for this Agreement.

The Net Settlement Amount will be distributed to Class Members in proportion to the amount of fees paid by the Class Members to the MMI Defendants.  However, no Participating Claimant will be entitled to receive more than $500.00 reimbursement from the Net Settlement Amount with the exception of the MMI Class Representatives who receive enhancement payments.  The Claims Administrator will determine each Participating Claimant's share of the

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    6

Net Settlement Amount based on the Class Member Information supplied by the MMI Defendants.  Specifically, the MMI Defendants will provide the total amount (in dollars and cents) paid by each Class Member in set-up fees and monthly fees to the MMI Defendants during the Class Period less any refunds and/or return of any amounts paid by each MMI Class Member (the "MMI Payment Amount").  If either the initial fee amount or the total monthly fees amount of the MMI Payment Amount for an individual class member does not exist in MMI's records, then the Claims Administrator will attempt to derive the payment information by (1) reviewing the class member's contract and the number of months the DMP was active, and if unsuccessful, then by (2) applying the average of existing records of all MMI Class members for the missing payment information.  The Claims Administrator will then calculate the sum of all MMI Payment Amounts for all Participating Claimants (the "Aggregate Claim Amount").  Finally, the Claims Administrator will divide the Net Settlement Amount for each Participating Claimant by the Aggregate Claim Amount to determine the percentage of the MMI Payment Amount that will be reimbursed to each MMI Settlement Class Member (the "Pro Rata Share Calculation").

Any checks that remain uncashed more than 180 days after mailing will not revert to the MMI Defendants, but will instead be subject to redistribution to the class, and *cy pres* distribution as described in the Agreement.  In the event that funds remain due to uncashed checks, and the Class Administrator determines that the cost of further pro rata distributions will waste more than half of the remaining funds, then the relevant sums will be distributed by the Claims Administrator to one or more qualified 501(c)(3) charities jointly chosen by MMI Defendants and Settlement Class Counsel and approved by the Court in accordance with Ninth Circuit standards.

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                                    7

### B.    Notice to Class

Filed concurrently with this Petition for Final Approval is a Declaration by Kandee Jahns of MMI ("Jahns Declaration") and a Declaration by Jennifer Keough of Garden City Group ("GCG") the Claims Administrator ("Keough Declaration").  The Jahns and Keough Declarations contain detailed information regarding the notice process and claims administration process.

GCG was retained by the MMI Defendants to serve as the Claims Administrator in connection with the MMI settlement.  (Keough Declaration ¶2.) Pursuant to the Joint Stipulation of Settlement, MMI is directly paying the costs of administration and notice.  As Claims Administrator, GCG has implemented the terms of the MMI Settlement, by, among other things:  (i) distributing the Class Notice and Exclusion Form (the "Notice") in accordance with Section III (H) of the Joint Stipulation of Settlement; (ii) maintaining a toll-free hotline, posting case-specific documents on the settlement website, and updating each accordingly during the course of the administration; and (iii) receiving and processing Exclusion Forms. *Id.*

Pursuant to Sections III(H)(4) and (5) of the Joint Stipulation of Settlement, GCG was responsible for disseminating the Class Notice to former customers of the MMI Defendants.  (Keough Declaration ¶3.)  Towards that end, on December 3, 2010, MMI provided Class Member information to GCG.  (*Id.; see also*, Jahns Declaration ¶¶5-9.)[4]

Starting on December 21, 2010, in accordance with Section III(H)(4) of the Joint Stipulation of Settlement, GCG caused the Summary Notice to be disseminated via email ("email notice") to the 207,695  former customers of the

---

[4]      Detailed information regarding the protocols employed by MMI in order to compile class member information is contained in the Jahns Declaration.  (*See*, Jahns Declaration ¶¶9-15.)  Ms. Jahns also provides detailed information regarding the ability of MMI to collect certain fields of information such as physical addresses and e-mail addresses.  (*See*, Jahns Declaration ¶15.)

