JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
NIALL P. MCCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road
Burlingame, California 94010
Telephone:  (650) 697-6000
Facsimile:  (650) 692-3606

DAVID J. VENDLER (SBN 146528)
dvendler@mpplaw.com
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, CA 90017
Telephone:  (213) 891-9100
Facsimile:  (213) 488-1178

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARRIERO; NANCY WILKSEN**; on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**JPMORGAN CHASE & CO.; CHASE MANHATTAN BANK USA, N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY MANAGEMENT BY MAIL, INC.;** and **MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,**<br><br>Defendants. | Case No. SACV 07-1476 CJC (ANx)<br><br>[~~PROPOSED~~] **ORDER GRANTING:**<br><br>**(1) JOINT MOTION FOR FINAL APPROVAL OF PARTIAL SETTLEMENT OF CLASS CLAIMS WITH THE MMI DEFENDANTS;**<br><br>**(2) APPLICATION FOR ATTORNEYS' FEES, EXPENSES, AND CLASS REPRESENTATIVE ENHANCEMENTS; AND**<br><br>**(3) JUDGMENT**<br><br>Judge:    Hon. Cormac J. Carney |

[~~PROPOSED~~] **ORDER GRANTING FINAL APPROVAL; GRANTING APPLICATION FOR FEES; AND JUDGMENT**
Case No. SACV07-1476-CJC (CTx)

WHEREAS, by order dated November 4, 2010, this Court granted preliminary approval of the proposed class action settlement between Plaintiffs and the MMI Defendants.

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on February 28, 2010 at 1:30 p.m.  On that date, the Court held a duly noticed final fairness hearing to consider:  (1) whether the terms and conditions of the Stipulation of Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the named Plaintiffs' complaints against MMI on the merits and with prejudice in favor of Defendants Monsey Management International, Inc. and Money Management by Mail, Inc. (collectively, "MMI") and against all persons or entities who are Settlement Class Members; and (3) whether and in what amount to award attorney's fees and expenses to counsel for the Settlement Class and enhancement awards to the representatives of the Settlement Class, Janice J. Abat, Jeanne Rossean, Nancy Wilksen and Erica Hall out of the $6,500,000 common fund created by the settlement.

WHEREAS, the Court considered all matters submitted to it at the hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered.

Notice was provided to 322,417 former customers of MMI.  More specifically, direct email notice was provided to 207,695 class members, who are former customers of MMI, with a delivery rate of approximately 70.6% and direct mail notice was provided to 175,838 former customers with a delivery rate of 96.36%.  In addition, notice was provided to 93,966 current MMI customers. More specifically, direct mail notice was provided to 72,371 current customers with a delivery rate of 99.83% (72,371 mailed; 710 returned; 588 remailed or

[PROPOSED] ORDER GRANTING FINAL APPROVAL;
GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

1

emailed) and email notice was provided to 21,595 current customers with a delivery rate of 100% (21,595 emailed; 2 returned; 2 remailed).

WHEREAS, the settlement class members have had a positive reaction to the settlement. Despite the success of the notice program in reaching class members, very few individuals have expressed displeasure with the settlement:

| | |
|---|---|
| Filed Objections | 1 |
| Claimant Correspondence | 730 |
| Timely Exclusion Requests | 331 |

WHEREAS, the settlement was the result of extensive and intensive arm's-length negotiations occurring over several years and two formal mediation sessions before experienced mediator the Honorable Edward A. Infante (Ret.) of JAMS. The settlement was further the result of substantial information exchange and close analysis of the strengths and weaknesses of the opposing side's arguments. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of written discovery, depositions, document productions, and independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against MMI, as well as the release of MMI and the Released Parties, the significant relief provided to the Settlement Class Members—in the form of a settlement in the amount of $6,500,000 —as described in the Joint Stipulation of Partial Class Action Settlement and Release, and the award of attorney's fees, and expenses requested, as well as class representative enhancements from the common fund is fair, reasonable and adequate.

[PROPOSED] ORDER GRANTING FINAL APPROVAL;
GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

2

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A. The Joint Stipulation of Partial Class Action Settlement and Release ("Joint Stipulation") is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Joint Stipulation.

B. The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over the MMI Litigation, including, without limitation, jurisdiction to approve the proposed partial settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaints in the MMI Litigation, and to dismiss the MMI Litigation on the merits and with prejudice.

