
NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARREIRO; NANCY WILKSEN; ERICA HALL; on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>CHASE BANK USA, N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY MANAGEMENT BY MAIL, INC.; and MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,<br><br>    Defendants. | Case No. SACV07-1476-CJC (ANx)<br><br>**SUPPLEMENTAL ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS CLAIMS AGAINST DEFENDANT CHASE BANK USA, N.A., CONDITIONAL CLASS CERTIFICATION FOR PARTIAL SETTLEMENT, AND APPROVAL OF CLASS NOTICE** |

## INTRODUCTION

On December 28, 2007, Plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro, Nancy Wilksen and Erica Hall (collectively "Plaintiffs") commenced this action (the "Action") on behalf of themselves and others similarly situated against Chase Bank, U.S.A., N.A and other defendants as to whom a settlement has previously been finally approved. As it pertains to Chase, the complaints filed in the Action alleged that DebtWorks, Inc. and The Ballenger Group, LLC and certain credit counseling agencies allegedly affiliated with those organizations and with their founder Andris Pukke (the "DW CCAs") and DebtWorks were all "credit repair organizations" ("CROs") as defined in 15 U.S.C. Section 1679a. The complaints further asserted that the DW CCAs' promises of non-profit status, improved credit, and that the DW CCAs would negotiate on the consumers' behalf were made fraudulently and in violation of 15 U.S.C. Section 1679b(a)(3) and (4). More particularly, the Plaintiffs claimed that the DW CCAs not only operated for the benefit of creditors like Chase, but they also received millions of dollars in direct monetary support from creditors, including Chase. The Complaint further alleged that since the only product or service the DW CCAs had to sell was the benefits that banks like Chase provided, i.e. lowered interest rates, waiver of fees and re-aging of accounts, the frauds that were practiced against the Plaintiffs and those similarly situated to them in connection with the sale of credit repair services by the DW CCAs were the direct or at least indirect result of Chase's acts, practices and/or courses of business such that Chase was liable to the named plaintiffs and the class of similarly situated persons under the provisions of 15 U.S.C. Section 1679b(a)(4).

Chase denied substantially all of the allegations in the Complaint. In January 2011, after granting the Plaintiffs' motion for leave to amend the complaint to

modify the class definition, the Court *sua sponte* issued an order to show cause why it should not grant summary judgment in favor of Chase. The Plaintiffs have argued to the Court in their Motion and Memorandum in Support of Motion for Preliminary Approval of Settlement, lodged as Document 327, that the Order to show cause changed the parties' positions and the dynamic in the ongoing settlement negotiations, resulting in a settlement of the Action. The settlement is embodied in the Stipulation and Agreement of Settlement Between Plaintiffs and Chase ("Joint Stipulation"). See Declaration of Niall P. McCarthy, Exhibit A, and Document 324-4.

Upon review and consideration of the Motion and Memorandum in Support of Motion for Preliminary Approval of Settlement and the attached documents including the Joint Stipulation which were filed with the Court on June 8 as Document 324-1 through 324-5, the Plaintiffs motion for preliminary approval of the Joint Stipulation is GRANTED.

1. The Court has carefully reviewed the Joint Stipulation, as well as the files, records, and proceedings to date in this matter. The definitions in the Joint Stipulation are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Joint Stipulation.

2. The parties have agreed to settle the Action upon the terms and conditions set forth in the Joint Stipulation, which has been filed with the Court. Except as modified by the Court's June 30, 2011 Minute Order, and the subsequent filing of the Parties' Confidential Letter Agreement, the Joint Stipulation, including all exhibits thereto, is preliminarily approved, and the Parties are Ordered to proceed in compliance with the Joint Stipulation. Plaintiffs in the Action, by and through their respective counsel, have investigated the facts and law relating to the matters alleged in their respective complaints, including extensive pretrial discovery, pretrial motions practice, legal research as to the sufficiency of the

claims, and an evaluation of the risks associated with continued litigation, trial, and/or appeal. The settlement was reached as a result of extensive arm's length negotiations between counsel for Plaintiffs, on the one hand, and counsel for Chase, on the other hand, over the course of nearly two and a half years, including three formal mediation sessions before experienced mediator the Honorable Edward A. Infante (Ret.) of JAMS, substantial information exchange, and close analysis of the strengths and weaknesses of the opposing side's arguments. The Court accepts that careful consideration has led the Plaintiffs and their counsel to conclude that the proposed class members' interests will be best served by settling so as to avoid the time, expense, and uncertainty of further litigation. Chase and its counsel have reached a similar conclusion. The settlement confers substantial benefits upon the Settlement Class, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal.

