JOSEPH W. COTCHETT (SBN 36324)
NIALL P. MCCARTHY (SBN 160175)
ANNE MARIE MURPHY (SBN 202540)
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone: (650) 697-6000
Facsimile: (650) 692-3606
Email: nmccarthy@cpmlegal.com
       amurphy@cpmlegal.com

DAVID VENDLER (SBN 146528)
**MORRIS, POLICH & PURDY, LLP**
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile: (213) 488-1178
Email: dvendler@mpplaw.com

*Attorneys for Plaintiffs*                    *Additional Plaintiffs' Counsel on Signature Page*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARRIERO; NANCY WILKSEN; on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE & CO.; CHASE MANHATTAN BANK USA, N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY MANAGEMENT BY MAIL, INC.; and MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,<br><br>Defendants. | Case No. SACV 07-1476 CJC (ANx)<br><br>Assigned to: Hon. Cormac J. Carney<br><br>**DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT**<br><br>Date:     November 7, 2011<br>Time:    1:30 p.m.<br>Crt. Rm: 9-B |

## DECLARATION OF NIALL P. McCARTHY

I, NIALL P. McCARTHY, declare and say as follows:

1. I am an attorney admitted to practice before all courts of the State of California, and am a partner at the law firm of Cotchett, Pitre, & McCarthy, LLP ("CPM"), Co-Lead Counsel for Plaintiffs and the Class members in this proceeding. I make this declaration of my own personal knowledge, and, if called as a witness, I could and would competently testify to the matters stated below.

2. I submit this declaration in support of Plaintiffs' Application for Attorneys Fees, Expenses, and Class Representative Enhancements.

3. I am a graduate of the University of California at Davis, and Santa Clara University School of Law. Since 1992, I have practiced with CPM, focusing on class action litigation and consumer protection cases.

4. CPM is experienced in handling complex litigation, and is presently serving as lead class counsel in numerous class actions, as well as lead counsel in other complex litigation. CPM has a long history of successful class action results. The law firm has served as lead and/or trial counsel in class actions and/or complex cases including, among others, the following:

- *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* (C.D. Cal., Case No. 8:10ML2151 JVS (FMOx), MDL 2151) (current Co-Lead Counsel);

- *In re Ocwen Federal Bank Mortgage Servicing Litigation* (N.D. Ill., Case No. Case No. 04-cv-2715, MDL Docket No. 1604) (current Co-Lead Counsel for MDL proceeding);

- *In re: BP P.L.C., Securities Litigation* (S.D. Tx., Case No. No. 10-md-2185) (current Co-Lead Counsel);

- *In re Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation* (N.D. Cal., Case No. M:05-CV-01699-CRB, MDL 1699) (designated as trial counsel for Plaintiffs);

- *In re Homestore Sec. Litig.* (C.D. Cal., Master File No. 01-CV-11115 RSWL) (The firm is Class Counsel);

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION
RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)            1

- *California State Teachers' Retirement System v. AOL Time Warner* (Los Angeles Superior Court, Case No. CGC-03-422609);
- *California State Teachers' Retirement System v. Qwest Communications International Inc.* (San Francisco Superior Court, Case No. CV 415546);
- *In re Natural Gas Anti-Trust Cases I, II, III, IV, and V* (Price Indexing Cases) San Diego Superior Court, JCCP Nos. 4221, 4224, 4226, and 4228 (Lead Counsel for Non-Class cases);
- *Old Republic Litigation*, San Francisco Superior Court No. 993507 (Successfully tried class action and won appeal);
- *In re Household Litigation*, N.D. Cal. Case No. C-02-1240 CW;
- *In re AXA Wage and Hour Litigation* (N.D. Cal. Case No. C-06-4291 JSW) (CPM appointed as co-lead counsel); and
- *In Re Wachovia Securities, LLC Wage and Hour Litigation* (Central Dist. Cal. Case No. SACV 05-1031 DOC, MDL No. 1807) (CPM is co-lead counsel).

