JOSEPH W. COTCHETT (SBN 36324)
jcotchett@cpmlegal.com
NIALL P. MCCARTHY (SBN 160175)
nmccarthy@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
840 Malcolm Road, Suite 200
Burlingame, California 94010
Telephone:   (650) 697-6000
Facsimile:   (650) 692-3606

DAVID VENDLER (SBN 146528)
dvender@mpplaw.com
**MORRIS POLICH & PURDY** LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

[Additional Plaintiffs' Counsel on Signature Page]

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JANICE J. ABAT; ILDIKO NYLEN; JEANNE ROSSEAN; LINDA SHAKESPEARE; SHANNON CARRIERO; NANCY WILKSEN;** on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**JPMORGAN CHASE & CO.; CHASE MANHATTAN BANK USA, N.A.; MONEY MANAGEMENT INTERNATIONAL, INC.; MONEY MANAGEMENT BY MAIL, INC.;** and **MONEY MANAGEMENT INTERNATIONAL FINANCIAL EDUCATION FOUNDATION,**<br><br>Defendants. | Case No. SACV 07-1476 CJC (ANx)<br><br>~~[Proposed]~~ **ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES**<br><br>Date:      November 7, 2011<br>Time:      1:30 p.m.<br>Ctrm.:     "9-B"<br>Judge:     Hon. Cormac J. Carney |

1

~~[Proposed]~~ ORDER:  (1) FINALLY APPROVING SETTLEMENT OF
CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2)
GRANTING MOTION FOR ATTORNEYS' FEES

SACV 07-1476 CJC (ANx)

On November 7, 2011 at 1:30 pm before Honorable Cormac J. Carney in Courtroom "9B" of the United States District Court, Central District of California, Plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro, Nancy Wilksen and Erica Hall (collectively, the "Chase Named Plaintiffs" or "Chase Class Representatives"), individually and as class representatives, moved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for Orders:  (1) granting their motion for final approval of their settlement with Chase Bank USA N.A. ("Chase"), as more fully reflected in the parties' "STIPULATION AND AGREEMENT OF SETTLEMENT BETWEEN PLAINTIFFS AND CHASE" (Docket No. 324-4) ("Joint Stipulation"); and (2) granting their motion for attorneys' fees (Docket No. 337).[1]

WHEREAS, by order dated July 11, 2011, this Court granted preliminary approval of the proposed class action settlement between the Chase Named Plaintiffs and Chase. (Docket No. 335).

WHEREAS, the Court also provisionally certified a nationwide Settlement Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on November 7, 2011 at 1:30 p.m.

WHEREAS, on November 7, 2011, the Court in fact held a duly noticed final fairness hearing to consider: (1) whether the terms and conditions of the Stipulation of Settlement were fair, reasonable and adequate; (2) whether a judgment should be entered dismissing the Chase Named Plaintiffs' complaint against Chase on the merits and with prejudice in favor of Chase and against all persons or entities who are Settlement Class Members; and (3) whether and in what amount to award attorney's fees and expenses to

---

[1] Although styled as a "partial" settlement, the approval of this settlement will conclude the case in its entirety as the Court earlier finally approved the partial settlement with Chase's co-defendant, MMI.

**[Proposed]** ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES                    SACV 07-1476 CJC (ANx)

counsel for the Settlement Class and enhancement awards to the Chase Named Plaintiffs out of the $4,900,000 common fund created by the settlement.

WHEREAS, the Court considered all matters submitted to it at the hearing and found the settlement to be fair, reasonable, and in the best interest of the members of the class, and it appears that due and adequate notice was provided to the Settlement Class substantially in the form and manner approved by the Court.

Per the declaration of Tricia M. Solorzano (the "Solorzano Declaration"), the Court has been informed that notice was provided to all known former customers of DebtWorks, Inc.  Specifically, direct email notice was provided to 289,647 class members and post-card notice was sent to 415,424 persons (which includes persons where the initial email notice was "bounced back.")  The Court is satisfied from the statistics provided in the Solorzano Declaration that the notice that was provided to the class was adequate and was conducted through the best method practicable under the circumstances of this case.

WHEREAS, the Settlement Class Members have had a positive reaction to the settlement.  No objections to the settlement have been received by the Court even though the notice program was clearly successful in reaching class members -- as evidenced by the number of persons who filed claims (over 31,000), who visited the class website (over 45,000), and who telephoned the class administrator (over 21,000).  In addition to there being no objectors to the settlement, only 36 persons requested to be excluded from the settlement.

