UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

JS-6

Case No. SAC 07-1476-CJC(ANx)                                        Date: November 7, 2011

Title:  JANICE J. ABAT, ET AL. V. JPMORGAN CHASE & CO., ET. AL.

PRESENT:

**HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE**

Michelle Urie                                                           N/A
Deputy Clerk                                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                                     None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION FOR (1) CLASS CERTIFICATION FOR SETTLEMENT (2) FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (3) ATTORNEYS' FEES AND COST AND ENHANCEMENT AWARD** [filed 09/23/11 and 10/28/11]

**Introduction**

On December 28, 2007, Plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro, Nancy Wilksen, and Erica Hall (collectively, "Chase Named Plaintiffs") commenced this putative class action on behalf of themselves and others similarly situated against Defendants Money Management International, Inc., Money Management by Mail, Inc., and Money Management International Financial Education Foundation (collectively, "MMI") and Chase Bank USA, N.A. ("Chase"), alleging violations of the federal Credit Repair Organizations Act ("CROA"), Fair Debt Collection Practices Act ("FDCPA"), as well as state statutory and common law claims. On February 28, 2011, this Court granted final approval to a partial settlement between MMI and the named plaintiffs and class members who had participated in debt management plans ("DMP") with MMI. (Ct. Order, Feb. 28, 2011, Dkt. No. 310.) The partial settlement did not include any of the Chase Named Plaintiffs' claims against Chase. (*See id.*) On July 11, 2011, the Court granted Chase Named Plaintiffs motion to (1) conditionally certify partial settlement of the class claims against Chase, (2)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01476-CJC(CTx)                 Date: November 7, 2011
                                                                                           Page 2

preliminarily approved a $4.9 million-dollar partial settlement, (3) directed distribution of class notices, and (4) set a hearing for final approval of class settlement for November 7, 2011. (Ct. Order, Dkt. No. 334, July 11, 2011.) Currently before the Court is Chase Named Plaintiffs' motion for final approval of class certification for settlement purposes and settlement agreement and motion for attorneys' fees, costs, and enhancement award, which settle the remaining portion of this class case by settling claims against Chase. The motions came on hearing on November 7, 2011 at 1:30 p.m. (Dkt. Nos 337, 344.) For the reasons provided below, the Court GRANTS Chase Named Plaintiffs' motions.

**Preliminary Approval of the Settlement**

The Court relies on its previous Orders for the factual and procedural background of this action. (*See* Ct. Orders, Dkt. Nos. 334, 335, July 11, 2011.) On July 11, 2011, the Court preliminarily certified for partial settlement purposes a class that includes "all individuals nationwide who had a DMP for which the individual paid either initial or monthly fees to Debtworks., Inc., the Ballenger Group or any of the DW CCAs," pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3). (Ct. Order, Dkt. No. 334, July 11, 2011, at 5–10.) The Court preliminarily approved the proposed settlement agreement ("Stipulation and Agreement of Settlement between Plaintiffs and Chase," Dkt. Nos. 324-4), as fundamentally fair, reasonable, and accurate under *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). (*Id.* at 10–13.) However, with regard to the requested attorneys' fees of up to $1,715,000 and up to $75,000 in costs, the Court requested submission of substantial evidence to justify this requested award in a separately filed motion to be heard at the same time as the final approval of the settlement. (*Id.*) The Court further approved the Chase Named Plaintiffs' proposed form and manner of notice of the settlement to absent class members, but directed the parties to include the information about the opt-out limit of 5000 class members in the longer-form notice submitted as Exhibit 1. (*Id.*, at 13–14.) The Court also directed the settlement administrator, Gilardi & Co., to send out the proposed notices of settlement, together with the claim forms, to all class members no later than 30 days after the date of the Court's Order. (*Id.* at 14; Ct. Order, Dkt. No. 335, ¶ 15.) The settlement class members had ninety (90) days from the entry of the Order to file a claim, and sixty (60) days after notice was initially sent to submit written opt-out requests for exclusion as provided in Section 7.4 of the Joint Stipulation. (Ct. Order, Dkt. No. 335, ¶ 9.) The Court appointed the law firms of Cotchett, Pitre & McCarthy, LLP; Morris, Polich & Purdy, LLP; Law Offices of Gregory S. Duncan; and Garrett M. Smith, PLLC as counsel for the class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01476-CJC(CTx)  Date: November 7, 2011
Page 3