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    8

MMI Defendants for whom email addresses were provided.  (Keough Declaration ¶4.)  Of that total, 61,116 were returned as undeliverable (aka bouncebacks).  *Id.*  Each email notice contained a hyperlink to the settlement website (www.abatclass.com), and advised Class Members that additional information and relevant documents would be found on the site.  *Id.*  A copy of the Summary Notice is attached to the Keough Declaration as Exhibit A.  *Id.*

To those former customers whose email notice was returned as undeliverable, and to those former customers for whom MMI did not provide a valid email address, GCG mailed a hard copy of the Summary Notice.  (Keough Declaration ¶5.)  Prior to the mailing, GCG conducted a National Change of Address ("NCOA") search to ascertain and update each Class Member's address.  *Id.* On January 3, 2011, GCG caused the Summary Notice to be mailed to 175,838 former MMI customers.  *Id.*

In accordance with Section III(H)(6) of the Stipulation, Class Notices returned to GCG by the United States Postal Service ("USPS") with a forwarding address were re-mailed to the updated address until February 17, 2011, the Notice Response Deadline. (Keough Declaration ¶6.)   A total of 1,082 Class Notices were returned by USPS with a forwarding addresses and thereafter re-mailed. Class Notices returned to GCG on or before January 28, 2011, by USPS without a forwarding address were subject to an Advanced Level Search.  On February 1, 2011, based on the Advanced Level Search, 30,322 Class Notices were re-mailed to updated addresses. Section III(H)6) of the Stipulation provides that where no updated address can be obtained following the return of a Notice to GCG, that Class Member is to be considered a Non-Settlement Class Member.  As of February 22, 2011, GCG reports 36,838 Non-Settlement Class Members.  *Id.*

In addition, GCG mailed a copy of the Long Form Notice and Exclusion Form to Class Members when requested.  (Keough Declaration ¶8.)  A copy of the

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    9

full Notice and Exclusion Form is attached to the Keough Declaration as Exhibit B. *Id.*

Beginning on December 3, 2010, GCG set up and continues to maintain an automated toll-free telephone number, where Class Members can obtain information about the settlement. (Keough Declaration ¶9.)  This toll-free help line is accessible 24 hours a day, 7 days a week. Claimants who call the toll-free number have the option of leaving a voice message so that a call center representative can return the call, or requesting a Class Notice be mailed to them. As of February 22, 2011, there have been 9,674 calls to the automated number. All of the voice messages have been returned promptly. *Id.*

GCG established and is maintaining a website dedicated to this settlement (www.abatclass.com) to provide additional information to the Class Members and to answer frequently asked questions. (Keough Declaration ¶10.)  Users of the website can download a copy of the Long Form Notice, Exclusion Form, Change of Address Form, the Stipulation, and the Preliminary Approval Order, among other relevant documents.  The web address was set forth in the Summary Notice (hard copy and email format), as well as in the Long Form Notice. The settlement website became operational on December 3, 2010, and is accessible 24 hours a day, 7 days a week. As of February 22, 2011, the website had received 16,421 visits.  *Id.*

Pursuant to the Joint Stipulation of Settlement, MMI was responsible for sending Class Notice to MMI's Existing Customers. [Docket No. 288] (*See*, Jahns Declaration ¶16.)  By January 3, 2011, and within sixty (60) days after the entry of the Preliminary Approval Order, MMI sent Class Notices to existing customers in accordance with the procedures set forth in Section III.H.(3) of the Joint Stipulation of Settlement and the Court's Order.  (Jahns Declaration ¶17.) Specifically, MMI distributed Class Notice as follows:

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    10

For current customers who received hard copy monthly billing statements in the mail, MMI included the Class Notice inserts into the regular monthly billing statements or sent the Class Notice by direct first class mail to the customers' then current addresses. (Jahns Declaration ¶18.)  Specifically, direct mail notice was provided to 72,862 current customers with a delivery rate of 99.83% (72,862 mailed; 710 returned; 588 re-delivered via direct mail or emailed). *Id.*

For current customers who received electronic monthly billing statements, MMI sent the Class Notice to the customers' current email addresses, which MMI expects is valid because it was where MMI sends its monthly billing statements. (Jahns Declaration ¶19.)  Specifically, email notice was provided to 21,595 current customers with a delivery rate of 100% (21,595 emailed; 2 returned; 2 re-delivered via direct mail). *Id.*

In addition, MMI complied with Section III.H.(6), which sets forth the procedures for handling undeliverable mail.  (Jahns Declaration ¶20.)  MMI resent Class Notices to existing customers by no later than February 3, 2011, which was at least ten (10) business days prior to the Notice Response Deadline of February 15, 2010. *Id.*

## C.  Claims Administration

Exclusions:  In accordance of Section III(J)(2) of the Stipulation, Class Members who elected to "opt out" and thus exclude themselves from the Settlement Class were required to fully complete, execute and mail the "Exclusion Form" to GCG, or execute and timely mail a statement in writing clearly indicating that intent, on or before February 17, 2011.  (Keough Declaration ¶11.)  As of February 22, 2011, GCG has received 331 exclusions, postmarked on or before the February 17, 2011, Notice Response Deadline.