C. The Court finds, for settlement purposes only and conditioned upon the entry of this Final Order and Judgment and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the MMI Class Representatives are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the MMI Class Representatives have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the MMI Class Representatives have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class

action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because the MMI Litigation is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

D. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this MMI Litigation for settlement purposes as a nationwide class action on behalf of: the collective group of (a) all MMI Class Representatives; and, (b) all Class Members who do not submit Qualifying Exclusion Forms (the "Settlement Class"). As defined in the Joint Stipulation, "Settlement Class Member" means any person who is a member of the Settlement Class.

E. The Court appoints the law firms of Cotchett, Pitre & McCarthy, LLP; Morris, Polich & Purdy, LLP; the Law Offices of Gregory S. Duncan; Garrett M. Smith PLLC; and, Michie, Hamlett, Lowry, Rasmussen & Tweel PLLC as counsel for the MMI Class ("Class Counsel"). The Court designates named Plaintiffs Janice J. Abat, Jeanne Rossean, Nancy Wilksen and Erica Hall as the representatives of the MMI Settlement Class. The Court finds that these named Plaintiffs and Class Counsel have fully and adequately represented the

[**PROPOSED**] ORDER GRANTING FINAL APPROVAL; GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

4

Settlement Class for purposes of entering into and implementing the Joint Stipulation and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

F. The Court finds that the email notice and direct mail notice in accordance with the terms of the Joint Stipulation and this Court's Preliminary Approval Order, and as explained in the declarations filed before the Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this MMI Litigation;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and (v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c) constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

(d) fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

G. The terms and provisions of the Joint Stipulation, including any and all amendments, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Joint Stipulation is fair, adequate and reasonable based on the following factors, among other things:

(a) There is no fraud or collusion underlying this settlement, and it was reached after good faith, arm's-length negotiations, warranting a presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

(b) The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. *Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement. In addition, the parties negotiated the benefits to the class *before* discussing Plaintiffs' claim to attorneys' fees. *See In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist. LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of collusion because, among other things, the parties negotiated the benefits to the class before discussing attorneys' fees).

(c) The support of Class Counsel, who are highly skilled in class action litigation such as this, and the Plaintiffs, who have participated in this

**[PROPOSED] ORDER GRANTING FINAL APPROVAL; GRANTING APPLICATION FOR FEES; AND JUDGMENT**
Case No. SACV07-1476-CJC (CTx)

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

6

litigation and evaluated the proposed settlement, also favors final approval. *See Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs*, 955 F.2d at 1291.

   (d) The settlement provides meaningful relief to the Settlement Class, including a significant financial recovery, and certainly falls within the range of possible recoveries by the Settlement Class.

   (e) The portion of the settlement class taking issue with the settlement (whether by objection or opt-out) is miniscule relative to the size of the class (0.08%, based on a class size of approximately 415,000). These low objection and opt-out numbers weigh in favor of approval. *See Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at *14 (N.D. Cal. Apr. 22, 2010) ("Court 'may appropriately infer that a class settlement is fair, adequate, and reasonable when few class members object to it'"; quoting *Create-A-Card, Inc. v. Intuit, Inc.*, No. 07-6452, 2009 WL 3073920, at *15 (N.D. Cal. Sept. 22, 2009)); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members.").

  The parties are directed to consummate the Joint Stipulation in accordance with its terms and conditions. The Court hereby declares that the Joint Stipulation is binding on all parties and MMI Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

  H. As described in the Joint Stipulation, MMI has agreed to pay $6,500,000 to be distributed to eligible MMI Class Members, after the payment of attorneys' fees, costs and representative enhancements.

  I. Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees in the amount of $1,625,000,

[**PROPOSED**] ORDER GRANTING FINAL APPROVAL; GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