3. The Plaintiffs submitted in support of their Motion and Memorandum in Support of Motion for Preliminary Approval of Settlement a copy of an order approving a very similar class in the case *Polacsek et al. v. Debticated Credit Counseling Corp.* et al, Civil No. PJM 04-0631 (D.Md.). *See* Declaration of Garrett M. Smith, Exhibit B filed as Document 324-5. The Court conditionally certifies, for settlement purposes only: a class (the "Settlement Class") of all individuals nationwide who had a debt management plan ("DMP") for which the individual paid either initial or monthly fees to DebtWorks, Inc., The Ballenger Group, LLC and/or one among the set of credit counseling agencies that were affiliated with DebtWorks, Inc. (which shall be referred to herein collectively as the "DW CCAs"[1]) . Excluded from the Settlement Class are all persons who validly

---

[1] "DW CCAs" means any credit counseling agency affiliated or related at any time to Andris Pukke, Eriks Pukke Debtworks, Inc. or the Ballenger Group, including without limitation: AmeriDebt, Inc., Debticated Consumer Counseling, Inc.; A Better Way Credit Counseling, Inc.; CrediCure, Inc.; Mason Credit Counseling, Inc.; Nexum Credit Counseling, Inc.; Neway, Inc.; Debtscape, Inc.; The Credit Network, Inc.; Visual Credit Counseling, Inc.; and

request exclusion from the settlement in accordance with the Joint Stipulation by the deadline set forth in Paragraph 11(b) below.

4. The Court conditionally finds, for settlement purposes only and conditioned upon the entry of this Order and the Final Order and Judgment, and the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has exercised its discretion in conditionally certifying the Settlement Class on a nationwide basis. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

5. The Court appoints the law firms of Cotchett, Pitre & McCarthy, LLP; Morris, Polich & Purdy, LLP; Law Offices of Gregory S. Duncan; and Garrett M.

---

PreActiv, Inc. Each of these organizations entered into substantially identical "fulfillment agreements" with DebtWorks which charged the DW CCAs a fee for providing all of the "back end services" for the DW CCAs.

Smith, PLLC as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these law firms are competent and capable of exercising their responsibilities as Class Counsel. The Court designates named Plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro, Nancy Wilksen and Erica Hall as the representatives of the Settlement Class.

6. The Fairness Hearing shall be held before this Court on November 7, 2011, at 1:30 p.m., to determine whether the Joint Stipulation is fair, reasonable, and adequate and should receive final approval. The Court will rule on Class Counsel's application for an award of attorneys' fees, costs, and expenses (the "Fee Application") at that time. Papers in support of the Fee Application shall be filed 14 days in advance of the deadline to object to the settlement. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Joint Stipulation that will adjudicate the rights of the Settlement Class Members (as defined in the Joint Stipulation) with respect to the claims being settled.

7. The Court approves, as to form and content, the long form class notice, the short form class notice and the claim form attached to the Motion and Memorandum in Support of Motion for Preliminary Approval of Settlement filed on June 8 as Documents 324-1, 324-2 and 324-3 respectively. As soon as possible after the entry of this Order, if not previously completed, Chase will coordinate with the Settlement Administrator as agreed and required by the Joint Stipulation.

8. The Court finds that the Class Notice is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the manner of dissemination of the

Class Notice described in the Joint Stipulation complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class Members who would be bound by the settlement. The Court also finds that the manner of dissemination of the Class Notice complies with Rule 23(c)(2), as it is also the best practicable notice under the circumstances, provides individual notice to all Settlement Class Members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise the members of the Settlement Class of the pendency of this Action, the terms of the settlement, and their right to object to the settlement or exclude themselves from the Settlement Class.