5. My firm is highly experienced and well-regarded in many areas of complex litigation, and is comprised of excellent attorneys and staff. Attached hereto as **Exhibit A** is a true and correct copy of the Cotchett, Pitre & McCarthy LLP current firm resume.

6. In conjunction with my work at Cotchett, Pitre & McCarthy LLP, I am also active in many educational and legal groups. I am a past chairman of the Business Litigation Section of the San Mateo County Bar Association, and am currently the President-elect for the Consumer Attorneys of California. I have been an MCLE panelist on many topics, including courtroom conduct, complex litigation, class actions, financial abuse, fundamentals of business litigation, Business and Professions Code 17200, predatory lending, qui tam actions, discovery for trial, and taking effective depositions. I have also received various awards and recognitions for my work on behalf of clients, including the Daily Journal Top 100 Lawyers of 2011.

## ATTORNEYS' FEES AND COSTS

7. This litigation involved a high degree of risk and complexity. My firm worked solely on a contingency fee basis, with no guarantee of recovery, while vigorously pursuing the

LAW OFFICES COTCHETT, PITRE & McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)   2

claims on behalf of the entire Class. This matter has required my firm to spend substantial sums and hours on this litigation that could have been spent on other matters. Such time could otherwise have been spent on other fee-generating work.

8. In working with co-counsel, we made every effort to prevent the duplication of work or inefficiencies that might have resulted from having multiple firms working on this action. Co-counsel coordinated discovery efforts and motion practice to ensure that we were working efficiently and productively. We held numerous conference calls to discuss strategy and new developments in the action, share knowledge we had obtained from our documents and depositions, and keep one another informed about the status of various projects.

9. The specific work performed by my firm included, among other things:

    a. Factual investigations and due diligence;

    b. Legal research for and preparation of complaints and briefs;

    c. Drafting and responding to pleadings, including multiple motions to dismiss, motions for summary judgement, and motions to compel;

    d. Reviewing voluminous documents produced by both MMI and Chase;

    e. Preparing and propounding discovery requests;

    f. Responding to discovery requests propounded by both MMI and Chase;

    g. Participating in numerous meet and confer conferences, and preparing motions to compel;

    h. Preparing for and participating in multiple mediation sessions;

    i. Preparing for and taking depositions of corporate representatives;

    j. Preparing for and defending depositions of Named Plaintiffs;

    l. Attending several hearings;

    m. Reviewing and assimilating documents and data discovery;

    n. Negotiating and drafting the Settlement Agreement;

    o. Preparing preliminary approval papers; and

    p. Working with the Claims Administrator in the administration of the claims.

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)    3

10. Cotchett, Pitre & McCarthy LLP began work on the case in late 2006. The firm's work in 2006 was focused on investigating the case including factual background and researching legal theories. Substantial documents from earlier credit counseling cases (*Polacsek* and *Zimmermann*) were reviewed.

11. In 2007, Cotchett, Pitre & McCarthy LLP turned its attention to researching and preparing the initial complaint and overseeing the filing of the complaint in December 2007.

12. In early 2008, my firm began focusing on discovery and establishing a discovery plan for the litigation. Also, early in the year we worked on the Rule 26 conference. This entailed collecting and organizing client files. There were brief settlement discussions in February 2008. I took the lead role in settlement negotiations throughout the case. Our firm worked on the opposition to the motion to transfer venue. Cotchett, Pitre & McCarthy LLP took the lead on protective order related issues. Discussions regarding confidentiality and protective orders were protracted and a substantial amount of time had to be spent on negotiations with opposing counsel.