WHEREAS, the settlement was the result of extensive and intensive arm's length negotiations occurring over several years and three formal mediation sessions before experienced mediator the Honorable Edward A. Infante (Ret.) of JAMS.  The settlement was the result of substantial information exchange and close analysis of the strengths and weaknesses of the opposing side's arguments.  The Court also notes that counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks

3

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES

SACV 07-1476 CJC (ANx)

inherent in this Action.   The extent of written discovery, depositions, document productions, and independent investigations by counsel for the Parties, and the factual record compiled, suffice to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement.

WHEREAS, the Court has determined that the proposed settlement of the claims of the Settlement Class Members against Chase, as well as the release of Chase and the significant relief provided to the Settlement Class Members—in the form of a settlement in the amount of $4,900,000—as described in the Joint Stipulation (and the award of attorney's fees, and expenses requested, as well as class representative enhancements from the common fund) is fair, reasonable and adequate.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

A.      The Joint Stipulation is expressly incorporated by reference into this Final Order and Judgment and made a part hereof for all purposes. Except where otherwise noted, all capitalized terms used in this Final Order and Judgment shall have the meanings set forth in the Joint Stipulation.

B.      The Court has personal jurisdiction over the Parties and all Settlement Class Members, and has subject-matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed partial settlement, to grant final certification of the Settlement Class, to settle and release all claims arising out of the transactions alleged in Plaintiffs' complaint in the Action, and to dismiss the Action on the merits and with prejudice.

C.      The Court finds, for settlement purposes only and conditioned upon the entry of this Final Approval Order and Judgment and upon the occurrence of the Effective Date, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of

4

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF          SACV 07-1476 CJC (ANx)
CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2)
GRANTING MOTION FOR ATTORNEYS' FEES

law and fact common to the Settlement Class; (c) the claims of the Chase Named Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) the Chase Named Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and the Chase Named Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because the Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. See *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). In making these findings, the Court has considered, among other factors: (i) the interests of Settlement Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum. The Court takes guidance in its consideration of certification and settlement issues from *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998).

D.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Action for settlement purposes as a nationwide class action on behalf of: "all individuals nationwide who had a DMP for which the individual paid either initial or monthly fees to DebtWorks, Inc., the Ballenger Group or any of the DW CCAs" who did not exclude themselves (the "Settlement Class").

E.      Settlement Class Members had the right to exclude themselves by way of the opt-out procedure set forth in the Preliminary Approval Order.  Excluded from the

5

**[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES**                    SACV 07-1476 CJC (ANx)

Settlement Class are those persons who validly and timely requested exclusion from the Settlement Class by way of the opt-out procedure, as identified in Exhibit 1 hereto (the "Opt-Outs"). No objections were filed by any Settlement Class Members.

F. The Court appoints the law firms of Cotchett, Pitre & McCarthy, LLP; Morris, Polich & Purdy, LLP; the Law Offices of Gregory S. Duncan; Garrett M. Smith PLLC; and Michie, Hamlett, Lowry, Rasmussen & Tweel PLLC as counsel for the MMI Class ("Class Counsel"). The Court designates all of the Chase Class Representatives as the representatives of the Settlement Class. The Court finds that these named Plaintiffs and Class Counsel have fully and adequately represented the Settlement Class for purposes of entering into and implementing the Joint Stipulation and have satisfied the requirements of Rule 23(a)(4) of the Federal Rules of Civil Procedure.

G. The Court finds that the email notice and direct mail notice in accordance with the terms of the Joint Stipulation and this Court's Preliminary Approval Order, and as explained in the Solorzano Declaration filed for the Final Fairness Hearing:

(a) constituted the best practicable notice to Settlement Class Members under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of this class action, (ii) their right to exclude themselves from the Settlement Class and the proposed settlement, (iii) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Settlement Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' and representative fees), (iv) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and

6

(v) the binding effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all persons and entities who do not request exclusion from the Settlement Class;

(c)  constituted reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice;

(d)  fully satisfied the requirements of the Federal Rules of Civil Procedure, including Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act of 2005, the Rules of this Court, and any other applicable law; and

(e)  Chase's Counsel has filed with the Court proof of compliance with the Class Action Fairness Act of 2005.

H.   The terms and provisions of the Joint Stipulation, including any and all amendments, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, the Plaintiffs and the Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.  The Court finds that the Joint Stipulation is fair, adequate and reasonable based on the following factors, among other things:

(a)  There is no fraud or collusion underlying this settlement, and it was reached after good faith, arm's-length negotiations, warranting a presumption in favor of approval. *Officers for Justice v. Civil Serv. Comm'n.*, 688 F.2d 615, 625 (9th Cir. 1982).