("Class Counsel"). (*Id.* ¶ 5.) The Court designated as named Plaintiffs Janice J. Abat, Ildiko Nylen, Jeanne Rossean, Linda Shakespeare, Shannon Carreiro, Nancy Wilksen, and Erica Hall as the representatives of the settlement class. (*Id.*) The Court set the fairness hearing on final approval of the settlement for November 7, 2011 at 1:30 p.m. (Ct. Order, Dkt. No. 334, at 15.) Finally, the Court directed fee and costs petition to be filed 14 days before the fairness hearing on November 7, 2011 and papers in support of final approval of the settlement agreement to be submitted ten (10) days before the fairness hearing. (Ct. Order, Dkt. No. 335, ¶ 11(c), (e).) Plaintiffs filed timely fee and costs petition and application for final approval of the settlement agreement. (Dkt. Nos. 337, 344.)

**Discussion**

When the parties reach a settlement agreement prior to class certification, the Court must "peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). Accordingly, the Court will first assess the propriety of class certification, followed by the fairness of the settlement agreement, and then will examine the issues of attorney's fees and costs and class representative enhancement.

**A. Class Certification**

A plaintiff seeking class certification must satisfy two sets of requirements under Federal Rule of Civil Procedure 23: (1) the four requirements under Rule 23(a) concerning numerosity, commonality, typicality, and adequacy, and (2) the requirement that the action fall within one of the three "types" of classes described under the subsections of Rule 23(b). In this case, Chase Named Plaintiffs seek certification pursuant to Rule 23(b)(3), which allows certification if "the court finds the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. CIV. P. 23(b)(3). The Court previously concluded that Chase Named Plaintiffs had presented sufficient evidence to show that the proposed class satisfied the numerosity, commonality, typicality, and adequacy requirements under Rule 23(a) as well as the predominance and superiority requirements under Rule 23(b)(3). Having reviewed those elements again, the


**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 07-01476-CJC(CTx)                              Date: November 7, 2011
                                                             Page 4

Court adopts its prior analysis with respect to class certification. Accordingly, the Court GRANTS certification of the class for purposes of partial settlement.

### B. The Settlement

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998). Federal Rule of Civil Procedure 23 "requires the district court to determine whether a proposed settlement is fundamentally fair, reasonable, and accurate." *Staton*, 327 F.3d at 959 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)). To determine whether this standard is met, a district court must consider a number of factors, including " 'the strength of the plaintiff's case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; . . . and the reaction of the class members to the proposed settlement.' " *Id.* (citing *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)). The settlement further must not be the product of collusion among the negotiating parties. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000).

The Court previously considered the *Staton* factors and concluded that the settlement was fundamentally fair, adequate, and reasonable as to the parties involved, in light of, *inter alia*, the parties' extensive discovery over two and half years, participation in three formal mediation sessions overseen by Hon. Edward A. Infante (Ret.) of JAMS, substantial information exchanged, and risks involved in continued litigation. (Ct. Order, Dkt. No. 334, July 11, 2011.) In addition, there does not appear to be any collusion between the parties in reaching the settlement. The settlement agreement was the result of arms-length negotiation between the parties. Nor are there any hints of collusion between the parties after the Court preliminarily approved class certification and the settlement agreement.

The reaction of the class members also suggests that the settlement is fair. Gilardi & Co. implemented the terms of the settlement agreement by (i) distributing the notices in accordance with the agreement; (ii) maintaining a toll-free hotline, posting case-specific documents on the settlement website, and updating each accordingly during the course of the administration; and (iii) and receiving and processing claims forms and opt-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01476-CJC(CTx)            Date: November 7, 2011
                                                                                           Page 5

outs. (Solorzano Decl. ¶¶ 3–8.) Significantly, notices were sent to more than 250,000 class members, but Gilardi & Co. received only 36 requests for exclusion and no objections to the Settlement. (*Id.* ¶¶ 13, 14.) Thus, having revisited the *Staton* factors, the Court finds that there are no deficiencies or grounds to doubt the fairness of the settlement. The Court accordingly deems the Proposed Settlement fair, adequate, and reasonable and GRANTS final approval of the settlement agreement.