Objections: In accordance with Section III(J)(3) of the Stipulation, Class Members who objected to the Stipulation were required to file a written objection with the Court, with copies to Class Counsel, the MMI Defendants' counsel and

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                              11

GCG no later than the Notice Response Deadline of February 17, 2011. (Keough Declaration ¶12.) As of February 20, 2011, GCG and counsel had received only one objection, which is deficient in that it fails to cite any reason for the objection. (*See*, Keough Declaration ¶12; *see also*, McCarthy Declaration ¶ 19, Exs. C and D.)

Statistics: Counsel received regular reports of the work GCG performed with respect to the administration of the Stipulation. A copy of the most recent statistical report is attached to the Keough Declaration as Exhibit C. (Keough Declaration ¶13.)

## IV.   **LEGAL STANDARD**

Procedurally, the approval of a class action settlement takes place in two stages. At the first stage, the court preliminarily approves the settlement pending a fairness hearing, temporarily certifies the class when it satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b), and authorizes notice to be given to the class. Fed. Judicial Ctr., Manual for Complex Litigation, § 21.633 (4th Ed. 2004); *see also Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 658-59 (E.D. Cal. 2008).

At the second stage, the court holds a fairness hearing (also known as a "final approval" hearing) after notice is given to putative class members, where the court will entertain any class objections to (1) the treatment of this litigation as a class action and/or (2) the terms of the settlement. *See Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). Following the fairness hearing, the court will make a final determination as to whether the parties should be allowed to settle the class action pursuant to the terms agreed upon. *Nat'l Rural Telecoms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    12

### A. **Settlements That Are Fair, Adequate, and Reasonable Warrant Approval by the Court**

Federal Rule of Civil Procedure 23(e) requires court approval of a settlement of the claims of a certified class. Under Rule 23, a court should approve a settlement if the settlement is fair, reasonable, and adequate. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000); *Marshall v. Holiday Magic, Inc.*, 550 F.2d 1173, 1178 (9th Cir. 1977).

In determining the fairness of a proposed settlement, the Court is guided by the following factors identified by the Ninth Circuit in *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998):

> Assessing a settlement proposal requires the district court to balance a number of factors: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. To survive appellate review, the district court must show it has explored comprehensively all factors (citations omitted).

"The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claims advanced, the types of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Service Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982), cert. denied, 459 U.S. 1217 (1983).

While district courts have broad discretion in evaluating proposed settlements, *Class Plaintiffs*, 955 F.2d at 1291-92; *Officers for Justice*, 688 F.2d at 625, a court should approve a settlement unless the settlement, "taken as a whole, is so unfair on its face as to preclude judicial approval." *Republic Nat'l Life Ins. Co. v. Beasley*, 73 F.R.D. 658, 667 (S.D.N.Y. 1977) (citations omitted). The issue is not whether the settlement could have been better, but whether it is fair,

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                            13

reasonable, adequate, and free from collusion. *Hanlon*, 150 F.3d at 1027; *see also In re United Energy Corp. Solar Power Modules Tax Shelter Investors Securities Litigation*, 122 F.R.D. 251, 257 (C.D. Cal. 1988).

Moreover, in considering the adequacy of a proposed settlement, the goal of settlement is to avoid the determination of contested issues; thus "the settlement or fairness hearing is not to be turned into a trial or rehearsal for trial on the merits." *Officers for Justice*, 688 F.2d at 625; *accord Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617 (N.D. Cal. 1979). As explained by the Ninth Circuit in *Officers for Justice*, 688 F.2d at 625:

> [T]he court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable, and adequate to all concerned. . . . The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators (citations omitted and emphasis in original).