7

expenses in the amount of $185,753.37, and class representative enhancements of $5,000 each to Janice J. Abat, Jeanne Rossean, Nancy Wilksen and Erica Hall ($20,000 total). The attorneys' fees are based on the amount of time class counsel reasonably expended working on this action and on evaluation of the fair percentage of the common fund to be awarded as attorneys fees. The $1,625,000 fee request is less than one-half of Class Counsel's lodestar of $3,612,384 and represents 25% of the $6,500,000 common fund created by the settlement. *See*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. Cal. 1998)(describing use of lodestar calculation and percentage of fund calculation to establish reasonable award of attorneys' fees); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)(describing factors to be considered in awarding attorneys' fees); *see also*, *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. Ariz. 1990)(establishing 25% benchmark for the award of attorneys' fees in a common fund case). Specifically, the Court finds that Class Counsel provided exceptional representation of the Class, obtained an excellent result and that the case presented a fair degree of complexity and involved relatively novel issues. *See*, *Hanlon v. Chrysler Corp.*, 150 F.3d at 1029. Furthermore, given the novelty of the issues in the litigation there existed a significant risk of nonpayment at the time the action was filed. *Id.* The record before the Court clearly demonstrates that this is a case that has been vigorously litigated by all sides over a several year period and that Class Counsel reasonably devoted substantial time and resources toward litigating the case. Although not articulated specifically in *Vizcaino*, district courts in the Ninth Circuit also consider the reaction of the class when deciding whether to award the requested fee. *In Re Heritage Bond Litigation*, 2005 U.S. Dist. LEXIS 13627, at *48 ("The presence or absence of objections from the class is also a factor in determining the proper fee award.") Here, there has been only one objections from a Class Members to the settlement (which did

[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL;
GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

8

not comply with the requirements for an objection) and no objections to counsel's fee request. MMI and the Claims Administrator shall pay such attorney's fees and expenses and class representative enhancements within ten (10) days of the Effective Date in the manner described in the Joint Stipulation. Such payment by MMI will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the MMI Litigation.

J. This Action is hereby dismissed with prejudice as to the MMI Defendants only.

K. Upon the Effective Date, the Released Claims (as that term is defined in the Joint Stipulation) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever been released, relinquished, and discharged.

L. Members of the Settlement Class who have opted out of or sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

M. The Court orders that, upon the Effective Date, the Joint Stipulation shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins MMI Class Representatives, all MMI Settlement Class Members, and all persons acting on behalf of, or in concert or participation with such MMI Class Representatives or MMI Settlement Class Members (including but not limited to the Releasing Parties), from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of MMI Class Representatives or MMI

1 Settlement Class Members, seeking to certify a class that includes MMI Class
2 Representatives or MMI Settlement Class Members, or continuing to prosecute or
3 participate in any previously filed and/or certified class action, in any lawsuit
4 based upon or asserting any of the Released Claims.  However, nothing in this
5 Order shall affect or limit the ability of persons who had debt management plans
6 with a DebtWorks credit counseling agency from continuing to prosecute non-
7 released claims relating to such debt management plans against Chase Bank USA
8 N.A., which claims are the subject of continued litigation.

9     N.    The Court has jurisdiction to enter this Final Order and Judgment.
10 Without in any way affecting the finality of this Final Order and Judgment, this
11 Court expressly retains exclusive and continuing jurisdiction over the parties,
12 including the MMI Settlement Class, and all matters relating to the administration,
13 consummation, validity, enforcement and interpretation of the Joint Stipulation
14 and of this Final Order and Judgment, including, without limitation, for the
15 purpose of:

16     (a)    enforcing the terms and conditions of the Joint Stipulation and
17 resolving any disputes, claims or causes of action that, in whole or in part, are
18 related to or arise out of the Joint Stipulation, and/or this Final Order and
19 Judgment (including, without limitation: whether a person or entity is or is not a
20 MMI Settlement Class Member; whether claims or causes of action allegedly
21 related to the MMI Litigation are or are not barred or released by this Final Order
22 and Judgment; and whether persons or entities are enjoined from pursuing any
23 claims against MMI);

24     (b)    entering such additional orders, if any, as may be necessary or
25 appropriate to protect or effectuate this Final Order and Judgment and the
26 Stipulation of Settlement (including, without limitation, orders enjoining persons

27
28 **[PROPOSED] ORDER GRANTING FINAL APPROVAL;
GRANTING APPLICATION FOR FEES; AND JUDGMENT**
Case No. SACV07-1476-CJC (CTx)

10

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP

or entities from pursuing any claims against MMI), or to ensure the fair and orderly administration of the settlement; and

      (c)   entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Joint Stipulation, the settling parties, and the MMI Settlement Class Members.

O.   Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Joint Stipulation.

P.   In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

IT IS SO ORDERED, this 28th day of February, 2011.

_____
THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE

[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL;
GRANTING APPLICATION FOR FEES; AND JUDGMENT
Case No. SACV07-1476-CJC (CTx)

11

Law Offices
COTCHETT, PITRE
& MCCARTHY, LLP