9. Short form notices in the form of Document 324-2 shall be mailed by the Settlement Administrator 30 days after entry of this Order, and Settlement Class Members will have ninety (90) days from the entry of this Order to file a claim. Settlement Class Members shall have until 60 days after notice is initially sent to submit written Opt-Out Requests For Exclusion as provided in Section 7.4 of the Joint Stipulation. Such time is due, adequate, and sufficient. All persons or entities who properly and timely exclude themselves in writing from this settlement shall not be Settlement Class Members and shall relinquish their rights to benefits with respect to the Joint Stipulation, should it be finally approved. Chase may withdraw from the Joint Stipulation for excessive Opt-Outs as provided in Section 7.4(d).

10. Any Settlement Class Member, who has not previously opted out in accordance with the terms of the Joint Stipulation and who has filed an objection in accordance with section 7.5 of the Joint Stipulation, may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose the application of Class Counsel for an award of attorneys' fees and costs and the service awards to Plaintiffs. Settlement Class Members' failure to serve timely written objections in the manner specified in the Joint Stipulation shall

1  be grounds for the Court to summarily deny the objection, to strike the objection at
2  the request of any party, and/or to preclude the Settlement Class Member or his
3  counsel from speaking at the Final Fairness Hearing.
4        11.    In summary, the dates of performance are as follows:
5        (a)    The Class Notice shall be sent within thirty (30) days after the entry of
6  this Order;
7        (b)    Settlement Class members who desire to be excluded shall mail
8  requests for exclusion postmarked no later than 60 days after the Class Notice is
9  mailed;
10        (c)    The fee and costs petition shall be filed and served 14 days in advance
11  of the deadline to object to the settlement;
12        (d)    All objections to the Joint Stipulation and written notices of the
13  objecting class member's intention to appear at the Fairness Hearing shall be filed
14  and served no later than 60 days after the Class Notice is mailed;
15        (e)    Papers in support of final approval of the Joint Stipulation, in response
16  to objections to the Joint Stipulation and/or objections to the Fee Application shall
17  be filed 10 days in advance of the Fairness Hearing; and
18        (f)    The Fairness Hearing shall be held on November 7, 2011, at 1:30 p.m.
19        14.    In the event the Joint Stipulation is not approved by the Court, or for
20  any reason the parties fail to obtain a Final Order and Judgment as contemplated in
21  the Joint Stipulation, or the Joint Stipulation is terminated pursuant to its terms for
22  any reason or the Effective Date does not occur for any reason, then the following
23  shall apply:
24        (a)    All orders and findings entered in connection with the Joint Stipulation
25  shall become null and void and have no force and effect whatsoever, shall not be
26  used or referred to for any purposes whatsoever, and shall not be admissible or
27  discoverable in this or any other proceeding;
28

(b)  The conditional certification of the Settlement Class pursuant to this Order shall be vacated automatically, and the Actions shall proceed as though the Settlement Class had never been certified pursuant to this Joint Stipulation and such findings had never been made;

(c)  Nothing contained in this Order is, or may be construed as, a presumption, concession or admission by or against Chase or Plaintiffs of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the case as a class action;

(d)  Nothing in this Order or pertaining to the Joint Stipulation, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case; and

(e)  All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

15.  Gilardi & Co. is hereby appointed as Settlement Administrator for this settlement and shall perform all of the duties of the Settlement Administrator set forth in the Joint Stipulation.

16.  Class Counsel and Chase's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order or the Joint Stipulation, including making, without further approval of the Court, minor changes to the Class Notice, Exclusion Form, and other exhibits that they jointly agree are reasonable or necessary.

17. All provisions of the Joint Stipulation not addressed specifically in the Order are preliminarily approved pending the Fairness Hearing, and the Parties are Ordered to proceed in compliance with the Joint Stipulation.

DATED: July 11, 2011

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

9