13. There was significant motion practice in 2008, portions of which my firm took the lead on. Among other things we worked on formulating a response to the motion to dismiss arguments on statute of limitations grounds. We oversaw the preparation and filing of the oppositions to the motions to dismiss and transfer venue that were filed in May 2008. Following the motion to dismiss our firm took the lead in preparing the initial amendment to the complaint. When defendants again moved to dismiss (this time unsuccessfully) we again worked on the opposition briefs. Each firm handled different aspects of the arguments to avoid duplication. Among other things, we worked on the California law claims.

14. Also in 2008, document production got underway. As part of the discovery efforts, detailed negotiations began over electronically stored information (ESI) related issues. Our firm took the lead in ESI negotiations (although in later years co-counsel became more involved). We prepared and served Freedom of Information Act (FOIA) requests.

15. In early 2009, we turned our attention to taking and defending depositions, including Rule 30(b)(6) depositions of defendants. Getting the defendants' depositions on

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)     4

calendar took a significant amount of legwork. Substantial time was spent on written discovery including motions to compel and associated meet and confer efforts. Issues related to a protective order continued to be negotiated. I played an active role in drafting discovery requests to the Defendants.

16. We took the lead in setting up a document depository for purposes of document review going forward and establishing review protocols. (We implemented a web-based document depository that allowed access and review by each of the co-counsel firms. This allowed streamlined review throughout the litigation and allowed my firm to assign portions of document productions to each firm for review.) Detailed ESI negotiations with Defendants continued in 2009. In connection with these negotiations, my firm took the lead in preparing a comprehensive list of search terms to be run against defendants data.

17. My firm also engaged in witness interviews, including discussions with a former MMI employee who provided documents and a declaration to support plaintiffs' allegations against MMI. Ms. Murphy of my office traveled to Oregon to meet in-person with the former employee. Large-scale document review efforts also began in 2009. Throughout the document review process, each co-counsel firm had a carefully defined role to avoid unnecessary expense and duplication.

18. A significant amount of paralegal time was devoted to review of the voluminous electronic productions received from the defendants as well as the smaller productions received from third-parties. We were in charge of making sure that the review process was well organized and efficiently run, and oversaw the assignment of specific bates-ranges of documents to each firm and paralegal and attorney who assisted in the review.

19. I took Chase 30(b)(6) depositions in Philadelphia in July 2009. Significant work went into preparing for each deposition, including preparation of questions and review of portions of the defendants' document productions. In October 2009, the first Class Representative deposition was held in Juneau, Alaska. Ms. Murphy prepared for and defended the deposition.

LAW OFFICES COTCHETT, PITRE & McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx) — 5

20. The 30(b)(6) depositions continued in 2010. Early in the year, we traveled to Texas for depositions. In January 2010, we deposed Ivan Hand, MMI's CEO. Again, significant work went into preparing for the depositions. The majority of the class representative depositions also took place in January 2010 in Los Angeles. In each case, time was spent preparing our clients for the depositions, reviewing the client's documents and attending and defending the depositions. Ms. Murphy of my office took the lead on half the depositions and Mr. Vendler took the lead on the other half.

21. Negotiations over ESI continued into 2010. As in the year previous, there was substantial paralegal time spent on reviewing the voluminous documents produced by defendants.

22. Our firm took the lead in negotiating the settlement terms with MMI and we worked on the motion for preliminary approval. Our firm was also involved in discovery meet and confer efforts that lead to further motion practice. I as well as Mr. Berger of my office worked on opposing Chase's motion for partial summary judgment. I attended and argued at the summary judgment hearing.

23. Review of Chase's rolling production of ESI continued into 2011. Our firm has also worked on implementation of the MMI settlement and issues related to claims administration, although Mr. Smith has taken the lead role in overseeing claims administration for Class Counsel. Our firm was in charge of preparing the MMI Fee Application.

24. Mediation efforts were continued and the current settlement with Chase was reached, in principal in early 2011. However, as reflected on the docket, it took Plaintiffs and Chase many more months of work to reach the finalized settlement at the end of May. Our firm prepared a draft settlement agreement that was then negotiated primarily by our firm, with input from co-counsel. Our co-counsel, Garrett Smith, took the lead in negotiating the notice and claim form that would accompany the settlement.