(b)  The complexity, expense and likely duration of the litigation favor settlement on behalf of the Settlement Class, which provides meaningful benefits on a much shorter time frame than otherwise possible. *Class*

7

*Plaintiffs v. Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (the Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned"). Based on the stage of the proceedings and the amount of investigation and discovery completed, the parties had developed a sufficient factual record to evaluate their chances of success at trial and the proposed settlement. In addition, the parties negotiated the benefits to the class before discussing Plaintiffs' claim to attorneys' fees. See *In re Apple Deriv. Litig.*, No. 06-4128, 2008 U.S. Dist. LEXIS 108195, at *11-12 (N.D. Cal. Nov. 5, 2008) (parties' negotiations free of collusion because, among other things, the parties negotiated the benefits to the class before discussing attorneys' fees).

(c)   The support of Class Counsel, who are highly skilled in class action litigation (and specifically CROA litigation such as this), and the Plaintiffs, who have participated in this litigation and evaluated the proposed settlement, also favors final approval. See *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979); *Class Plaintiffs*, 955 F.2d at 1291.

(d)   The settlement provides meaningful relief to the Settlement Class, including a significant financial recovery, and certainly falls within the range of possible recoveries by the Settlement Class.

(e)   There have been no objections filed to the settlement and the number of persons who opted out (36) is miniscule in comparison to the size of the class.  The absence of any objection to the settlement, and the low opt-out numbers weigh in favor of approval. See *Garner v. State Farm Mut. Auto. Ins. Co.*, No. 08-1365, 2010 WL 1687832, at *14 (N.D. Cal. Apr.

8

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF
CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2)
GRANTING MOTION FOR ATTORNEYS' FEES

SACV 07-1476 CJC (ANx)

22, 2010) ("Court 'may appropriately infer that a class settlement is fair, adequate, and reasonable when few class members object to it'"; quoting *Create-A-Card, Inc. v. Intuit, Inc.*, No. 07-6452, 2009 WL 3073920, at *15 (N.D. Cal. Sept. 22, 2009)); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."). The parties are thus directed to consummate the Joint Stipulation in accordance with its terms and conditions. The Court hereby declares that the Joint Stipulation is binding on all parties and Settlement Class Members, and it is to be preclusive in all pending and future lawsuits or other proceedings.

I.    As described in the Joint Stipulation, Chase has agreed to pay $4,900,000 to be distributed to eligible Settlement Class Members, after the payment of attorneys' fees, costs and representative enhancements.

J.    Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, the Court hereby awards Class Counsel attorneys' fees in the amount of $1,715,000, unreimbursed costs in the amount of $20,259.93 and the Chase Named Plaintiffs' enhancement payments in the amount of $5,000 each. The Court notes that the attorneys' fees are somewhat higher than the 25 percent-of-the-common-fund that courts have generally established as a benchmark for reasonableness. However, the Court believes that the fees being requested are reasonable given the factors that Courts traditionally evaluate in setting a fee.

First, there is no question that the theory of liability being advanced against Chase was novel, that the risk undertaken by counsel was high, and that the results were substantial ($4.9 million dollars). The record before the Court clearly demonstrates that

this is a case that has been vigorously litigated by all sides over a four-year period and that Class Counsel devoted substantial time and resources toward litigating the case and the Court notes their work was consistently of superior quality.

Second, the 25% benchmark is just that, a benchmark. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir 2002) ("The 25% benchmark rate, although a starting point for analysis, may be inappropriate in some cases. Selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case."). When the fee request is considered as part of this case as a whole, i.e. including the prior settlement with the MMI parties, the Chase Named Plaintiffs are asking for only twenty-nine (29%) percent of the total common fund as fees. Perhaps most significantly, their request is only equal to 89% of Class Counsel's actual lodestar. Further, the Court notes that as compared with the efforts that were required against MMI, the docket reveals that more effort was required to get the case to the point where it could be resolved against Chase.

Finally, although not articulated specifically in *Vizcaino*, district courts in the Ninth Circuit also traditionally consider the reaction of the class when deciding whether to award the requested fee. *In Re Heritage Bond Litigation*, 2005 U.S. Dist. LEXIS 13627, at *48 ("The presence or absence of objections from the class is also a factor in determining the proper fee award.") Here, there have been no objections from any Settlement Class Members to the settlement fee request.