### C. Attorneys' Fees and Costs

A district court has the authority and the duty to determine the fairness of attorneys' fees in a class action settlement. *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323 (9th Cir. 1999). The amount of fees to be awarded rests in the district court's sound discretion. *Evans v. Jeff D.*, 475 U.S. 717, 736 n. 26 (1986). The Ninth Circuit has approved fee awards between 3% and 40%, *see Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.4 & appendix (9th Cir. 2002), and has found 25% to a benchmark of reasonableness in common fund settlements. *Hanlon*, 150 F.3d at 1029. The Ninth Circuit has approved percentage awards in common fund cases where the class of beneficiaries is sufficiently identifiable, the benefits can be accurately traced, and the fee can be shifted with some exactitude. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989).

Here, Chase Named Plaintiffs request attorneys' fees in the amount of $1,715,000, which is 35% of the settlement fund. Although the requested amount in attorneys' fees is above the 25% benchmark set by the Ninth Circuit, the Court finds this amount reasonable given the circumstances of this action — *i.e.*, the duration of this litigation, the number and nature of motions filed, extensive discovery, multiple mediation sessions, novel and complex legal issues involved, experience and qualification of class counsel, lack of objections by class members, and the results of the settlement.

The Court also finds that the requested fee is reasonable under the lodestar method. The lodestar total baseline is calculated by multiplying the total number of hours worked by the reasonable hourly fee for such work. Chase Named Plaintiff have submitted supporting declarations by members of class counsel. (*See* Vendler Decl., Vendler Supp. Decl., McCarthy Decl., Duncan Decl., and Smith 2nd Decl.) In total, members of Class Counsel have devoted over 6,000 hours of attorney and paralegal time to the litigation of the case, with hourly rates ranging from $120 to $250 for paralegals,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01476-CJC(CTx)                          Date: November 7, 2011
                                                                                                          Page 6

$150 for law clerks, $360 to $415 for associates, and $500 to $ 900 for partners. Combining the $1,715,000 requested fee with the attorneys' fee award from the previous settlement ($1,625,000)[1] represents 85% of the total lodestar, calculated to be $3,949,835.00 (adding the lodestar from the attorneys' fee. (Vendler Supp. Decl. ¶ 5.) After reviewing class counsel's declarations, the Court finds that the work performed in connection with this case was reasonable and necessary. The hourly rates of paralegals, associates, and partners are reasonable in the Los Angeles market, given the attorneys' litigation experience in class actions.[2] The Court therefore GRANTS the request for attorneys' fees in the amount of $1,715,000. The Court also GRANTS the request reimbursement for litigation costs and expenses in the amount of $20,259.93, which is less than a third of the amount stated in the settlement agreement.

### D. Enhancement Award

The Court finds it reasonable that each Chase Named Plaintiffs receive a $5,000 settlement enhancement award. The Chase Named Plaintiffs have been actively involved in this litigation by responding to formal discovery requests and providing important declarations. (McCarthy Decl. ¶¶ 19–20; Pls.' App. for Attys.' Fees, at 17.) Further, no class member has objected to the enhancement award. The Court therefore GRANTS the motion for an enhancement award in the amount of $5,000 to each Chase Named Plaintiffs.

///
///

---

[1] (Ct. Order, Dkt. No. 310, Feb. 28, 2011.)

[2] Chase Named Plaintiff have not employed the lodestar multiplier, which is used by courts to enhance the lodestar in common fund cases to reflect the risk of non-payment. *Vizcaino*, 290 F.3d at 1051. Multipliers generally range between 2 and 4, and a multiplier that approaches 4 is not unreasonably high. *Id.* (approving a multiplier of 3.65 where counsel's hourly rates did not reflect the excellent results achieved).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 07-01476-CJC(CTx)                              Date: November 7, 2011
                                                                        Page 7

**Conclusion**

      For the foregoing reasons, Chase Named Plaintiffs' motion for final approval of the class certification for settlement purposes and settlement agreement is GRANTED. The Court also GRANTS Chase Named Plaintiffs' motion for $1,715,000 in attorneys' fees, $20,259.93 in costs, and a $5,000 enhancement fee to each Chase Named Plaintiffs.

jwp

MINUTES FORM 11
CIVIL-GEN                                                            Initials of Deputy Clerk MU