The trial court is also entitled to rely upon the judgment of experienced counsel for the parties. *Behrens v. Wometco Enterprises, Inc.*, 118 F.R.D. 534, 538-39 (S.D. Fla. 1988), aff'd, 899 F.2d 21 (11th Cir. 1990). Indeed, where as here, the counsel recommending approval of the settlement are known to the Court as competent and experienced, significant weight may be given to their opinion. *Kirkorian v. Borelli*, 695 F. Supp. 446, 451 (N.D. Cal. 1988), disapproved on other grounds by *Franklin v. Kaypro Corp.*, 884 F.2d 1222 (9th Cir. 1989).

**B.    The Law Favors Prompt Resolution of Class Action Claims**

"[A]pproval of class action settlements will be generally left to the sound discretion of the trial judge." *Wellman v. Dickinson*, 497 F. Supp. 824, 830 (S.D.N.Y. 1980) (citations omitted). The Court must "be mindful of the Ninth Circuit's policy favoring settlement, particularly in class action law suits." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041 (N.D. Cal. 2008); see also

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                                    14

1    *Officers for Justice*, 688 F.2d at 625 ("it must not be overlooked that voluntary

2    conciliation and settlement are the  preferred means of dispute resolution.  This is

3    especially true in complex class action litigation . . . .").  As the Ninth Circuit set

4    forth in *Class Plaintiffs*, 955 F.2d at 1276:

> 5    We are not permitted to 'substitute our notions of fairness for
>       those of the district judge and the parties to the agreement.'
> 6    This is especially true in light of the strong judicial policy that
>       favors settlements, particularly where complex class action
> 7    litigation is concerned (citations omitted).

8    Multiple cases have held that the complexity, expense, and duration of litigation is

9    a factor in approval of a settlement.  *See Hanlon*, 150 F.3d at 1026; *In re Cendant*

10   *Corp. Litig.*, 264 F.3d 201, 231, 233 (3rd Cir. 2001) ("the complexity, expense,

11   and likely duration of the litigation" is one of nine factors in determining the

12   fairness of settlement); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 86 (2nd Cir.

13   2001) (same nine factors).

14   **V.    ANALYSIS: THE SETTLEMENT SATISFIES THE STANDARDS**

15   **FOR JUDICIAL APPROVAL**

16   **A.    The Settlement Resulted from Arm's Length Negotiations and the**

17   **Experience and Views of Counsel Favor Settlement**

18        The Court should begin its analysis with a presumption that the Settlement

19   is fair and should be approved:

> 20   [A] presumption of fairness exists where: (1) the settlement is
>       reached through arms-length bargaining; (2) investigation and
> 21   discovery are sufficient to allow counsel and the court to act
>       intelligently; (3) counsel is experienced in similar litigation;
> 22   and (4) the percentage of objectors is small.

23   *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1802 (1996); *see also 7-Eleven*

24   *Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135, 1146

25   (2000); *accord Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal.

26   1980), aff'd, 661 F.2d 939 (9th Cir. 1981); see also *In re Wash. Pub. Power Supply*

27   *Sys. Secs. Litig.*, 720 F. Supp. 1379, 1387 (D. Ariz. 1989).

28

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                    15

Here, all four factors are present.  First, the Settlement was reached only after arms-length, good faith negotiations and only with the assistance of an experienced mediator and protracted further negotiations after the second mediation session.  See McCarthy Dec. ¶¶ 9 and 10.   As such, there is an absence of any indicia of collusion.  Co-Lead Plaintiff's Counsel, Niall P. McCarthy, Anne Marie Murphy, David J. Vendler, Gregory Duncan and Garrett M. Smith negotiated the Settlement in vigorous and intense negotiations, including participating in multiple mediations with a highly experience mediator, Edward Infante.  The parties reached settlement after contentious negotiations, spread over several months, and the formal and informal exchange of significant amounts of relevant information and data.  Second, the parties engaged in a substantial exchange of relevant data in advance of the mediation.  As a result of these efforts, the parties had sufficient information to evaluate the strengths and weaknesses of the Plaintiffs' claims and defenses, whether to pursue litigation or settle, and the appropriate settlement value for the claims at issue.  Additionally, the Settlement Class Representatives have actively monitored the progress of this litigation to see that their injuries, as shared with the proposed Settlement Class, are sufficiently remedied.  Therefore, MMI Class Representatives have no interests antagonistic to the proposed Settlement Class.  See McCarthy Dec. ¶¶ 12 through 16.