25. I have overseen the assignment of work to attorneys, paralegals, and law clerks so that the necessary work would be handled as efficiently and completely as possible. In addition I have been actively involved in the drafting of pleadings as well as discovery requests. I

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)    6

personally attended and participated in depositions and hearings. In addition, I served as the primary point of contact for settlement discussions with defense counsel and I have attended each of the mediation sessions.

26. As Co-Lead Counsel, one of CPM's responsibilities throughout the litigation included gathering and maintaining updated daily time summaries and cost summaries submitted by all plaintiffs' counsel on a regular basis. Our office has maintained a summary of all time, fees and costs on a daily basis. The costs expended in this matter include expenses associated with the research, preparation, filing, and responding to the pleadings in this matter; costs associated with copying, uploading, and analyzing documents; costs associated with taking and defending depositions; and costs associated with retaining a mediator.

27. As of September 21, 2011, CPM has incurred a total of $128,716.38 in costs in this action. All of these costs and expenses were advanced by CPM with no guarantee they would ultimately be recovered, and most were costs paid out of pocket to third party vendors and court reporters. These costs were necessary in conjunction with the preparation of this litigation for the benefit of the Class. In connection with the settlement with defendant MMI earlier this year and subsequent payment from MMI in the amount of $110,763.01 for costs at that time, CPM has a total of $17,953.37 in total litigation costs still outstanding. Of course, costs continue to accrue during the claims administration period. Attached as **Exhibit B** hereto is a true and correct copy of CPM's Litigation Costs Report from the inception of this action through September 21, 2011.

28. As of September 21, 2011, CPM has incurred a total of $1,966,840.00 in fees in this action. All of these fees were advanced by CPM with no guarantee they would ultimately be recovered. Our talented team of attorneys, clerks, and paralegals has worked diligently and efficiently in preparing this litigation. Our attorneys have committed a combined amount 2,252 hours while our clerks and paralegals have together worked 3,115.5 hours. The majority of the hours accrued by attorneys have been by our associates, who charge rates between $360 and $415 per hour, which is customary in the industry. Our paralegal rates range between $225 and $250,

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx)    7

which is also customary in this area. A true and correct copy of a summary of these hours is attached as **Exhibit C** hereto.

29. Based on experience in many other class actions, I estimate Co-Lead Counsel will spend an additional 5%-10% of their total time in the future dealing with matters related to the settlement, including class member inquiries, claims administration, and other issues related to the implementation of the settlement.

30. My firm recovered only a portion of its fees and costs as part of the MMI settlement. Specifically, my firm recovered $617,500 in fees and $110,763.01 in costs, leaving $1,349,340 in fees and $17,953.37 in costs unrecovered.

## HISTORY OF THE ACTION

31. The parties have vigorously litigated this action for nearly four years, having been subject to motions to dismiss, a motion to transfer venue, motions for summary judgment, a *sua sponte* order to show cause regarding summary judgment, motions for protective orders as well as extensive discovery including interrogatories, document production, depositions, and related motions to compel. Over 125,000 pages of material have been produced by Chase, MMI, and third parties. The twelve depositions taken in this matted have included those of all seven Class Representatives and high level employees of both Chase and MMI.

32. Extensive written discovery has been propounded and responded by all parties.

33. The parties have also engaged in prolonged negotiations regarding the productions of ESI in connection with document discovery. Multiple detailed discussions took place over a two year period, in which each party's technical advisors participated. The results of these negotiations have been lengthy search term lists and production protocols.

34. Both Plaintiffs and Defendants served extensive document subpoenas and records requests, including among them FOIA requests on third parties, government records regarding complaints against Defendants, Better Business Bureau records regarding the business practices of Chase and MMI, records of various companies in the credit counseling industry, and records of a former MMI employee. Often, the third-party discovery was contentious and extensively negotiated between counsel.