For all of these reasons, the Court finds that the $1,715,000, which is 35% of-the-common-fund for this portion of the Chase portion of the settlement, is reasonable. See, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. Cal. 1998)(describing use of lodestar calculation and percentage of fund calculation to establish reasonable award of attorneys' fees);

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF          SACV 07-1476 CJC (ANx)
CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2)
GRANTING MOTION FOR ATTORNEYS' FEES

Chase through the Claims Administrator shall pay such attorney's fees, unreimbursed costs and expenses and class representative enhancements within ten (10) days of the Effective Date in the manner described in the Joint Stipulation. Such payment by Chase will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover, and this amount shall be inclusive of all fees and costs of Class Counsel in the Action.

K.     This Action is hereby dismissed with prejudice, with the Court retaining jurisdiction to effectuate this Order and settlement.

L.     Upon the occurrence of the Effective Date, the Released Claims (as that term is defined in the Joint Stipulation) shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally and forever been released, relinquished, and discharged.

M.     Members of the Settlement Class who have sought exclusion from the settlement by the date set by the Court do not release their claims and will not obtain any benefits of the settlement.

N.     The Court orders that, upon the Effective Date, the Joint Stipulation shall be the exclusive remedy for any and all Released Claims of Settlement Class Members. The Court thus hereby permanently bars and enjoins the Chase Named Representatives, all Settlement Class Members , and all persons acting on behalf of, or in concert or participation with such Chase Named Representatives or Settlement Class Members, from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, or participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; (b) bringing a class action on behalf of the Chase Class Representatives or Settlement Class Members, seeking to certify a class that includes Settlement Class Members, or continuing to prosecute or participate in any previously filed

11

and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims. However, nothing in this Order shall affect or limit the ability of persons who had debt management plans with a DebtWorks credit counseling agency from continuing to prosecute or initiating nonreleased claims against Chase.

     O.    The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the parties, including the Settlement Class Members, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Joint Stipulation and of this Final Order and Judgment, including, without limitation, for the purpose of:

    (a)   enforcing the terms and conditions of the Joint Stipulation and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Joint Stipulation, and/or this Final Order and Judgment (including, without limitation: whether a person or entity is or is not a Settlement Class Member; whether claims or causes of action allegedly related to the Action are or are not barred or released by this Final Order and Judgment; and whether persons or entities are enjoined from pursuing any claims against Chase);

    (b)   entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order and Judgment and the Joint Stipulation (including, without limitation, orders enjoining persons or entities from pursuing any claims against Chase), or to ensure the fair and orderly administration of the settlement; and (c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Joint Stipulation, the settling parties, and the Settlement Class Members.

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES    SACV 07-1476 CJC (ANx)

P.     This Final Approval Order, the Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to or in furtherance thereof:

(a)   are not intended by the Court to be offered or received against the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by the Released Parties as to the truth or relevance of any fact alleged by the Chase Named Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Third Amended Complaint or in any other litigation, or the deficiency of any defense that has been or could have been asserted in the Third Amended Complaint or in any other litigation, or of any liability, negligence, fault, or wrongdoing of the Released Parties;

(b)   are not intended by the Court to be construed as or deemed to be evidence of, any admission or concession of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to the Agreement, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Agreement, except that the Released Parties may refer to it to effectuate the liability protection granted them thereunder;

(c)   are not intended by the Court to be construed against Chase as an admission or concession that the consideration to be given under the Agreement represents the amount which could be or would have been recovered after trial.

13

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2) GRANTING MOTION FOR ATTORNEYS' FEES          SACV 07-1476 CJC (ANx)

Q. The Released Parties may file the Agreement and/or this Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim to any Released Claims based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar, reduction, set-off or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

R. As of the date of entry of the Preliminary Approval Order, Plaintiffs and Settlement Class Members are deemed to have waived Section 1542 of the California Civil Code and any comparable, or similar provisions, rights and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member are deemed to understand the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member are further deemed to understand that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, and to knowingly fully, finally and forever release all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

S. Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members, either directly, representatively or in any other

14

capacity, are enjoined from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims, provided, however, that this injunction shall not apply to non-released claims of Opt-Outs.

T.    Without further order of the Court, the settling parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Joint Stipulation.

U.    In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order and Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

V.    There is no just reason for delay in the entry of this Final Approval Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.


IT IS SO ORDERED, this 7th day of November, 2011.

_____

THE HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT COURT JUDGE

[Proposed] ORDER:  (1) FINALLY APPROVING SETTLEMENT OF          SACV 07-1476 CJC (ANx)
CLASS CLAIMS WITH CHASE BANK USA, N.A.; AND (2)
GRANTING MOTION FOR ATTORNEYS' FEES