Third, the Settlement Class Representatives have retained experienced counsel.  The significant settlement obtained for the Settlement Class is concrete evidence that the MMI Representative Plaintiffs and their counsel have been acting vigorously to fairly and adequately represent the Settlement Class's interests as a whole.  Both Class Counsel and counsel for MMI are experienced in consumer protection class-action litigation and other complex litigation, acted in good faith, and have represented their clients' best interests in reaching the Settlement.  See McCarthy Dec. ¶¶ 3 and 12. In addition to their extensive general litigation experience, Class Counsel have taken a leading role nationally in

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                16

litigating claims arising under the Credit Repair Organizations Act.  See, e.g., *Zimmerman v. Cambridge Credit Counseling Corp.*, 409 F.3d 473 (1st Cir. 2005); *Zimmerman v. Cambridge Credit Counseling Corp.*, 409 F.3d 473 (1st Cir. 2005), remanded to 529 F. Supp, 2d 254 (D. Mass. 2008); *Polacsek v. Debticated Consumer Counseling*, 413 F. Supp 2d 539 (D. Md. 2005).  (*See,* Docket No. 282, Vendler Declaration.)  After careful and thorough consideration, experienced Plaintiffs' counsel have concluded that the Settlement is fair, adequate, and reasonable and in the best interests of the Class as a whole.

> "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation."  This is because "parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in the litigation."  Thus, "the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel."

*Nat'l Rural Telecomms. Coop. v. Direct-TV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citations omitted); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL Docket No. 901, 1992 U.S. Dist. LEXIS 14337, at *8 (C.D. Cal. June 10, 1992) (finding belief of counsel that proposed settlement represented most beneficial result for class compelling factor in approving settlement).

Fourth, the percentage of objectors is minuscule – only one objection (out of an estimated class of 415,000) has been received and the objection is deficient because, among other things, it contains no stated grounds for the objection.

### B.    The Strength of the Plaintiffs' Cases Is Well-Supported

In Plaintiffs' view, their case is strong.  While the Settling Parties believe, respectively, that their claims are and would ultimately result in a favorable verdict, litigation is never free from risk and uncertainty and success cannot be assured.  See *In re Aremis Soft Corp. Sec. Litig.*, 210 F.R.D. 109, 125 (D.N.J. 2002) ("Regardless of the strength of case counsel might present at trial, victory in litigation is never guaranteed.").  Here, a trial and inevitable post-trial appeals

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                      17

would entail substantial time and significant expense for both sides.  In light of the substantial amount of time already devoted to this action over the past three years, continued litigation would only delay recovery further.  See McCarthy Dec. ¶ 11.  Also, given the fact that the Settlement Class is composed primarily of financially distressed consumers, the proposed settlement provides a benefit that might otherwise be unavailable.  *See In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d 1329, 1338 (N.D. Ga. 2000).

In consideration of the Action's facts, the relative strengths and weaknesses of the legal claims and defenses asserted, the serious issues and disputes remaining among the parties, and the time and expense necessary to prosecute this case, the Settling Parties and their counsel believe that the proposed settlement is fair, adequate and reasonable and respectfully submit that the partial settlement warrants final approval.

## C.    Settlement is Appropriate in Light of the Risks Involved and the Results Achieved

This action has been pending since 2008.  Absent settlement, full resolution of this action would likely still be months away, and would require significant expenditure of resources by counsel, close and time-consuming management by the Court, further discovery, substantial motion practice, a lengthy trial or trials, and appeals.  Plaintiffs and Class Members have already been waiting for years for resolution of their claims, and would likely be waiting for several more without this settlement.

For the foregoing reasons, the expense, complexity, and duration of further litigation favor final approval of this settlement.

## D.    Maintaining Class Certification

In Plaintiffs' view, class certification is appropriate in this case and would likely maintain its status throughout trial.  Furthermore, Settling MMI Defendants

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                    18

have not challenged the Court's certification of this matter as a class under Rule 23.  *See Nat'l Rural Telecoms. Coop.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

"To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites:  "Common questions must 'predominate over any questions affecting only individual members'; and class resolution must be 'superior to other available methods for the fair and efficient adjudication of the controversy.'"  *Amchem Prods., Inc. v. Windsor*, 521 U.S. at 615 (quoting Fed. R. Civ. P. 23(b)(3)).