LAW OFFICES
COTCHETT,
PITRE &
MCCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx) — 8

35. Plaintiffs also interviewed consumers and former employees to further investigate business practices, and obtained declarations from potential witnesses. In particular, Plaintiffs' counsel traveled to Oregon to interview and obtain records and a declaration from a former MMI employee.

36. The first discussions of settlement commenced in February 2008 and persisted over the subsequent three years. The Settlement with Chase was reached after significant exchange of documents and information, and extensive arms-length negotiations. Plaintiffs and Chase participated in multiple mediation sessions with Hon. Edward Infante (Ret.), whom I know to be an experienced and well-respected mediator of class actions. These mediations and extended negotiations produced a settlement in principle that formed the basis for the Stipulation and Agreement of Settlement Between Plaintiffs and Chase.

37. I personally participated in the settlement negotiations with Chase, all of which were at arm's-length. As discussed above, the parties reached settlement only after countless contentious negotiations, spread over several years, and the formal and informal exchange of significant amounts of relevant information and data.

38. Based on this factual investigation, and our vast collective experience in consumer protection class actions, I and other counsel for Plaintiffs were well prepared to negotiate and enter into the proposed settlement.

39. Based on Plaintiffs' counsel continued advocacy for our class representatives and class members, the extensive efforts exhibited throughout the discovery process, mediations, preliminary approval, and the preliminary settlement administration process, and the vast collective experience in consumer class actions, I and counsel for Plaintiffs respectfully submit our attorney/paralegal time and costs to the court for approval.

///
///
///

LAW OFFICES COTCHETT, PITRE & McCARTHY, LLP

DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT; Case No. SACV 07-1476 CJC (ANx) — 9

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 23rd day of September 2011 at Burlingame, California.

/s/ Niall P. McCarthy
Niall P. McCarthy, Declarant
**COTCHETT, PITRE & McCARTHY**
*Attorneys for Plaintiffs*

*Additional Plaintiffs' Counsel*

Gregory S. Duncan
**LAW OFFICES OF GREGORY S. DUNCAN**
412 East Jefferson Street
Charlottesville, VA 22902
Telephone: (434) 979-8556
Facsimile: (434) 979-9766
*Attorneys for Plaintiffs*
*(Admitted Pro Hac Vice)*

Garrett M. Smith
**GARRETT M. SMITH, PLLC**
100 Court Square, Suite A
Charlottesville, VA 22902
Telephone: (434) 293-4444
Facsimile: (434) 293-7914
*Attorneys for Plaintiffs*
*(Admitted Pro Hac Vice)*

Gary W. Kendall
**MICHIE HAMLETT PLLC**
500 Court Square, Suite 300
Charlottesville, VA 22902
Telephone: (434) 951-7200
Facsimile: (434) 951-7218
*Attorneys for Plaintiffs*
*(Admitted Pro Hac Vice)*

LAW OFFICES
COTCHETT,
PITRE &
McCARTHY, LLP

**DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF ATTORNEYS' FEE APPLICATION RELATING TO CHASE SETTLEMENT**; Case No. SACV 07-1476 CJC (ANx)   10

# PROOF OF SERVICE

*Abat, et al. v. JP Morgan Chase & Co., et al.*
USDC, Central District of California, Case No. SACV 07-1476 CJC (ANx)

    I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

    On September 23, 2011, pursuant to the Court's Electronic Filing System, I submitted an electronic version of the following document(s) via file transfer protocol to ECF (Electronic Case Filing)

**DECLARATION OF NIALL P. McCARTHY IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEE APPLICATION RELATING TO THE CHASE SETTLEMENT**

and true copies of these documents were served electronically upon all counsel of record by the Court's CM/ECF System, or if such service is not authorized, by first class mail, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on September 23, 2011, at Los Angeles, California.

_____
Mineeh P. Lapid

L0169080.DOC