> In adding 'predominance' and 'superiority' to the qualification-for-certification list, the Advisory Committee sought to cover cases 'in which a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'

*Amchem*, 521 U.S. at 615 (quoting Advisory Committee's Notes on Fed. Rules Civ. Proc. 23, 28 U.S.C. App., pp. 696-697 [sic]). While this test has been held to be more demanding than 23(a)'s simple commonality requirement, its thrust is equally pragmatic:  "[T]he Advisory Committee had dominantly in mind vindication of 'the rights of groups of people who individually would be without effective strength to bring their opponents into court at all.'"  *Amchem*, 521 U.S. at 617 (internal citations omitted).

### 1.    Common Questions of Law and Fact Predominate

"Rule 23(b)(3) does not require that all members of the class be identically situated[.]"  *Kristianson v. John Mullins & Sons, Inc.*, 59 F.R.D. 99, 106 (E.D.N.Y. 1973) (holding that Plaintiff met requirements for class action suit).  The predominance prong calls for class "'cohesion [such that] prosecution of the action through representatives would be quite unobjectionable[.]'"  *Amchem*, 521 U.S. at 616 (internal citations omitted).

Here, the proposed settlement class is defined by common factual predicates that eliminate divergences.  The proposed settlement class consists entirely of

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                          19

former or current MMI consumers similarly injured by the MMI Defendants'
alleged misconduct.  All members of the proposed Settlement Class share common
questions of fact and law, including whether the MMI Defendants' advertising
materials are false and misleading and violate CROA and/or California law,
whether solicited "voluntary donations" were advanced fees prohibited by CROA,
and whether the MMI Defendants breached their fiduciary duty to act in good faith
on behalf of the proposed class members.  These non-exhaustive issues revolve
around the MMI Defendants' consistent business practices and do not
determinatively rely on class members' individual experiences, making "[a]
common inquiry . . . the most efficient and appropriate way to answer these
questions."  *Wang v. Chinese Daily News*, 231 F.R.D. 602, 613 (C.D. Cal. 2005)
(finding class certification appropriate where questions of law and fact revolved
around Defendant's conduct); *see also Gunnells v. Healthplan Services*, 348 F.3d
417, 428 (4th Cir. 2003) ("[I]f 'common questions predominate over individual
questions as to liability, courts generally find the predominance standard of Rule
23(b)(3) to be satisfied.'" (internal citations omitted)).

    Indeed, the only real difference between Class Members is the amounts they
paid to Defendants, which is "invariably an individual question and does not
defeat class action treatment."  *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir.
1975) (holding that conditional certification was appropriate where damage
amounts varied amongst proposed class members).  Given that the MMI
Defendants' business practices and operations form the MMI Litigation's focal
point, common questions of law and fact necessarily predominate and warrant
class treatment.  *See, e.g.*, *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d
909, 914 (9th Cir. 1964) (holding that Defendant's common course of conduct
could legitimize class action standing: "since the complaint alleges a common
course of conduct over the entire period, directed against all investors, generally
relied upon, and violating common statutory provisions, it sufficiently appears that

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                        20

the questions common to all investors will be relatively substantial."); *Fischer v. Kletz*, 41 F.R.D. 377, 381-82 (9th Cir. 1966) (common reliance on Defendant's misrepresentations contributed to propriety of class action suit).

### 2.   Class Treatment is Superior

There can be no question that class resolution is convenient, desirable and superior in this case. *See Amchem*, 521 U.S. at 615 ("Rule 23(b)(3) permits certification where class suit 'may ... be convenient and desirable.'" (internal citations omitted)). Rule 23(b)(3) incorporates a non-exhaustive list of factors to consider when determining a class action's "superiority":

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3). The Supreme Court has emphasized individual accessibility to the judiciary when evaluating 23(b)(3)'s superiority requirement: "'The interest [in individual control] can be high where the stake of each member bulks large and his will and ability to take care of himself are strong; the interest may be no more than theoretic where the individual stake is so small as to make a separate action impracticable.'" *Amchem*, 521 U.S. at 616 (internal citations omitted); *see also Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001) ("When common issues present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than an individual basis." (emphasis added) (internal citations omitted)). "The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                21

her rights.  A class action solves this problem[.]"  *Amchem*, 521 U.S. at 617 (quoting *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997)).

Here, the claims involved indicate that most Class Members are not even aware that they have suffered a wrong at the MMI Defendants' hands.  Even if all Class Members had knowledge of their claims, the individual claims are small and their owners are, by the very nature of the debts giving rise to their claims, unable to finance this litigation.  Nor would they have any substantial interest in controlling it.  The alternative to a class action would be for thousands of plaintiffs to file individual lawsuits against the MMI Defendants, bringing essentially the same claim based on the same evidence.  This would needlessly exhaust judicial resources.  Class treatment will superiorly expedite resolution as to Defendants' liability and avoid duplicative efforts.

Were this litigation to persist, numerous potential claims from individuals would severely limit a fair, reasonable, and adequate settlement of any particular claim.  The inherent convenience and superiority of class certification, therefore, supports final approval of this settlement.

### E.  Amount of Settlement and Benefits to the Class

Here, there is no question that the proposed settlement is at least "within the range of possible approval."  Only after extended settlement-oriented information sharing, spread over the course of three years and culminating in two formal mediation sessions, were the Settling Parties able to reach an agreement as to relief for the proposed class.  See *S.C. Nat'l Bank v. Stone*, 139 F.R.D. 335, 339 (D.S.C. 1991) ("giv[ing] significant weight to the judgment of class counsel" where settlement negotiations were found to be "hard fought and always adversarial" and there was "no indication of any collusion").  The settlement offers substantial benefits for the intended beneficiaries, creating a settlement fund of $6.5 million dollars ($6,500,000.00) and eliminating the risk that the Settlement Class, after years of additional litigation, might not recover anything from the MMI

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                             22

Defendants or might recover an amount less than the settlement funds obtained. See McCarthy Dec. ¶ 14. When comparing the potential costs and benefits of consummating the Settlement versus continuing litigation, courts may look to a number of factors. These factors include:

> (1) the strength of the plaintiffs' case compared against the amount offered in settlement; (2) the likely complexity of trial; (3) the length and expense of litigation; (4) the amount of opposition to settlement among affected parties; (5) the opinion of competent counsel; and (6) the stage of the proceedings and the amount of discovery completed at the time of settlement.

*Misra v. Decision One Mortgage Company and HSBC Finance Company*, 2009 U.S. Dist. LEXIS 119468 at *8-9 (C.D. Cal. April 13, 2009); *see also In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d 1329, 1338 (N.D. Ga. 2000). The settlement amount therefore supports final approval.

**F.   The Extent of Discovery Completed and the Well Developed Record Favor Final Approval of the Settlement**

Prior to settlement, the parties must have engaged "in sufficient investigation of the facts to enable the court to intelligibly make an appraisal." *Polar Int'l Brokerage Corp. v. Reese*, 187 F.R.D. 110, 114 (S.D.N.Y. 1999) (internal quotations omitted). As detailed above, prior to reaching the proposed settlement, the parties exchanged significant amounts of information, including over 185,000 pages of relevant documents, including voluminous ESI related discovery. The parties also took twelve (12) depositions, and Plaintiffs' counsel interviewed scores of class members. Based on this factual investigation, and their vast collective experience in consumer protection class actions, counsel for Plaintiffs were well prepared to negotiate and enter into the Settlement. See McCarthy Dec. ¶¶ 4 and 12.

**G.   The Experience and Views of Counsel Favor Final Approval**

Plaintiffs' counsel are experienced in this area of the law. Class Counsel are fully familiar with the facts and law applicable to this Action and are well

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                    23

acquainted with the prosecution of class actions, generally, and with class-based consumer protection law claims.  Class Counsel provided fair and vigorous representation for the Class, and have regularly been deemed to be adequate class counsel.  See McCarthy Dec. ¶ 3.

The settlement negotiations were hard fought, and involved many contested issues, including liability and damages.  At all times during their negotiations, the Settling Parties zealously advocated their respective positions.  The Settling Parties were clearly informed of the strengths and weaknesses of MMI Named Plaintiff's claims, both factually and legally, and were able to use this knowledge to engage in a complex negotiation process.  Given the uncertainties, risks and significant expense of continued litigation, both parties decided that settling the MMI Litigation based on the terms of the proposed settlement was in their best interests.   See McCarthy Dec. ¶¶ 11, 13, and 14.

Co-Lead Class Counsel in this case are Cotchett, Pitre & McCarthy, LLP ("CP&M"), Morris, Polich & Purdy, LLP ("MPP"), Law Offices of Gregory Duncan ("Duncan"), Garrett M. Smith, PLLC ("Smith"), and Michie Hamlett Lowry Rasmussen & Tweel PLLC ("MHLRT").  Courts around the country have found that all of these firms possess the skill, experience, and qualifications necessary to conduct class action litigation similar to this case.  See, e.g., *In re Louisiana-Pacific Corp. Inner-Seal OSB Trade Practices Litig.*, No. 95-3178-VRW, Order Granting Class Certification (N.D. Cal. Oct. 22, 1997) ("The Cotchett firm, in particular, has appeared before the court in other actions and performance of its attorneys to date in this and other cases is a testament to the ability of these attorneys.").  Furthermore, as noted above, Class Counsel have taken a leading role nationally in litigating claims arising under the Credit Repair Organizations Act and similar to this Action.  See, e.g., *Zimmerman v. Cambridge Credit Counseling Corp.*, 409 F.3d 473 (1st Cir. 2005); *Zimmerman v. Cambridge Credit Counseling Corp.*, 409 F.3d 473(1st Cir. 2005), remanded to 529 F. Supp,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                                          24

2d 254 (D. Mass. 2008); *Polacsek v. Debticated Consumer Counseling*, 413 F. Supp 2d 539 (D. Md. 2005).  This factor also weighs in favor of final approval of the Settlement.

**H.     The Absence of Significant Opposition to the Settlement Supports Final Approval of the Settlement**

The absence of significant objections to the Settlement further supports final approval.  Although GCG and MMI has cumulatively mailed and emailed Notices to 416,383 class members, as of the time of filing this motion, counsel have received only one objection to the settlement. (McCarthy Declaration ¶19.)  The overwhelmingly favorable response by the Class strongly supports final approval of the Settlement.  *Bell Atlantic Corp. v. Bolger*, 2 F.3d 1304, 1313 n. 15 (3d Cir. 1993); *In re Motorsports Merchandise Antitrust Litig.*, 112 F. Supp. 2d 1329, 1338 (N.D. Ga. 2000) (concluding that the lack of objections is a further factor weighing in favor of approval of settlement).

**VIII.  CONCLUSION**

As set forth above, the proposed settlement is reasonable, adequate, and fair to all class members.  Accordingly, Plaintiffs respectfully request that the Court GRANT final approval of the Joint Stipulation of Class Action Settlement and release, and enter the proposed Order and Judgment filed herewith.

Dated: February 23, 2011          Respectfully submitted,

By:     */s/ Niall P. McCarthy*

NIALL P. MCCARTHY
ANNE MARIE MURPHY
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:   (650) 692-3606

/ / /

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                          25

DAVID J. VENDLER, ESQ.
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:   (213) 488-1178

GREGORY S. DUNCAN, ESQ.
**LAW OFFICES OF GREGORY S. DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902
Telephone:  (434) 979-8556
Facsimile:   (434) 979-9766
*(Admitted Pro Hac Vice)*

GARRETT M. SMITH
**GARRETT M. SMITH, PLLC**
100 Court Square, Suite A
Charlottesville, VA 22902
Telephone: (434) 293-4444
Facsimile: (434) 293-7914
*(Admitted Pro Hac Vice)*

GARY W. KENDALL, ESQ.
**MICHIE HAMLETT LOWRY
RASMUSSEN & TWEEL PLLC**
500 Court Square, Suite 300
Charlottesville, VA 22902
Telephone:  (434) 951-7200
Facsimile:   (434) 951-7218
*(Admitted Pro Hac Vice)*

*Attorneys for Plaintiffs*

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF PARTIAL
SETTLEMENT OF CLASS CLAIMS WITH  THE MMI DEFENDANTS**
Case No. SACV 07-1476 CJC (ANx)                                              26